# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No. 14-2853

_____

**DANIEL LEWIS LEE**,
Appellant,

v.

**UNITED STATES**,
Appellee.

_____

On Appeal from the United States District Court
Eastern District of Arkansas
No. 4:06-cv-01608-GTE; 4:97-cr-00243-JLH-2

_____

## OPENING BRIEF OF APPELLANT
_____

MORRIS H. MOON
Bar # 24032750 (TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

KARL SCHWARTZ
Bar # 38994 (PA)
Assistant Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6545
Karl_Schwartz@fd.org

Counsel for Appellant Daniel Lewis Lee

Dated: November 17, 2014

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

This is an appeal from the denial of a Rule 60(b) motion to reopen the judgment in a capital § 2255 proceeding brought on behalf of a death-sentenced federal prisoner, Daniel Lewis Lee. The district court ruled that it was without jurisdiction to consider Mr. Lee's Rule 60(b) motion on the ground that it was a second or successive habeas petition under 28 U.S.C. § 2255, and denied the motion without prejudice. The district court granted a Certificate of Appealability ("COA") on the issue of whether Mr. Lee's Rule 60(b) motion was an improper successive habeas petition.

The district court erred in ruling that it lacked jurisdiction to consider Mr. Lee's Rule 60(b) motion. Mr. Lee's Rule 60(b) motion was a "true" 60(b) motion because it addressed a defect in the integrity of the § 2255 proceeding. As it did in the recent case of *Williams v. Delo,*[1] in which the identical issue was before it, this Court should reverse and remand for the district court to consider Mr. Lee's Rule 60(b) motion in the first instance.

Appellant respectfully requests 30 minutes of oral argument.

---

[1] No. 13-2058, Entry ID: 4078411, Slip Op. at 1-2 (8th Cir. Sep. 23, 2013) (unpublished).

i

# TABLE OF CONTENTS

SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT......................i

TABLE OF CONTENTS...............................................................................ii

TABLE OF AUTHORITIES.........................................................................iv

JURISDICTIONAL STATEMENT ...............................................................1

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ................................2

STATEMENT OF THE CASE.......................................................................3

    I.  The Capital Trial Proceeding.........................................................3

    II.   The § 2255 Proceeding ..............................................................4

    III.   The Rule 60(b) Litigation ..........................................................6

SUMMARY OF THE ARGUMENT ...............................................................9

ARGUMENT...........................................................................................11

I.  THE DISTRICT COURT HAS JURISDICTION TO HEAR THE RULE 60(b)
MOTION. ..............................................................................................11

    A.   The Definition of a "True" Rule 60(b) Motion in Habeas
    Proceedings.......................................................................................11

    B.   Mr. Lee's 60(b) Motion Fits the Definition of a "True" 60(b)
    Motion..............................................................................................14

        1.   There was a defect in the integrity of Mr. Lee's habeas
        proceeding that precluded full merits review of his habeas claim...15

        2.   Mr. Lee's 60(b) motion merely sought to remedy this defect. ...18

        3.   Numerous courts have concluded that a 60(b) motion that
        addresses a procedural barrier caused by habeas counsel's error or
        omission is a "true" 60(b) motion that challenges a defect in the
        integrity of the proceedings. .......................................................20

Appellate Case: 14-2853   Page: 3   Date Filed: 11/18/2014 Entry ID: 4217242

C. The District Court Erred as a Matter of Law in Holding that Habeas Counsel's Errors Can Never be the Basis of a "True" 60(b) Motion. ..................................................................................................24

CONCLUSION ................................................................................................29

CERTIFICATE OF COMPLIANCE ...................................................................30

CERTIFICATE OF SERVICE ...........................................................................31

Appellate Case: 14-2853    Page: 4    Date Filed: 11/18/2014 Entry ID: 4217242

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012) ...................................2, 22

*Allen v. Walsh*, 2013 U.S. Dist. LEXIS 48714 (E.D. Pa. Apr. 4, 2013) ..23

*Allen v. Walsh*, 2013 U.S. Dist. LEXIS 49688 (E.D. Pa. Mar. 15, 2013)23

*Arthur v. Thomas*, 2012 U.S. Dist. LEXIS 85563 (N.D. Ala. June 20, 2012) ........................................................................................................23

*Arthur v. Thomas*, 2014 U.S. App. LEXIS 214 (11th Cir. Jan. 6, 2014) 23

*Balentine v. Thaler*, 133 S. Ct. 2763 (2013) ...........................................22

*Barnett v. Roper*, 941 F. Supp. 2d 1099 (E.D. Mo. April 22, 2013) ........23

*Brown v. Wenerowicz*, 2012 U.S. Dist. LEXIS 175017 (E.D. Pa. Dec. 11, 2012) ........................................................................................................23

*Coleman v. Thompson*, 545 U.S. 524 (2005) ....................................25, 26

*Cook v. Ryan*, 688 F.3d 598 (9th Cir. 2012) ...........................................23

*DeJournett v. Luebbers*, 2014 U.S. Dist. LEXIS 2535 (E.D. Mo. Jan. 9, 2014) ........................................................................................................23

*Figueroa v. Walsh*, 2013 U.S. Dist. LEXIS 72693 (E.D.N.Y. May 22, 2013) ........................................................................................................24

*Fuller v. Cartlidge*, 2014 U.S. Dist. LEXIS 19541 (D.S.C. Feb. 18, 2014) ................................................................................................................24

*Glover v. Filion*, 2014 U.S. Dist. LEXIS 41350 (W.D.N.Y. Mar. 27, 2014) ................................................................................................................24

*Gonzalez v. Crosby*, 545 U.S. 524 (2005) ........................................ *passim*

*Haynes v. Thaler*, 133 S. Ct. 2764 (2013) ..............................................22

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).....12

*Klapprott v. United States*, 335 U.S. 601 (1949) ...................................12

*Martinez v. Ryan*, 566 U.S. __, 132 S. Ct. 1309 (2012) .................. *passim*

*Plaut v. Spendthrift Farm Inc.*, 514 U.S. 211 (1995) ............................12

*Scott v. Hobbs*, 2014 U.S. Dist. LEXIS 101830 (E.D. Ark. July 25, 2014) ................................................................................................................24

*Strickland v. Washington*, 466 U.S. 668 (1984)....................................17

*Trevino v. Thaler*, 569 U.S. __, 133 S. Ct. 1911 (2013) .................. *passim*

Appellate Case: 14-2853     Page: 5     Date Filed: 11/18/2014 Entry ID: 4217242

*United States v. Lee*, 2010 U.S. Dist. LEXIS 145997 (E.D. Ark. Dec. 22, 2010) ...............................................................................................16

*United States v. Lee*, 274 F.3d 485 (8th Cir. 2001) ................................15

*United States v. Lee*, 89 F. Supp.2d 1017 (E.D. Ark. Mar. 21, 2000) ....15

*United States v. Ohio Power Co.*, 353 U.S. 98 (1957)...........................11

*Vaughn v. Dormire*, 2014 U.S. Dist. LEXIS 45225 (E.D. Ark. April 2, 2014) ...............................................................................................24

*Vogt v. Coleman*, 2012 U.S. Dist. LEXIS 99767 (W.D. Pa. July 18, 2012) ...........................................................................................................23

*Williams v. Delo*, 2014 U.S. Dist. LEXIS 44099 (E.D. Mo. Mar. 31, 2014) ...........................................................................................................21

*Williams v. Delo*, No. 13-2058, Entry ID: 4078411 (8th Cir. Sep. 23, 2013) (unpublished)...............................................................i, 2, 21

*Williams v. Delo*, No. 4:13-cv-137-JAR (E.D. Mo. Feb. 4, 2013) ............21

*Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007)........11

## Statutes

18 U.S.C. § 1959 ......................................................................................3

18 U.S.C. § 1962 ......................................................................................3

28 U.S.C. § 1291 ......................................................................................1

28 U.S.C. § 2253 ......................................................................................1

28 U.S.C. § 2255 ............................................................................. passim

Federal Rule of Civil Procedure 59(e)..............................................5, 6, 7

Federal Rule of Civil Procedure 60(b)............................................. passim

Appellate Case: 14-2853     Page: 6     Date Filed: 11/18/2014 Entry ID: 4217242

# JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. §§1291, 2253 and 2255. Appellant was sentenced to death in the United States District Court for the Eastern District of Arkansas.

On August 1, 2014, the district court granted a Certificate of Appealability ("COA") on the issue of whether Mr. Lee's Rule 60(b) motion was an improper successive habeas petition under 28 U.S.C. § 2255.

Appellate Case: 14-2853     Page: 7     Date Filed: 11/18/2014 Entry ID: 4217242

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

Whether the district court was correct in holding that—as a matter of law—habeas counsel's errors or omissions in an initial collateral proceeding, under the narrow circumstances described in *Martinez v. Ryan*[2] and *Trevino v. Thaler*,[3] cannot "go to the integrity of the [habeas] proceedings," and so any Rule 60(b) motion seeking to remedy this type of defect in the integrity of the proceedings is necessarily a successive pleading.

### Cases

*Williams v. Delo*, No. 13-2058, Entry ID: 4078411, Slip Op. at 1-2 (8th Cir. Sep. 23, 2013) (unpublished)

*Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012)

---

[2] 566 U.S. __, 132 S. Ct. 1309 (2012).

[3] 569 U.S. __, 133 S. Ct. 1911 (2013).

2

Appellate Case: 14-2853     Page: 8     Date Filed: 11/18/2014 Entry ID: 4217242

STATEMENT OF THE CASE

I.    The Capital Trial Proceeding

In 1999, Mr. Lee and his co-defendant, Chevie Kehoe, were jointly tried and convicted of conspiring to violate and violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c) – (d), and of three murders in aid of racketeering in violation of 18 U.S.C. §1959.

Mr. Kehoe proceeded first to a penalty phase. Recognizing that Mr. Kehoe was the more culpable actor, the United States Attorney for the Eastern District of Arkansas represented that if the jury returned a life verdict against Mr. Kehoe, it would not seek death against Mr. Lee, and that in lieu of a penalty phase proceeding, the Government would agree to resolve the case against Mr. Lee with a term of life imprisonment without possibility of release. The U.S. Attorney also stated that the entire prosecution team and the victims' family members had been polled about this decision and agreed with it. Subsequently, the jury returned a life verdict against Mr. Kehoe.

Despite the parties' agreement that Mr. Lee's case should not proceed capitally, the local U.S. Attorney's decision was vetoed by Department of Justice attorneys in Washington, D.C. Thus, the U.S.

3

Attorney's Office was compelled to proceed to a penalty phase against Mr. Lee.

During Mr. Lee's penalty phase proceeding, the Government introduced purportedly expert evidence that Mr. Lee was clinically diagnosed as a "psychopath" using an instrument known as the Hare Psychopathy Check List-Revised ("PCL-R"), and that Mr. Lee's score on this instrument reliably predicted that he would be a "future danger" in prison if sentenced to life without parole. The jury unanimously found the "future dangerousness" aggravating factor and sentenced Mr. Lee to death. (The jury had rejected that aggravating factor as to Mr. Kehoe, despite the undisputed fact that he was the founder and leader of the racketeering enterprise, the mastermind in the capital crime, and the accused perpetrator of a host of other serious crimes, including the attempted murder of two police officers and a conspiracy to commit armed robbery.)

II.    The § 2255 Proceeding

After the Supreme Court denied Mr. Lee's petition for *certiorari* on direct appeal, his court-appointed habeas counsel timely filed a § 2255 motion alleging, among other things, that trial counsel were

Appellate Case: 14-2853    Page: 10    Date Filed: 11/18/2014 Entry ID: 4217242

ineffective for failing to adequately challenge the Government's penalty phase evidence of "psychopathy." In a footnote to the claim, habeas counsel stated that the Government's expert witness had since repudiated his reliance on the PCL-R, withdrawn his testimony on that issue in other capital cases, and signed a sworn declaration to that effect. Mr. Lee's habeas counsel did not attach the declaration to the § 2255 motion or otherwise provide any other supporting information to the district court about this claim.

After the § 2255 motion was denied without an evidentiary hearing, Mr. Lee's habeas counsel filed a reconsideration motion pursuant to Fed. Civ. R. P. 59(e), to which counsel attached—for the first time—supporting affidavits to establish the ineffective assistance of counsel ("IAC") claim. These documents showed that the PCL-R evidence was scientifically invalid and wholly unreliable for predicting future dangerousness in prison. (The Government has not disputed the invalidity or unreliability of that evidence as presented; that the Government's own expert has since disavowed his use of the PCL-R as a basis for proving future dangerousness in prison; or that the

5

Appellate Case: 14-2853     Page: 11     Date Filed: 11/18/2014 Entry ID: 4217242

Government no longer introduces the PCL-R in federal capital trials to prove the aggravating factor of future dangerousness in prison.)

In denying the Rule 59(e) motion, the Hon. G. Thomas Eisele— who presided over both the capital trial and the § 2255 proceedings— chastised Mr. Lee's habeas counsel for failing to properly comply with the pleading requirements of the Rules Governing § 2255 Proceedings and for failing to provide this supporting evidence to the court in a timely manner.

Judge Eisele further indicated that had habeas counsel timely presented the information, the district court might have granted an evidentiary hearing on the underlying IAC claim. But by failing to do so, habeas counsel defaulted the issue, leading the district court to rule that it was "foreclosed" from considering the information in deciding the IAC claim. Thus, the court's ruling, premised solely on post-conviction counsel's failure, precluded a full merits determination of Mr. Lee's IAC claim on the psychopathy evidence.

III.  The Rule 60(b) Litigation

Mr. Lee appealed the denial of § 2255 relief to this Court.  During the pendency of his appeal, the Supreme Court issued its decision in

Appellate Case: 14-2853   Page: 12   Date Filed: 11/18/2014 Entry ID: 4217242

*Trevino v. Thaler*,[4] in which it extended its ruling in *Martinez v. Ryan*[5] to the post-conviction scheme in Texas, which resembles that of the federal government. These cases hold that if a federal court is precluded from conducting a full merits review of a substantial IAC claim due to a default by habeas counsel, then habeas counsel's error or omission can serve as "cause" to excuse the default, and thereby permit full merits review of the previously foreclosed IAC claim.

After the issuance of *Trevino*, Mr. Lee's court-appointed habeas counsel moved to withdraw from the case given the potential conflict of interest: the district court's ruling on the Rule 59(e) motion pointed to habeas counsel's errors and omissions in explaining why it was precluded from granting an evidentiary hearing and reviewing the full merits of Mr. Lee's IAC claim.

Mr. Lee thereafter diligently filed a Rule 60(b) motion in the district court, asking that the judgment be reopened. Specifically, the motion maintained that *Trevino* provided a basis for the district court to overcome the previously-imposed default that precluded Judge Eisele

---

[4] 569 U.S. __, 133 S. Ct. 1911 (2013).

[5] 566 U.S. __, 132 S. Ct. 1309 (2012).

Appellate Case: 14-2853     Page: 13     Date Filed: 11/18/2014 Entry ID: 4217242

from considering the full merits of Mr. Lee's underlying substantial IAC claim.

On March 18, 2014, the Hon. J. Leon Holmes[6] held that the district court lacked jurisdiction to hear the 60(b) motion because it constituted an improper successive motion under 28 U.S.C. § 2255. The district court also denied a Rule 59(e) motion urging reconsideration of its order finding that it lacked jurisdiction to hear the 60(b) motion.

On August 1, 2014, Judge Holmes granted a COA on the issue of whether Mr. Lee's Rule 60(b) motion was in fact an improper successive habeas petition under 28 U.S.C. § 2255.

---

[6] Mr. Lee's case was transferred to Judge Holmes after Judge Eisele retired from the bench.

Appellate Case: 14-2853    Page: 14    Date Filed: 11/18/2014 Entry ID: 4217242

## SUMMARY OF THE ARGUMENT

This case is about the district court's jurisdiction to hear a Rule 60(b) motion under the Supreme Court's recent decisions in *Martinez v. Ryan* and *Trevino v. Thaler*. The district court held that—as a matter of law—habeas counsel's errors or omissions in an initial collateral proceeding, under the narrow circumstances described in *Martinez* and *Trevino*, cannot "go to the integrity of the [habeas] proceedings," and so any Rule 60(b) motion seeking to remedy this type of defect in the integrity of the proceedings is necessarily a successive pleading. Recognizing that this legal issue is debatable by jurists of reason, however, the district court granted a Certificate of Appealability on this question.

In fact, this Court of Appeals and numerous other courts have already addressed this issue and decided it differently: a Rule 60(b) motion that alleges that habeas counsel's errors in an initial habeas proceeding precluded meaningful review of the full merits of an IAC claim is a "true" 60(b) motion over which the district court has jurisdiction. Thus, the district court erred in construing Mr. Lee's 60(b) motion as a successive motion.

9

The appropriate remedy here is to reverse and remand to the district court for it to consider the Rule 60(b) motion in the first instance.

Appellate Case: 14-2853    Page: 16    Date Filed: 11/18/2014 Entry ID: 4217242

## ARGUMENT

I. THE DISTRICT COURT HAS JURISDICTION TO HEAR THE RULE 60(b) MOTION.

A district court has jurisdiction to hear a Rule 60(b) motion if it is a "true" Rule 60(b) motion. Mr. Lee's Rule 60(b) motion is a "true" Rule 60(b) motion because it neither raises a new claim nor seeks redetermination on the merits of an old one; it merely seeks to remedy a defect in the integrity of the § 2255 proceeding.

Questions regarding the district court's jurisdiction, including whether a Rule 60(b) motion is a second or successive habeas petition, are reviewed *de novo.*[7]

### A. The Definition of a "True" Rule 60(b) Motion in Habeas Proceedings

Under Article III of the United States Constitution, federal courts have inherent "power over [their] own judgments."[8] A vehicle for exercise of this power is Federal Rule of Civil Procedure 60(b), which "[i]n simple English … vests power in courts adequate to enable them to

---

[7] *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007).

[8] *United States v. Ohio Power Co.*, 353 U.S. 98, 99 (1957) (*per curiam*).

11

Appellate Case: 14-2853    Page: 17    Date Filed: 11/18/2014 Entry ID: 4217242

vacate judgments whenever such action is appropriate to accomplish justice."[9]

Rule 60(b) applies to habeas proceedings.[10] A district court may grant a 60(b) motion in a habeas proceeding as long as the motion does not present a "claim."[11] A 60(b) motion presents a claim if it: (1) adds a new ground for relief, or (2) challenges the substance of a federal court's previous resolution of a claim *on the merits*.[12] A 60(b) motion that presents a "claim" is considered to be a "successive motion," and a district court does not have jurisdiction to hear such a motion without precertification by the Court of Appeals.[13]

---

[9] *Klapprott v. United States*, 335 U.S. 601, 615 (1949). See also *Plaut v. Spendthrift Farm Inc.*, 514 U.S. 211, 233-234 (1995) ("Rule 60(b) … reflects and confirms the court's own inherent and discretionary power, firmly established in English practice long before the foundation of our Republic, to set aside a judgment whose enforcement would work inequity.") (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)).

[10] *Gonzalez v. Crosby*, 545 U.S. 524, 529, 529-30 (2005).

[11] *Id.* at 531.

[12] *Id.* at 532.

[13] *Id.* at 530.

Appellate Case: 14-2853   Page: 18   Date Filed: 11/18/2014 Entry ID: 4217242

Not all 60(b) motions that ask to reopen a habeas judgment present a "claim." Sometimes a district court may not have reached the merits of a previous habeas claim in its original judgment because of a finding that it was precluded from doing so. For example, the district court may have ruled that the habeas claim was procedurally defaulted, and so the court was foreclosed from deciding the habeas claim on the merits.[14] In those instances, a litigant can properly bring a Rule 60(b) motion to challenge the district court's failure to reach the merits of the habeas claim.[15] This type of 60(b) motion does not present a "claim"; rather, it challenges a "defect in the integrity of the proceedings" that precluded merits review of the original habeas claim.[16] Such a motion—that challenges only the district court's failure to reach the merits of a

---

[14] As the *Gonzalez* court noted, a movant is *not* asserting a claim "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4.

[15] *Id.*

[16] *Id.* at 532.

13

Appellate Case: 14-2853    Page: 19    Date Filed: 11/18/2014 Entry ID: 4217242

habeas claim—can be ruled upon by the district court without precertification by the Court of Appeals.[17]

> B.    Mr. Lee's 60(b) Motion Fits the Definition of a "True" 60(b) Motion.

Mr. Lee's 60(b) motion did not add a new ground for relief. Nor did it challenge the substance of the district court's previous resolution of a claim on the merits. Rather, Mr. Lee's 60(b) motion addressed the district court's ruling that it was "foreclosed" from conducting a full merits review of a habeas claim.

Briefly, the underlying habeas claim in question concerns trial counsel's failure to properly challenge evidence of "future dangerousness" at Mr. Lee's sentencing hearing—specifically, evidence that Mr. Lee's score on a psychological instrument known as the Hare Psychopathy Check List-Revised ("PCL-R") established that he was a "psychopath" who would be a danger in prison if sentenced to life without parole. At the time of Mr. Lee's trial, there was readily available evidence that this was false: there is, in fact, no scientific basis for claiming that a PCL-R diagnosis of "psychopathy" is a valid

---

[17] *Id.* at 538.

14

Appellate Case: 14-2853    Page: 20    Date Filed: 11/18/2014 Entry ID: 4217242

predictor of future dangerousness in prison. (Indeed, even the Government's own expert who administered the PCL-R to Mr. Lee, Dr. Thomas Ryan, has since disavowed this evidence, and not even the Government defends it here.) Trial counsel could have—and should have—challenged the reliability and validity of the PCL-R as a predictor of future dangerousness in prison. Had they done so, the jury would not have heard the unreliable and invalid "psychopathy" evidence, and there is a reasonable probability that the outcome of the penalty phase proceeding would have been different.[18]

> 1. There was a defect in the integrity of Mr. Lee's habeas proceeding that precluded full merits review of his habeas claim.

The § 2255 proceeding was Mr. Lee's first opportunity to present extra-record evidence in support of a claim that trial counsel were ineffective. However, despite possessing a sworn declaration by Dr.

---

[18] As Judge Eisele contemporaneously noted in a ruling on a post-trial motion, the "psychopathy" evidence "emphasized Defendant Lee's future dangerousness," and it was "very questionable whether the jury would have given Defendant Lee the death penalty" absent the introduction of that evidence. *United States v. Lee*, 89 F. Supp.2d 1017, 1031 (E.D. Ark. Mar. 21, 2000) (Memorandum Opinion and Order Regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds*, 274 F.3d 485 (8th Cir. 2001).

15

Appellate Case: 14-2853   Page: 21   Date Filed: 11/18/2014 Entry ID: 4217242

Ryan in which he repudiated his previous use of the PCL-R to assess future dangerousness in capital cases, as well as numerous other affidavits by leading experts in the field regarding the improper use of such "psychopathy" evidence, Mr. Lee's habeas counsel failed to provide these materials to the district court. Only after the district court denied the § 2255 motion did habeas counsel belatedly proffer the materials in a motion for reconsideration.

In ruling on the motion for reconsideration, Judge Eisele expressed bafflement as to why habeas counsel sat on this obviously important information:

> Petitioner offers no explanation for why such affidavits or other supporting information were not provided to the Court before it ruled on his original motion for § 2255 relief. *Had they been, the Court might have determined that an evidentiary hearing was required.* However, the Court is *foreclosed* by existing legal principles from considering the information now, absent permission and direction from the Eighth Circuit to do so.[19]

As Judge Eisele's order makes clear, the sole reason the court was precluded from considering that information was because habeas counsel failed to timely provide it. Indeed, the district court spent much

---

[19] *United States v. Lee*, No. 4:06-CV-1608-GTE, 2010 U.S. Dist. LEXIS 145997 at *14-15 (E.D. Ark. Dec. 22, 2010) (order denying motion for reconsideration) (emphasis added).

Appellate Case: 14-2853     Page: 22     Date Filed: 11/18/2014 Entry ID: 4217242

of the opinion cataloguing habeas counsel's deficient lawyering in presenting this claim,[20] as well as the numerous opportunities the court had given to habeas counsel to supply affidavits or other evidence supporting the ineffective assistance of counsel claim.[21]

---

[20] *Id.* at *12-*13 ("Petitioner's obligation was to present facts to demonstrate the need for an evidentiary hearing. He failed to do so."); *id.* at *7 ("Petitioner's obligation, however, is greater than simply placing the Court on notice of claims alleged to merit post-conviction relief. At the time he filed his petition for § 2255 relief, Petitioner was obligated to "specify all the grounds for relief available to the petitioner … and state the facts supporting each ground.") (citation omitted); *id.* at *10-*11 ("[I]t was incumbent upon Petitioner to provide sufficient information about the alleged substance of any omitted testimony to permit the Court to evaluate both the performance and prejudice prongs of the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] ineffective assistance standard.").

[21] *Id.* at *5 ("The Court was purposefully lenient in permitting the parties to expand the record as they wished before taking up the merits of Petitioner's motion. The Court permitted Petitioner to conduct any and all discovery that he requested prior to ruling on the § 2255 motion."); *id.* at *6 ("[I]n an Order dated May 22, 2008, the Court provided Petitioner with 'one final opportunity to put before the Court additional legal authority or argument in support of the grounds for relief currently before the Court.'"); *id.* at *11-*12 ("Petitioner's counsel was on notice of the law and pleading requirements for § 2255 motions. The Court specifically advised that it would determine based on the submissions whether an evidentiary hearing was required."); *id.* at *12 ("Finally, before ruling, the Court provided Petitioner with yet another opportunity to submit anything he wished in support of his Petition.").

17

Appellate Case: 14-2853   Page: 23   Date Filed: 11/18/2014 Entry ID: 4217242

It is unmistakable that habeas counsel's deficient lawyering is the reason why the district court was foreclosed from reviewing the untimely information and conducting a full merits review of the underlying IAC claim. As Judge Eisele noted:

> Petitioner does not explain why the information he now includes was not included in connection with his original petition. Petitioner's conclusory statement that Dr. Ryan, subsequent to his testimony in this case, stopped using the PCL-R to evaluate future dangerousness was not sufficient to place the Court on notice of the *full argument* that Petitioner now presents.[22]

> 2.     Mr. Lee's 60(b) motion merely sought to remedy this defect.

The district court ruled that it was foreclosed from conducting a full merits review of the ineffective assistance of trial counsel claim because of habeas counsel's default. Mr. Lee's 60(b) motion took aim at that ruling.

Specifically, the 60(b) motion noted that habeas counsel's errors constituted a defect in the integrity of the proceeding, and it was that defect that precluded the court from reaching the full merits of the underlying IAC claim.[23] In support of this argument, the 60(b) motion

---

[22] *Id.* at *17. (emphasis added).

[23] See APPELLANT'S APPENDIX at 28-38.

Appellate Case: 14-2853   Page: 24   Date Filed: 11/18/2014 Entry ID: 4217242

cited two recent Supreme Court cases: *Martinez v. Ryan* and *Trevino v. Thaler*.

Prior to *Martinez* and *Trevino*, if a habeas lawyer procedurally defaulted an IAC claim in the initial post-conviction proceeding, and a federal court concluded that it could not reach the merits of the IAC claim because of this default, that was the end of the matter: the federal court was procedurally barred from reviewing the IAC claim and the petitioner would never receive full merits review on that claim. After *Martinez* and *Trevino*, that rule changed. Those cases state that federal courts now have an avenue to overcome that previously-imposed procedural bar—habeas counsel's error can serve as "cause" to excuse the default, allowing a federal court to conduct a full merits review of the previously defaulted IAC claim.

*Martinez* and *Trevino* thus recognized a particular kind of defect that might affect the integrity of a habeas proceeding: errors or omissions by habeas counsel that result in a default and preclude full merits review of an IAC claim.

Pursuant to *Martinez* and *Trevino*, Mr. Lee's 60(b) motion argued that the prior judgment should be reopened because now there was an

Appellate Case: 14-2853     Page: 25     Date Filed: 11/18/2014 Entry ID: 4217242

avenue to overcome the previously-imposed default in his case.[24] As Judge Eisele had recognized at the time, that default was due to his habeas counsel's error: they inexplicably failed to timely provide the district court with the relevant information in support of the IAC claim. Habeas counsel's error now served as "cause" to excuse that default, so the district court was no longer "foreclosed" from considering that information and conducting a full merits review of the IAC claim.

In short, Mr. Lee's 60(b) motion did not raise a new ground for relief, nor did it seek redetermination on the merits of an old one. It merely asserted that there was a defect in the integrity of the proceedings—habeas counsel's error—and challenged the prior procedural ruling that precluded a full merits determination of the underlying IAC claim.

3. Numerous courts have concluded that a 60(b) motion that addresses a procedural barrier caused by habeas counsel's error or omission is a "true" 60(b) motion that challenges a defect in the integrity of the proceedings.

This Court recently confronted the issue of whether a 60(b) motion premised on habeas counsel's error can be a "true" 60(b) motion. In

---

[24] See APPELLANT'S APPENDIX at 31-35.

Appellate Case: 14-2853     Page: 26     Date Filed: 11/18/2014 Entry ID: 4217242

*Williams v. Delo,*[25] the petitioner filed a 60(b) motion that "alleged ineffective assistance of state post conviction relief counsel excused the procedural default of his federal habeas claims in light of *Martinez v. Ryan.*"[26] Relying on *Gonzalez,* the district court concluded that the motion should be treated as successive and dismissed it.[27] In an order reversing the district court, this Court, also relying on *Gonzalez,* held that the petitioner's motion "was a true Rule 60(b) Motion," granted a certificate of appealability, and reversed and remanded the matter "for the district court to consider Williams's Rule 60(b) motion in the first instance."[28] This Court thereby recognized that arguments concerning habeas counsel's ineffectiveness thus do not constitute a "claim" but rather a proper Rule 60(b) basis for overcoming a previously-imposed

---

[25] No. 13-2058, Entry ID: 4078411 (8th Cir. Sep. 23, 2013) (unpublished). Attached in APPELLANT'S ADDENDUM at 13-14.

[26] *Williams v. Delo,* No. 4:90-cv-239-JAR, 2014 U.S. Dist. LEXIS 44099 at *1-*2 (E.D. Mo. Mar. 31, 2014) (Memorandum and Order) (recounting procedural history).

[27] *Williams v. Delo,* No. 4:13-cv-137-JAR (E.D. Mo. Feb. 4, 2013) (Doc. No. 2 at 2).

[28] *Williams v. Delo,* No. 13-2058, Entry ID: 4078411, Slip Op. at 1-2 (8th Cir. Sep. 23, 2013) (unpublished). See APPELLANT'S ADDENDUM at 13-14.

21

default and for allowing a full merits review of the underlying IAC claim. Similarly, the Supreme Court has remanded at least two cases where a *Trevino*-based 60(b) motion alleged the ineffective assistance of habeas counsel as the basis for the motion.[29] Thus, it is now indisputable that a Rule 60(b) motion, in a narrow class of cases, can be a proper vehicle for remedying a default caused by initial habeas counsel's poor lawyering.

Other courts have similarly recognized that a Rule 60(b) motion seeking to excuse a default caused by habeas counsel's errors is, in fact, addressed to a defect in the integrity of the proceedings, and is therefore *not* successive. The Fifth Circuit, in *Adams v. Thaler*,[30] held, as a threshold matter, that because a *Martinez*-based 60(b) motion merely asserted that a previous ruling precluding meaningful review of an IAC claim was in error, "Adams's Rule 60(b) motion is not to be construed as an improper successive habeas petition and is properly

---

[29] *See Balentine v. Thaler*, 133 S. Ct. 2763 (2013) and *Haynes v. Thaler*, 133 S. Ct. 2764 (2013).

[30] 679 F.3d 312 (5th Cir. 2012).

Appellate Case: 14-2853    Page: 28    Date Filed: 11/18/2014 Entry ID: 4217242

before the district court."[31] The Ninth Circuit, in *Cook v. Ryan*,[32] similarly held that a 60(b) motion seeking to overcome a procedural bar that precluded review of an IAC claim was, in light of *Martinez*, not a successive pleading.

Indeed, as to this threshold issue, nearly a dozen district courts from a variety of jurisdictions have found that 60(b) motions that cite habeas counsel's errors as cause to excuse a previously-imposed default are "true" 60(b) motions.[33] As described above, Mr. Lee asserted the

---

[31] *Id.* at 319. *Cf. In re: Miguel A. Paredes*, No. 14-51160, 2014 U.S App. LEXIS 20731 at *40-*41 (5th Cir. Oct. 25, 2014) (*per curiam*) (assertion that petitioner's federal habeas counsel had a conflict of interest and that petitioner is entitled to reopen the final judgment and proceed in the federal habeas proceeding with conflict-free counsel is a claim that there was a defect in the integrity of the proceedings and is therefore not successive).

[32] 688 F.3d 598, 608 (9th Cir. 2012).

[33] *See, e.g., Barnett v. Roper*, 941 F. Supp. 2d 1099, 1106-07 (E.D. Mo. April 22, 2013) (Memorandum and Order); *Arthur v. Thomas*, No. 2:01-cv-0983-LSC, 2012 U.S. Dist. LEXIS 85563 at *11-*13 (N.D. Ala. June 20, 2012) (Memorandum of Opinion), *aff'd*, 2014 U.S. App. LEXIS 214 (11th Cir. Jan. 6, 2014); *DeJournett v. Luebbers*, No. 4:01-cv-1341-CEJ, 2014 U.S. Dist. LEXIS 2535 at *5 (E.D. Mo. Jan. 9, 2014) (Memorandum and Order); *Vogt v. Coleman*, No. 08-530, 2012 U.S. Dist. LEXIS 99767 at *5-*6 (W.D. Pa. July 18, 2012) (Memorandum Opinion and Order); *Brown v. Wenerowicz*, No. 07-1098, 2012 U.S. Dist. LEXIS 175017 at *6 n.3 (E.D. Pa. Dec. 11, 2012) (Memorandum); *Allen v. Walsh*, No. 06-4299, 2013 U.S. Dist. LEXIS 49688 at *9 (E.D. Pa.

Appellate Case: 14-2853     Page: 29     Date Filed: 11/18/2014 Entry ID: 4217242

very same basis for his 60(b) motion as was asserted in these other cases: that his habeas counsel's error resulted in a default that foreclosed full merits review of his IAC claim, and that *Martinez* and *Trevino* now provided a basis for overcoming that default. Thus, Mr. Lee's 60(b) motion was a "true" 60(b) motion over which the district court had jurisdiction.

C. The District Court Erred as a Matter of Law in Holding that Habeas Counsel's Errors Can Never be the Basis of a "True" 60(b) Motion.

The district court's determination that Mr. Lee's 60(b) motion was successive rested almost entirely on its reading of the following passage from *Gonzalez*.[34]

---

Mar. 15, 2013) (Report and Recommendation), *adopted by* 2013 U.S. Dist. LEXIS 48714 (E.D. Pa. Apr. 4, 2013); *Fuller v. Cartlidge*, No. 0:09-cv-01352-RBH, 2014 U.S. Dist. LEXIS 19541 at *5-*6 (D.S.C. Feb. 18, 2014) (Order); *Figueroa v. Walsh*, No. 00-cv-1160-NGG, 2013 U.S. Dist. LEXIS 72693 at *6-*8 (E.D.N.Y. May 22, 2013) (Order); *Glover v. Filion*, 2014 U.S. Dist. LEXIS 41350 at *6 (W.D.N.Y. Mar. 27, 2014) (Decision and Order); *Vaughn v. Dormire*, No. 4:09-CV-1985(CEJ), 2014 U.S. Dist. LEXIS 45225 at *4 (E.D. Ark. April 2, 2014) (Memorandum and Order); *Scott v. Hobbs*, No. 5:04-cv-00082-KGB, 2014 U.S. Dist. LEXIS 101830 at *4 (E.D. Ark. July 25, 2014) (Order).

[34] See *United States v. Lee*, No. 4:97CR00243-02 JLH, 2014 U.S. Dist. LEXIS 35040 at *13-*15 (E.D. Ark. Mar. 18, 2014) (Memorandum Opinion).

Appellate Case: 14-2853    Page: 30    Date Filed: 11/18/2014 Entry ID: 4217242

[A]n attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.[35]

In the district court's view, this language from the *Gonzalez* opinion means that habeas counsel's errors can never constitute a "defect in the integrity of the proceedings" in the Rule 60(b) context. Thus, a *Martinez-* or *Trevino-*based 60(b) motion can *never* be a "true" 60(b) motion. Respectfully, the district court is wrong.

*Gonzalez* did not unequivocally preclude a 60(b) motion based on a defect caused by habeas counsel's ineffectiveness. The *Gonzalez* court noted only that habeas counsel's omissions "*ordinarily* do[] not go to the integrity of the proceedings…"[36] That statement is correct given that *Gonzalez* was decided against the backdrop of *Coleman v. Thompson*,[37] which explicitly declined to recognize a constitutional right to effective assistance of habeas counsel as a basis to excuse procedural default caused by attorney error. *Coleman* remains good law in that respect, and it also remains the case that "ordinarily" habeas counsel's

---

[35] 545 U.S. 524, 532 n.5 (2005).

[36] *Id.* (emphasis added).

[37] 501 U.S. 722 (1991).

Appellate Case: 14-2853   Page: 31   Date Filed: 11/18/2014 Entry ID: 4217242

omissions will not go to the integrity of the habeas proceedings. However, *Trevino* identified a narrow category of habeas counsel error that is an exception to the rule in *Coleman*: a default committed by habeas counsel in the initial post-conviction proceeding that precludes meaningful review of a substantial IAC claim. Given the narrow exception to *Coleman* articulated by *Martinez* and *Trevino*, a 60(b) motion such as Mr. Lee's, which squarely falls within that *Coleman* exception, comports with *Gonzalez*.

The district court's application of *Gonzalez* to Mr. Lee's 60(b) motion is erroneous because it did not acknowledge the effect that *Trevino* and *Martinez* have had on the state of the law. Indeed, at several points in its ruling dismissing the 60(b) motion, the district court asserted that "neither *Martinez* nor *Trevino* changed the law as to what constitutes a second or successive petition"[38] and simply ended its analysis there. While *Trevino* and *Martinez* did not change the fact that *Gonzalez* draws a line between successive and non-successive pleadings,

---

[38] *Lee*, *supra* at n.34, 2014 U.S. Dist. LEXIS 35040 at *18; *see also id.* at *15 ("[N]either *Martinez* nor *Trevino* addressed the issue of what constitutes a second or successive habeas petition.")

26

they certainly changed on which side of the line Mr. Lee's 60(b) motion

falls.

*Gonzalez* distinguished between successive and non-successive

60(b) motions based on whether the motion was addressed to a defect in

the integrity of the federal habeas proceedings. In *Trevino* and *Martinez*

the Supreme Court, for the first time, recognized that in certain

circumstances, habeas counsel's errors or omissions *can* constitute a

defect in the integrity of a habeas proceeding.[39] As numerous courts—

including this one—have already recognized, a 60(b) motion filed in

light of *Martinez* and *Trevino* which addresses such habeas counsel

---

[39] To be sure, not just any habeas counsel error will qualify as such a defect. Under *Martinez* and *Trevino*, the error must include the following elements: (1) the error was committed by habeas counsel in an initial collateral proceeding; (2) habeas counsel's error resulted in a default that precluded full merits review of a claim; and (3) the claim in question must be a substantial claim of ineffective assistance of trial counsel. *See Trevino*, 133 S. Ct. at 1918 (citing *Martinez*, 132 S. Ct. at 1318). The district court ruled that, as a threshold matter, it lacked jurisdiction to consider Mr. Lee's Rule 60(b) motion, and therefore did not rule upon whether the *Trevino/Martinez* factors were met. The question of jurisdiction is the one before this Court. Respectfully, Mr. Lee believes his Rule 60(b) motion does meet these requirements and asks that this matter be remanded to the district court to consider the issue in the first instance.

Appellate Case: 14-2853     Page: 33     Date Filed: 11/18/2014 Entry ID: 4217242

error is not successive. Rather, it merely asserts a defect in the integrity

of the habeas proceedings, and thus is a "true" 60(b) motion.[40]

---

[40] See Section I.B.3, *supra*, and cases cited therein.

Appellate Case: 14-2853     Page: 34     Date Filed: 11/18/2014 Entry ID: 4217242

## CONCLUSION

For the foregoing reasons, Mr. Lee respectfully requests that this Court reverse and remand this matter for the district court to consider Mr. Lee's Rule 60(b) motion in the first instance.

Respectfully submitted,

/s/ Morris H. Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

/s/ Karl Schwarz
KARL SCHWARTZ
Bar # 38994 (PA)
Assistant Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6545
Karl_Schwartz@fd.org

Dated: November 17, 2014

Appellate Case: 14-2853    Page: 35    Date Filed: 11/18/2014 Entry ID: 4217242

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 28A(h)(2), the undersigned certifies that the brief and addendum have been scanned for viruses and are virus-free.

By: /s/ Morris H. Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

30

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the

Clerk of the Court for the Court of Appeals for the Eighth Circuit using

the CM/ECF system on November 17, 2014. This brief was served via

this Court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
John.Pellettieri@usdoj.gov

By: /s/ Morris H. Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

31