# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No. 14-2853

_____

**DANIEL LEWIS LEE**,
Appellant,

v.

**UNITED STATES**,
Appellee.

_____

On Appeal from the United States District Court
Eastern District of Arkansas
No. 4:06-cv-01608-GTE; 4:97-cr-00243-JLH-2

_____

## APPELLANT'S ADDENDUM
_____

MORRIS H. MOON
Bar# 24032750(TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

KARL SCHWARTZ
Bar # 38994 (PA)
Assistant Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6545
Karl_Schwartz@fd.org

Counsel for Appellant Daniel Lewis Lee

Dated: November 17, 2014

Appellate Case: 14-2853    Page: 1    Date Filed: 11/18/2014 Entry ID: 4217268

# TABLE OF CONTENTS

MEMORANDUM OPINION DENYING RULE 60(b) MOTION……….…………......1

JUDGMENT………………………………………………………………......12

*WILLIAMS V. DELO,* NO. 13-2058, ENTRY ID: 4078411 (8TH CIR. SEP. 23, 2013) (UNPUBLISHED)…………………………..…………….…………13

i

Appellate Case: 14-2853    Page: 2    Date Filed: 11/18/2014 Entry ID: 4217268

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                                           PLAINTIFF

v.                                          No. 4:97CR00243-02 JLH

DANIEL LEWIS LEE                                                                     DEFENDANT

## MEMORANDUM OPINION

Daniel Lewis Lee is a federal death row inmate.  In a 1999 trial over which the Honorable G. Thomas Eisele presided, Lee and a co-defendant, Chevie Kehoe, were convicted of conspiring to violate and violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)-(d), and of three murders in aid of racketeering in violation of 18 U.S.C. § 1959.  During the penalty phase of the trial, the jury first determined that Kehoe should be sentenced to life imprisonment and then, separately, that Lee should be sentenced to death.  Now pending before the Court is Lee's "Motion for Relief from a Judgment or Order Pursuant to Fed. R. Civ. P. 60(b),"[1] in which he asks the Court to set aside a previous order denying his habeas petition so that he can present evidence that his trial lawyers were ineffective for failing to present a proper challenge to evidence introduced during the penalty phase to show that he is a psychopath.

Prior to trial, the government filed a motion for discovery of mental health evidence that Lee would introduce during the penalty phase of the proceeding.  In that motion the government stated that it would not introduce mental health evidence during its case-in-chief in the penalty phase.

_____

[1] Lee filed this motion after the Eighth Circuit issued an Opinion affirming the denial of his section 2255 motion but before the mandate issued.  Because this Court lacked jurisdiction to rule on the motion at the time it was filed, Lee filed a motion for indicative ruling pursuant to Rule 62.1 of the Federal Rules of Civil Procedure and simultaneously filed a motion in the Eighth Circuit to stay the proceedings to give this Court an opportunity to rule on the motion for indicative ruling.  The Eighth Circuit denied the motion to stay and subsequently issued its mandate.  The motion for indicative ruling is therefore moot.  Document #1231.

1

Document #627 at 2.  Judge Eisele granted the motion, ordered Lee to submit to an examination by the government's expert, Dr. Thomas Ryan, and ruled that Dr. Ryan could not be called in the government's case-in-chief during the penalty phase but could only be used as a rebuttal witness. Document #665.

During the penalty phase, the government introduced evidence concerning the aggravating factor of future dangerousness but did not introduce any psychological evidence.  Lee then presented evidence regarding mitigating factors through Dr. Mark Cunningham, a forensic psychologist. Dr. Cunningham did not testify concerning future dangerousness during his direct examination.  On cross-examination, however, the government asked Dr. Cunningham about Dr. Ryan's report in which Dr. Ryan, using the Hare Psychopathy Checklist-Revised ("PCL-R"), concluded that Lee was a psychopath and as such presented a future danger of violence in prison.  Defense counsel objected on the ground that the cross-examination on this point went beyond the scope of direct examination. Judge Eisele overruled the objection but, after hearing the testimony on cross-examination, concluded that he had erred in doing so.  He then prohibited Dr. Ryan's report from being used during the government's rebuttal case; and, after the jury returned a verdict sentencing Lee to death, he set aside the death penalty and ordered a new sentencing trial.  *United States v. Lee*, 89 F. Supp. 2d 1017 (E.D. Ark. 2000).

The government appealed Judge Eisele's decision setting aside the death penalty, and the Eighth Circuit reversed, stating "Even if the government's examination of Dr. Cunningham about psychopathy exceeded the scope of his direct, we fail to find a threat of unfair prejudice."  *United States v. Lee*, 274 F.3d 485, 495 (8th Cir. 2001).  After the judgment and commitment order was

2

Appellate Case: 14-2853     Page: 4     Date Filed: 11/18/2014 Entry ID: 4217268

entered imposing the death penalty, Lee appealed his convictions and the death sentence. The Eighth Circuit affirmed. *United States v. Lee*, 374 F.3d 637 (8th Cir. 2004).

After the United States Supreme Court denied Lee's petition for writ of certiorari, Lee sought habeas relief pursuant to 28 U.S.C. § 2255. Document #1118. In that petition, Lee argued that he had been denied effective assistance of counsel at the guilt phase of the trial, the penalty phase of the trial, and on appeal, arguing that his lawyers were ineffective in numerous respects at each phase of the proceeding. As one aspect of his argument that his lawyers were ineffective during the penalty phase, Lee argued that his trial lawyers failed to object to Dr. Ryan's testimony and report. That portion of Lee's section 2255 petition was presented in a single paragraph that stated:

> The government presented the testimony of Dr. Ryan and his report as rebuttal testimony at Movant's mitigation phase. Defense counsel failed to object to Dr. Ryan's testimony as improper rebuttal given that Dr. Cunningham never offered a diagnosis. Further, defense counsel failed to object to the submission of Dr. Ryan's report especially since it included a risk assessment, something that Dr. Cunningham had not included in his testimony.

Document #1118 at 34. A footnote to this paragraph stated:

> At a hearing, Movant's counsel are prepared to offer evidence that Dr. Ryan, in sworn testimony in affidavits filed after his testimony in this case, has stated that the Hare Psychopathy Checklist is not an appropriate instrument to be utilized in evaluating the future danger of capital defendants and that he no longer stands by such testimony or analysis.

*Id*. at n.14.

In denying Lee's section 2255 petition, Judge Eisele ruled that Lee's argument that his trial lawyers had failed to object to the use of Dr. Ryan's report in the cross-examination of Dr. Cunningham was without merit.

> Trial counsel performed exactly as Petitioner now argues that they should have – by imposing a continuing objection to said cross-examination of Dr. Cunningham.

Appellate Case: 14-2853     Page: 5     Date Filed: 11/18/2014 Entry ID: 4217268

> Additionally, the merits of this issue, which have been ruled on by the Eighth Circuit, may not be revisited on collateral review.

*United States v. Lee*, 2008 WL 4079315, at \*46 (E.D. Ark. Aug. 28, 2008).  Further, Judge Eisele noted, "In light of this Court's prior decision to set aside the death verdict and the Eighth Circuit's subsequent holding that the evidence presented through Dr. Cunningham and Dr. Ryan as to Lee's psychopathy and lack of remorse did not unfairly prejudice Lee, it is difficult to see how any additional objection that Petitioner's counsel would have made to Dr. Cunningham's or Dr. Ryan's testimony could have altered the outcome." *Id*. at \*48.  Judge Eisele did not address the footnote in which Lee stated that he was prepared to offer evidence that Dr. Ryan had recanted his statements that the PCL-R checklist is an appropriate instrument for evaluating the future dangerousness of capital defendants.

Lee responded by filing a motion to alter and amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Document #1165.  That motion was presented in eighty-one pages and accompanied by eighty-five pages of exhibits.  Much of the eighty-one pages was devoted to arguing that the PCL-R checklist has no scientific validity as it relates to predicting future dangerousness of capital defendants.  The exhibits included an affidavit submitted by Dr. Ryan on May 12, 2003, in a separate federal capital case, in which Dr. Ryan stated that he had concluded in the spring of 2000 that his opinion regarding the use of the PCL-R in capital cases had been erroneous.  Document #1165-4.  Another affidavit stated that experts in the field had known as early as 1998 that there was no scientific basis for using the PCL-R to identify individuals as likely to commit acts of violence in prison.  Document #1165-6 at 3.

Judge Eisele denied the Rule 59(e) motion, stating:

4

4

> Petitioner offers no explanation for why such affidavits or other supporting information were not provided to the Court before it ruled on his original motion for § 2255 relief.  Had they been, the Court might have determined that an evidentiary hearing was required.  However, the Court is foreclosed by existing legal principles from considering the information now, absent permission and direction from the Eighth Circuit to do so.

2010 WL 5347174, at *5 (E.D. Ark. Dec. 22, 2010).  Specifically with respect to the arguments related to Dr. Ryan, Judge Eisele said that the arguments should be deemed successive and that they were lacking in merit.  *Id*.

Judge Eisele initially denied a certificate of appealability, but, after Lee moved for reconsideration of that issue, he granted a certificate of appealability on the issue of whether the death penalty was unconstitutionally applied to Lee.  Document #1204.  Lee's argument that the death penalty was unconstitutionally applied to him was based in part on the disparity between his sentence and Kehoe's.[2]  Lee then filed a lengthy motion in the Eighth Circuit asking that court to expand the certificate of appealability.  In twenty-five pages of that motion, Lee argued that the certificate of appealability should be expanded to include the issue of whether his trial lawyers were ineffective for failing to make an adequate challenge to the evidence presented through Dr. Cunningham regarding Dr. Ryan's conclusion that he is a psychopath.  The Eighth Circuit granted the motion to expand the certificate of appealability on another issue – whether Lee received ineffective assistance of counsel because the trial lawyers exercised peremptory challenges based on race – but refused to expand the

---

[2] Even though the evidence established that Kehoe was the more culpable of the two defendants, the jury sentenced him to life imprisonment and Lee to death.  The penalty phase as to Kehoe was conducted before the penalty phase as to Lee, and before the jury returned a verdict during the penalty phase of the Kehoe case, the government announced *in camera* that if the jury sentenced Kehoe to life imprisonment, it would not seek the death penalty for Lee.  *See* 89 F. Supp. 2d at 1032.  Nevertheless, after the jury returned a sentence of life imprisonment for Kehoe, the United States Attorney for the Eastern District of Arkansas was unable to obtain permission from the Attorney General to withdraw the request for the death penalty as to Lee.  *Id*. at 1032-35.

Appellate Case: 14-2853   Page: 7   Date Filed: 11/18/2014 Entry ID: 4217268

certificate of appealability to include Lee's claims regarding the evidence that he is a psychopath. Though the Eighth Circuit refused to expand the certificate of appealability to include Lee's arguments regarding the evidence of psychopathy, he nonetheless included those arguments in his brief on the issue of whether the death penalty was arbitrarily imposed on him.  The Eighth Circuit affirmed Judge Eisele's denial of Lee's section 2255 petition, as well as the denial of Lee's Rule 59(e) motion.  *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013).  As to the arguments regarding the evidence that he is a psychopath, the court first noted that those issues were beyond the scope of the certificate of appealability and therefore not properly before the court.  *Id*. at 224.  Then, the court added, "Furthermore, we have previously concluded that there was no 'threat of unfair prejudice' from the elicitation in this case of psychopathy evidence by the government during sentencing."  *Id*. (citing *Lee*, 274 F.3d at 495).

Lee's present motion asks that the judgment denying his section 2255 motion be set aside and his section 2255 proceedings reopened.  Lee contends that the lawyers who represented him in his section 2255 proceedings[3] were ineffective for failing to present facts in support of the claim that the evidence that he is a psychopath should never have been introduced into evidence.  Their ineffectiveness during the section 2255 proceeding, Lee contends, justifies reopening those proceedings so the Court can consider whether his trial lawyers were ineffective in failing to object to the psychopathy evidence on the grounds that the PCL-R had no scientific validity in predicting future dangerousness in prison.

When a habeas petition has been denied and the inmate files a motion that purports to be a Rule 60(b) motion, the district court must first determine whether the motion in fact amounts to a

---

[3] Lee's current lawyers did not represent him during his initial section 2255 proceedings.

Appellate Case: 14-2853    Page: 8    Date Filed: 11/18/2014 Entry ID: 4217268

second or successive collateral attack under section 2255. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If it does, the petitioner must obtain authorization from the court of appeals in order to proceed, 28 U.S.C. § 2255(h), absent which the district court lacks jurisdiction. *Blackwell v. United States*, No. 4:99-CV-1687 CAS, 2014 WL 340231, at \*12 (E.D. Mo. Jan. 30, 2014). Thus, if the motion is actually a second or successive habeas petition, the district court must dismiss it for failure to obtain authorization from the court of appeals or transfer it to the court of appeals. *Boyd*, 304 F.3d at 814.

> In *Gonzales v. Crosby*, the Supreme Court explained:
>
> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. R. Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error and seek leave to present that claim. *Cf. Harris v. United States*, 367 F.3d 74, 80-81 (C.A. 2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. R. Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe*, 324 F.3d 66, 69 (C.A. 1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. R. Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (C.A. 7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly.

545 U.S. 524, 530-31, 125 S. Ct. 2641, 2647, 162 L. Ed. 2d 480 (2005).[4] The Supreme Court in *Gonzales* agreed with the circuit courts that these Rule 60(b) motions were in reality second or

---

[4] In *Gonzales*, the Supreme Court limited its consideration to the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254. *Id*. at 529 n. 3, 125 S. Ct. at 2646. Nevertheless, the circuits have held that *Gonzales* applies to section 2255 proceedings. *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) ("We join every other circuit that has addressed the issue in concluding that the standard announced in *Gonzales* applies to federal prisoner cases as well."); *Williams v. Thaler*, 602 F.3d 291, 302 and n. 4 (5th Cir. 2010) (same); *United States v. Washington*, 211 F. Appx. 550 (8th Cir. 2007) (citing *Gonzales* as authority for dismissing section 2255 motion on the grounds that it was a successive motion filed without authorization).

successive habeas petitions. *Id.* at 531, 125 S. Ct. at 2647.  The Court explained that a Rule 60(b) motion that seeks to add a new ground for relief, or a motion that attacks a federal court's previous resolution of a habeas claim on the merits, is a second or successive habeas petition, whereas a motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings[,]" is not a second or successive habeas petition but rather an appropriate Rule 60(b) motion.  *Id.* at 532, 125 S. Ct. at 2648.  The Court noted that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at n. 5.  *See also Ward v. Norris*, 577 F.3d 925, 933-35 (8th Cir. 2009) (following *Gonzales* in holding that a Rule 60(b) motion based on previous habeas counsel's omissions is a second or successive habeas petition for which the inmate must obtain authorization from the court of appeals).  Judge Eisele's ruling that Lee's Rule 59(e) motion was in reality a successive motion under section 2255 (2010 WL 5347174 at *5) is consistent with *Gonzales* and *Ward*.

Lee attempts to avoid this conclusion by arguing that Judge Eisele's decision, like *Gonzales* and *Ward*, predate *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).  The difficulty with Lee's argument is that neither *Martinez* nor *Trevino* addressed the issue of what constitutes a second or successive habeas petition.  Rather, those two cases arose in a different procedural context than *Gonzales*, *Ward*, and this case, and the Supreme Court's opinions in those two cases addressed a different procedural issue.

Appellate Case: 14-2853   Page: 10   Date Filed: 11/18/2014 Entry ID: 4217268

In *Martinez* and *Trevino*, the federal courts were asked to review state criminal proceedings to determine whether the defendants had been convicted in violation of the United States Constitution. The issues addressed by *Martinez* and *Trevino* arose because federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553-54, 115 L. Ed. 2d 640 (1991). "This rule applies whether the state law ground is substantive or procedural." *Id.*, 111 S. Ct. at 2554. Thus, as a general rule, federal habeas relief is barred "when the state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 729-30, 111 S. Ct. at 2554. As a corollary to the proposition that federal habeas relief is barred when a state court has declined to reach the merits because the prisoner failed to meet a state procedural requirement, "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Id.* at 731, 111 S. Ct. at 2554. Nevertheless, even when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," the prisoner can obtain federal habeas review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750, 111 S. Ct. at 2565. In *Coleman*, after the prisoner's habeas petition was denied, his lawyer waited thirty-three days after entry of the judgment to file the notice of appeal, which was due, under the state-court rules, thirty days after entry of the judgment. *Id.* at 727, 111 S. Ct. at 2552-53. The state supreme court dismissed the appeal because the notice was untimely. *Id.* at 727-28, 111 S. Ct. at 2553. The United States Supreme Court held that the

error by the prisoner's lawyer did not constitute cause to excuse the procedural default. *Id*. at 752, 111 S. Ct. at 2566.

In *Martinez*, the Court modified *Coleman*, holding:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320. In *Trevino*, the Court expanded the holding in *Martinez* to cases in which the state procedures, by reason of their design and operation, make it "highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S. Ct. at 1921.

Lee argues that the circumstance of a prisoner seeking habeas relief based on ineffective assistance of counsel in a federal case is similar to the circumstance contemplated by *Trevino*, in that, as a practical matter, the first opportunity for presenting an ineffective assistance of counsel claim in a federal criminal case typically is during the initial collateral review. *Cf. Lee*, 374 F.3d at 654 ("A defendant's claims of ineffective assistance of counsel are generally not cognizable on direct appeal.") Furthermore, Lee argues, the injustice addressed in *Martinez* and *Trevino* – that a substantial claim of ineffective assistance of trial counsel may never be adjudicated on the merits because of the ineffectiveness of counsel on initial collateral review – is equally present in a federal case in which counsel on initial collateral review is ineffective for failing to raise a claim of ineffective assistance of counsel at trial.

Perhaps so. Nevertheless, section 2255 provides that, before a prisoner can bring a second or successive habeas petition, he must obtain authorization from the court of appeals; and, as noted,

10

10

neither *Martinez* nor *Trevino* changed the law as to what constitutes a second or successive petition. Lee has not obtained authorization from the Eighth Circuit to file a second or successive section 2255 petition.[5]

For the reasons stated, and as Judge Eisele held in denying Lee's Rule 59(e) motion, Lee's Rule 60(b) motion is a second or successive habeas petition under section 2255 for which Lee needs but has not obtained authorization from the Eighth Circuit.  Therefore, the motion is denied without prejudice.

IT IS SO ORDERED this 18th day of March, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[5] Lee's argument would require the Court to read into sections 2254 and 2255 a distinction that is unsupported by the text.  According to Lee, if a section 2255 petition were to omit a substantial claim of ineffective assistance of trial counsel, a subsequent motion under Rule 60(b) would not be a second or successive petition, but if a section 2254 petition were to omit a substantial claim of ineffective assistance of trial counsel, a subsequent motion under Rule 60(b) would be a second or successive petition.  Lee points to no portion of the statutes or Rule 60(b), however, as a textual basis for such a distinction.

11

Appellate Case: 14-2853   Page: 13   Date Filed: 11/18/2014 Entry ID: 4217268

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                        No. 4:97CR00243-02 JLH

DANIEL LEWIS LEE                                        DEFENDANT

<u>**JUDGMENT**</u>

Pursuant to the Memorandum Opinion entered separately today, Daniel Lewis Lee's motion

for an indicative ruling and motion for relief pursuant to Fed. R. Civ. P. 60(b) are denied.  Documents

#1230 and #1231.

IT IS SO ORDERED this 18th day of March, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No: 13-2058

_____

Ernest Cornelius Williams

Petitioner - Appellant

v.

Paul K. Delo

Respondent - Appellee

_____

Appeal from U.S. District Court for the Eastern District of Missouri - St. Louis
(4:13-cv-00137-JAR)

_____

## JUDGMENT

Missouri prisoner Ernest C. Williams seeks a certificate of appealability following the district court's order construing his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2254 petition and denying it for lack of our authorization. In his motion, Williams alleged ineffective assistance of state post conviction relief counsel excused the procedural default of his federal habeas claims in light of Martinez v. Ryan, 132 S. Ct. 1309 (2012) (ineffective assistance in initial-review collateral proceeding on claim of ineffective assistance at trial may provide cause for procedural default in federal habeas proceeding). We conclude Williams's motion was a true Rule 60(b) motion. See Gonzalez v. Crosby, 545 U.S. 524, 532 & n.4 (2005) (Rule 60(b) motion should not be treated as successive habeas motion if it asserts previous ruling precluding a merits determination, such as denial for procedural default, was wrong); Adams v. Thaler, 679 F.3d 312, 319 (5th Cir. 2012) (holding Rule 60(b) motion challenging rejection of § 2254 petition for procedural default in light of Martinez should not be construed as successive § 2254 petition, thus district court had jurisdiction to consider motion). Accordingly, we grant a certificate, and reverse and remand for the district court to consider Williams's Rule 60(b)

13

motion in the first instance.  See Spitznas v. Boone, 464 F.3d 1213, 1219 (10th Cir. 2006) (if court of appeals determines district court improperly characterized true Rule 60(b) motion as successive petition, court of appeals ordinarily remands to permit district court to address true Rule 60(b) issues).

September 23, 2013

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

_____

/s/ Michael E. Gans

14

Appellate Case: 14-2858     Page: 16     Date Filed: 09/23/2013 Entry ID: 4078411