In the

# United States Court of Appeals
For the Eighth Circuit

UNITED STATES OF AMERICA,
Appellee,

v.

DANIEL LEWIS LEE,
Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
District Court No. 4:97-CR-00243-02-JLH (Holmes, J.)

## BRIEF FOR THE UNITED STATES

CHRISTOPHER R. THYER
United States Attorney
Eastern District of Arkansas

LESLIE R. CALDWELL
Assistant Attorney General

SUNG-HEE SUH
Deputy Assistant Attorney General

JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1260
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................iii

JURISDICTIONAL STATEMENT.....................................................................1

STATEMENT OF THE ISSUE ............................................................................1

STATEMENT OF THE CASE .............................................................................2

    I.      The Murders ..............................................................................3

    II.     Trial and Sentencing.................................................................4

        A.     Dr. Cunningham's Cross-Examination ........................6

        B.     Dr. Ryan's Rebuttal Testimony ...................................8

        C.     The Jury's Sentencing Verdict .....................................8

        D.     The Motion for a New Sentencing Hearing ................9

    III.    The Section 2255 Motion.........................................................11

        A.     The District Court's Denial of the Section 2255 Motion ............12

        B.     The Rule 59(e) Motion for Reconsideration .............14

        C.     The Appeal from the Denial of the Section 2255 Motion ...........16

        D.     The Rule 60(b) Motion for Relief from the Judgment ...............17

SUMMARY OF ARGUMENT ............................................................................20

STANDARD OF REVIEW ..................................................................................23

Appellate Case: 14-2853    Page: 2    Date Filed: 01/12/2015 Entry ID: 4233753

ARGUMENT ......................................................................................... 23

THE DISTRICT COURT LACKED JURISDICTION OVER LEE'S
RULE 60(b) MOTION BECAUSE IT IS A SECOND OR SUCCESIVE
MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 AND LEE DID NOT
OBTAIN PRECERTIFICATION FROM THIS COURT

I.      Lee Was Afforded His One Full Opportunity to Collaterally
        Attack His Conviction and Sentence Under 28 U.S.C. § 2255......... 23

II.     Lee's Rule 60(b) Motion is a Second or Successive Motion for
        Relief Under 28 U.S.C. § 2255 ...................................................... 26

III.    *Martinez* and *Trevino* Do Not Provide a Basis to Avoid Section
        2255's Restrictions on Second or Successive Motions.................... 32

        A.      Collateral Review of Federal and State Convictions in Federal
                Court Are Different in Important Respects............................... 33

        B.      *Martinez* and *Trevino* Are Only Applicable When State Prisoners
                Seek Federal Habeas Review of State Convictions..................... 36

CONCLUSION....................................................................................... 42

CERTIFICATE OF COMPLIANCE ......................................................... 43

CERTIFICATE OF SERVICE ................................................................. 44

Appellate Case: 14-2853   Page: 3   Date Filed: 01/12/2015 Entry ID: 4233753

# TABLE OF AUTHORITIES

## Cases

*Abdullah v. United States*, 240 F.3d 683 (8th Cir. 2001) ................................. 24

*Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012) ................................. 39

*Barnett v. Roper*, 941 F. Supp. 2d 1099 (E.D. Mo. 2013)................................. 39

*Bousley v. United States*, 523 U.S. 614 (1998) ...............................34, 36

*Brooks v. Bobby*, 660 F.3d 959 (6th Cir. 2011) ................................. 31

*Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012) ............................ 41

*Cook v. Ryan*, 688 F.3d 598 (9th Cir. 2012)................................. 39

*Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993) ....................................... 16

*Dretke v. Haley*, 541 U.S. 386 (2004)................................. 36

*Franqui v. Florida*, 638 F.3d 1368 (11th Cir. 2011) ........................................ 30

*Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011)................................. 27

*Gonzalez v. Crosby*, 545 U.S. 524 (2005) ...................................passim

*Harris v. United States*, 367 F.3d 74 (2d Cir. 2004) ........................................ 30

*Hines v. United States*, 282 F.3d 1002 (8th Cir. 2002) ..................................... 24

*In re Threadgill*, 522 Fed. Appx. 236 (5th Cir. 2013)...................................... 38

*In re United States*, 197 F.3d 310 (8th Cir. 1999)................................. 5

*Jones v. Ryan*, 733 F.3d 825 (9th Cir. 2013) ................................. 38

*Magwood v. Patterson*, 561 U.S. 320 (2010)................................. 38

Appellate Case: 14-2853   Page: 4   Date Filed: 01/12/2015 Entry ID: 4233753

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012) ................................................passim

*Massaro v. United States*, 538 U.S. 500 (2003) ..................................... 34, 36, 37

*McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013)...................................... 36

*O'Connor v. United States*, 133 F.3d 548 (7th Cir. 1998) ............................... 25

*Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011)................................ 25

*Schawitsch v. Burt*, 491 F.3d 798 (8th Cir. 2007)................................ 34

*Strickland v. Washington*, 466 U.S. 688 (1984) ................................ 35

*Trevino v. Thaler*, 133 S. Ct. 1911 (2013) ................................................passim

*United States v. Barrett*, 178 F.3d 34 (1st Cir. 1999)........................... 25

*United States v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011) ............................... 27

*United States v. Frady*, 456 U.S. 152 (1982) ................................ 34

*United States v. Guillory*, Crim. No. 2:02-20062,
2013 WL 4782211 (W.D. La. Sept. 5, 2013) ........................... 41

*United States v. Hamilton*, 604 F.3d 572 (8th Cir. 2010)................................ 24

*United States v. Kehoe*, 310 F.3d 579 (8th Cir. 2002)........................... 3

*United States v. Lambros*, 404 F.3d 1034 (8th Cir. 2005) ...........................24, 25

*United States v. Lee*, 274 F.3d 485 (8th Cir. 2001), *cert. denied*,
537 U.S. 1000 (2002) ................................................. 2, 7, 9, 17

*United States v. Lee*, 374 F.3d 637 (8th Cir. 2004), *cert. denied*,
545 U.S. 1141 (2005) ................................................. 2, 3, 4, 11

*United States v. Lee*, 715 F.3d 215 (8th Cir. 2013), *cert. denied*,
135 S. Ct. 72 (2014) ................................................. 2, 17, 33

Appellate Case: 14-2853     Page: 5     Date Filed: 01/12/2015 Entry ID: 4233753

*United States v. Lee*, 89 F. Supp. 2d 1017 (E.D. Ark. 2000) ..................2, 6, 7, 9

*United States v. Lee*, No. 97-CR-00243, 2014 WL 1093197
(E.D. Ark. Mar. 18, 2014)...................................................................... 3

*United States v. Lee*, No. 97-CR-00243, 2008 WL 4079315
(E.D. Ark. Aug. 28, 2008)...................................................2, 12, 20, 40

*United States v. Lee*, No. 97-CR-00243, 2010 WL 5347174
(E.D. Ark. Dec. 22, 2010) ................................................. 2, 15, 22, 29, 38

*United States v. Mosetti*, No. 3:11-CR-0017-M-1, 2014 WL 4707247
(N.D. Tex. Sept. 22, 2014) ...................................................................... 41

*United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) ................................... 24

*United States v. Purkey*, 428 F.3d 738 (8th Cir. 2005) ...................................... 4

*United States v. Sellner*, No. 13-3794, 2014 WL 7012258
(8th Cir. Dec. 15, 2014) ........................................................... 23, 24, 27

*United States v. Soto-Valdez*, No. CV-99-1591, 2013 WL 5297142
(D. Ariz. Sept. 19, 2013) ...................................................................... 42

*United States v. Williams*, 3:94-cr-3136-RB-CJK, 2013 WL 5596285
(N.D. Fla. Oct. 10, 2013)...................................................................... 41

*Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009)................................................. 31

*Williams v. Delo*, 4:13-CV-13- JAR, 2013 WL 425406
(E.D. Mo. Feb. 4, 2013)...................................................................... 39

*Williams v. Norris*, 461 F.3d 999 (8th Cir. 2006)........................................... 26

*Williams v. Steele*, 4:90-CV-239-JAR, 2014 WL 1303680
(E.D. Mo. Mar. 31, 2014) ...................................................................... 40

v

Appellate Case: 14-2853     Page: 6     Date Filed: 01/12/2015 Entry ID: 4233753

# Statutes and Rules

18 U.S.C. § 1959(a)(1) ..................................................................... 4

18 U.S.C. § 1962(c) ........................................................................ 4

18 U.S.C. § 1962(d) ........................................................................ 4

18 U.S.C. § 3593(c) ...................................................................... 10

28 U.S.C. § 1291 ............................................................................ 1

28 U.S.C. § 2244(b)(2) .................................................................. 27

28 U.S.C. § 2253 ............................................................................ 1

28 U.S.C. § 2254 ....................................................................passim

28 U.S.C. § 2254(a) ...................................................................... 34

28 U.S.C. § 2255 ....................................................................passim

28 U.S.C. § 2255(a) ...................................................................... 33

28 U.S.C. § 2255(h) .................................................................passim

Federal Death Penalty Act, 18 U.S.C. §§ 3591-3593 ..................................... 4

Fed. R. Civ. P. 59(e) ..............................................................passim

Fed. R. Civ. P. 60(b) ..............................................................passim

Fed. R. Civ. P. 81(a)(4)(A) ........................................................... 25

Fed. R. Evid. 702 ......................................................................... 16

Appellate Case: 14-2853    Page: 7    Date Filed: 01/12/2015 Entry ID: 4233753

## JURISDICTIONAL STATEMENT

This is an appeal from a district court order dismissing for lack of jurisdiction a Fed. R. Civ. P. 60(b) motion that the court determined to be a second or successive motion for postconviction relief under 28 U.S.C. § 2255. Lee Add. 1-11.[1] After the court denied a timely motion for reconsideration under Fed. R. Civ. P. 59(e), Dkt. 1252, it granted a motion for an extension of time to file a notice of appeal, Dkt. 1259. Lee subsequently filed a timely notice of appeal, Dkt. 1262, and the district court issued a certificate of appealability, Lee App. 208. This Court has jurisdiction under 28 U.S.C. § 2253 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether Lee's Rule 60(b) motion, which seeks to reopen the judgment denying his Section 2255 motion so that he can assert a claim of ineffective assistance of trial counsel, is a "second or successive" motion for postconviction relief under 28 U.S.C. § 2255(h).

---

[1] "Lee Add." refers to the addendum to Lee's brief ("Lee Br."). "Lee App." refers to Lee's appendix. "Tr." refers to the consecutively-paginated trial transcript. "Dkt." refers to district court docket entries. "COA Motion" refers to the motion Lee filed in this Court on June 20, 2011, in case number 11-1380, seeking to expand the certification of appealability. "Lee Section 2255 Br." refers to the opening brief Lee filed in that appeal.

1

# STATEMENT OF THE CASE

This is a capital murder case with a long procedural history. In 1999, a federal jury recommended that Lee receive the death penalty for three murders he had committed in January 1996. The district court (Eisele, J.) granted Lee a new sentencing hearing, *United States v. Lee*, 89 F. Supp. 2d 1017 (E.D. Ark. 2000), but this Court reversed and reinstated the sentence of death, *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001), *cert. denied*, 537 U.S. 1000 (2002). The Court subsequently affirmed Lee's conviction and sentence on direct appeal. *United States v. Lee*, 374 F.3d 637 (8th Cir. 2004), *cert. denied*, 545 U.S. 1141 (2005).

Lee filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Dkt. 1118. The district court denied the motion and a motion for reconsideration. *United States v. Lee*, No. 97-CR-00243, 2008 WL 4079315 (E.D. Ark. Aug. 28, 2008); *United States v. Lee*, No. 97-CR-00243, 2010 WL 5347174 (E.D. Ark. Dec. 22, 2010). This Court affirmed. *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013), *cert. denied*, 135 S. Ct. 72 (2014).

In September 2013, Lee filed a motion under Fed. R. Civ. P. 60(b) for relief from the judgment denying his Section 2255 motion. Lee. App. 15-71. The district court concluded that it lacked jurisdiction because the motion was an uncertified "second or successive" motion for postconviction relief under 28

2

Appellate Case: 14-2853     Page: 9     Date Filed: 01/12/2015 Entry ID: 4233753

U.S.C. § 2255(h). Lee Add. 1-11; *see United States v. Lee*, No. 97-CR-00243, 2014 WL 1093197 (E.D. Ark. Mar. 18, 2014). The district court denied a motion for reconsideration, Dkt. 1252, but granted Lee's request for a certificate of appealability, Lee App. 208.

This appeal followed.

## I.    The Murders

In January 1996, Lee and Chevie Kehoe committed three murders in furtherance of a scheme to create an independent nation of white supremacists in the Pacific Northwest. Expecting to find valuable property, they went to the Arkansas home of William Mueller, a gun dealer who owned a large collection of weapons and ammunition. When Mueller arrived home with his wife Nancy and their eight-year-old daughter, Sarah Powell, Lee and Kehoe overpowered and incapacitated the Muellers and then questioned Sarah Powell about the location of cash, guns, and ammunition. After taking weapons and $50,000 in cash, Lee and Kehoe shot the three victims with a stun gun, placed plastic trash bags over their heads, and sealed the bags with duct tape to asphyxiate them. The men taped rocks to the bodies and threw them into the nearby Illinois Bayou. *Lee*, 374 F.3d at 641-42; *United States v. Kehoe*, 310 F.3d 579, 584-85 (8th Cir. 2002).

Appellate Case: 14-2853    Page: 10    Date Filed: 01/12/2015 Entry ID: 4233753

## II.     Trial and Sentencing

Lee and Kehoe were charged under the RICO statute with one count of conducting the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c); and one count of conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d); and with three capital counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). The government provided notice of its intent to seek the death penalty against both defendants for each of the three murders. *See Lee*, 374 F.3d at 642.

Lee and Kehoe were tried together before a jury and, after a two-month trial, found guilty on all counts. Tr. 7111-16. Separate hearings were held to determine whether each defendant should receive the death penalty for the three capital murders. *See* Tr. 7169-7337 (Kehoe sentencing hearing); Tr. 7367-8022 (Lee sentencing hearing).

The Federal Death Penalty Act, 18 U.S.C. §§ 3591-3593, required that the jury determine whether aggravating factors proved by the government sufficiently outweighed any mitigating factors proved by the defendants to justify the death penalty. *See generally United States v. Purkey*, 428 F.3d 738, 749, 761 (8th Cir. 2005). At both hearings, the government argued that five aggravating factors supported imposition of the death penalty, including that

4

Lee and Kehoe would be a danger in the future to the lives and safety of others. *See* Tr. 7175, 7373.

At Kehoe's sentencing hearing, which went ahead first, the jury unanimously decided against a sentence of death for each of the three murders and in favor of life imprisonment without the possibility of release. Tr. 7328-37. The United States declined to withdraw Lee's death notice in light of Kehoe's sentencing verdict. *See In re United States*, 197 F.3d 310, 311-12 (8th Cir. 1999).

The emphasis of the government's case at Lee's sentencing hearing was the aggravating factor of his future dangerousness. *See* Tr.7379-88. The government introduced evidence regarding Lee's involvement in an earlier murder in 1990, Tr. 7394-96, 7401-07, 7412-15, 7441-46, and evidence regarding Lee's violent threats to a prison guard while incarcerated, Tr. 7462-67. The government argued that this evidence, and the evidence of Lee's offense conduct introduced during the guilt phase of the trial, showed that Lee was violent and volatile and would present a danger to others in the future. Tr. 7381, 7956-75.

Lee claimed 14 mitigating factors. *See* Tr. 7373-75. The emphasis of the defense presentation, however, was that Lee suffered from mental impairment due to his troubled upbringing. *See, e.g.*, Tr. 7385-88. The defense called lay

5

witnesses, including Lee's mother, to testify about his past. *See, e.g.*, Tr. 7485-7553. The defense also called two expert witnesses, Mark Cunningham, Ph.D., and Kevin Bianchini, Ph.D. Tr. 7651-7895. Dr. Cunningham testified about Lee's "adverse development life experiences," Tr. 7661, and opined that Lee "experienced many traumatic and adverse life experiences that fundamentally shaped him . . . neurologically, psychologically, socially, emotionally and ethically, and that . . . contributed to his involvement in this offense," Tr. 7742. Dr. Bianchini testified that Lee suffered from "nonpsychotic mental disorder following organic brain damage," which he characterized as "a very general term to describe brain damage." Tr. 7869.

### A.    Dr. Cunningham's Cross-Examination

During cross-examination of Dr. Cunningham, the government elicited testimony that he had reviewed a report by the government's expert, Dr. Paul Ryan, and in the report Dr. Ryan had identified Lee as falling into the psychopathy range under the Hare psychopathy checklist revised (PCL-R), a test that was developed by a well-respected psychologist, Dr. Robert Hare, to determine whether an individual meets the criteria to be categorized as a "psychopath." Tr. 7782-84, 7797; *see Lee*, 89 F. Supp. 2d at 1024-26. Dr. Cunningham was asked on cross-examination whether the Hare checklist is useful to determine whether an individual would be dangerous in the future.

6

Appellate Case: 14-2853    Page: 13    Date Filed: 01/12/2015 Entry ID: 4233753

*See, e.g.*, Tr. 7795-98. Dr. Cunningham testified that the Hare checklist is useful to assess the risk of future violence in the community but that it had "not yet been shown to be predictive of correctional institutional violence." Tr. 7812. He testified that he "did not find it to be adequately research supported to tell me . . . how is this person going to act in prison" and therefore he had "discontinued using" the Hare checklist in capital cases. Tr. 7828-29.

The defense objected to the cross-examination of Dr. Cunningham regarding psychopathy and Lee's future dangerousness. Tr. 7746-47, 7832. The defense also sought to preclude the government from introducing evidence on rebuttal regarding psychopathy or Lee's future dangerousness. *Lee*, 274 F.3d at 490; Tr. 7830. According to the defense, Dr. Cunningham had not performed a risk assessment on Lee and had not testified about Lee's future dangerousness and therefore cross-examination or rebuttal testimony about psychopathy or future dangerousness would be outside the scope of the defense case. Tr. 7746-47; *see Lee*, 89 F. Supp. 2d at 1023-24 & n.2.

The district court ultimately agreed and concluded that it had "probably permitted the government to go much farther on cross-examination [of Dr. Cunningham] than is proper." Tr. 7836. The court accordingly granted Lee's "motion in limine with respect to the issue of psychopathy, the Hare

7

psychopathy test, and any reference to the defendant being a, quote, psychopath, unquote, on the basis that such would not be proper rebuttal." *Id.*

### B.    Dr. Ryan's Rebuttal Testimony

The government called Dr. Ryan as a rebuttal witness. On direct examination, he testified, among other things, that he had spent over 20 hours speaking with Lee, Tr. 7906, and that—contrary to Dr. Bianchini's diagnosis— Lee did not have brain damage and did not suffer from a mental illness, Tr. 7907-18. In addition, the court allowed the government to elicit testimony, over the objection of defense counsel, that Lee did not express remorse for getting into fights or other misconduct. Tr. 7929-31. In accordance with the district court's ruling, however, Dr. Ryan did not testify about the risk assessment he performed on Lee or his diagnosis of Lee as a psychopath. Nor did Dr. Ryan offer an opinion that Lee's diagnosis as a psychopath showed that he posed a risk of future dangerousness while in prison.

### C.    The Jury's Sentencing Verdict

The jury rejected the government's contention that Lee committed the murders after substantial planning and premeditation but concluded that the evidence established the other aggravating factors alleged by the government, including that Lee would be a danger to others in the future. Tr. 8017, 8020. The jury largely rejected Lee's mitigation case, with one or more of the jurors

8

finding the existence of only five of the 14 mitigating factors claimed by Lee. Tr. 8017-19. The jurors unanimously rejected the contention that Lee had a mental impairment that should weigh against application of the death penalty. Tr. 8018-19. After weighing the aggravating and mitigating factors, the jury unanimously decided to impose a sentence of death for each of the three murder charges. Tr. 8019-22.

### D. The Motion for a New Sentencing Hearing

The district court granted a motion by Lee for a new sentencing hearing. *United States v. Lee*, 89 F. Supp. 2d 1017, 1041-42 (E.D. Ark. 2000). As relevant here, the court concluded that the cross-examination of "Dr. Cunningham went well beyond the mitigation evidence raised by Dr. Cunningham on direct and ultimately became an expanded encore presentation of the Government's case for future dangerousness." *Id.* at 1028; *see id.* at 1029-31. The court similarly concluded that Dr. Ryan's rebuttal testimony "also improperly focused on Defendant Lee's violent character traits." *Id.* The court concluded that it "erred in failing to restrain the Government in these respects despite Defendant Lee's insistence that the questioning was improper" and as a result "Lee's rights were irreversibly compromised." *Id.* at 1028-29.

This Court reversed and reinstated Lee's death sentence. *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001), *cert. denied*, 537 U.S. 1000 (2002). The Court

9

concluded, in relevant part, that the district court did not err in allowing the government to elicit testimony from Dr. Cunningham "on the issue of psychopathy," even if the testimony exceeded the scope of Dr. Cunningham's direct examination. *Id.* at 495. The Court explained that the "Federal Death Penalty Act (FDPA) erects very low barriers to the admission of evidence at capital sentencing hearings" and allows a district court to "exclude evidence only 'if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.'" *Id.* at 494 (quoting 18 U.S.C. § 3593(c)) (emphasis omitted). The Court concluded that "Lee's potential psychopathy was probative of his future dangerousness." *Id.* The Court further concluded that there was no "threat of unfair prejudice" because "Lee opened the door to testimony concerning psychological diagnosis" by "introducing a mental health expert in defense." *Id.* at 495. As for Dr. Ryan's rebuttal testimony, the Court concluded that "[t]he government's brief examination of Dr. Ryan concerning Lee's lack of remorse exceeded the scope of Dr. Cunningham's direct testimony, but Dr. Ryan's statement fell within the wide boundaries set for the admission of evidence at capital sentencing hearings." *Id.* The Court was unable to "conclude that this single comment unfairly prejudiced Lee." *Id.*

10

### III. The Section 2255 Motion

This Court affirmed Lee's conviction and sentence on direct appeal, *United States v. Lee*, 374 F.3d 637 (8th Cir. 2004), *cert. denied*, 545 U.S. 1141 (2005), and Lee filed a motion for postconviction relief under 28 U.S.C. § 2255, Dkt. 1118. As relevant here, Lee advanced three claims regarding the testimony of Dr. Cunningham and Dr. Ryan during the sentencing hearing. Dkt. 1118, at 33-34.

First, he argued that he received ineffective assistance of counsel because his lawyers "failed to fully and continuously object during the government's improper cross-examination" of Dr. Cunningham. Dkt. 1118, at 33. According to Lee, "the government exceeded the proper scope of cross examination and made Dr. Cunningham their own expert witness on the issue of [his] future dangerousness." *Id.* Second, he asserted that his counsel were ineffective because they used Dr. Cunningham, instead of a lay witness, to offer testimony about Lee's "life and family history." Dkt. 1118, at 33. According to Lee, this strategy "allowed the government to open the door to cross examination on the inflammatory issue of 'psychopathy.'" *Id.* at 34. Third, he argued that his counsel were ineffective because they "failed to object to Dr. Ryan's testimony as improper rebuttal given that Dr. Cunningham never offered a diagnosis." Dkt. 1118, at 34. Lee stated in a footnote that Dr. Ryan no longer believes that

11

Appellate Case: 14-2853     Page: 18     Date Filed: 01/12/2015 Entry ID: 4233753

the Hare psychopathy checklist is "an appropriate instrument to be utilized in evaluating the future danger of capital defendants." *Id.* at 34 n.14.

## A. The District Court's Denial of the Section 2255 Motion

The district court denied Lee's Section 2255 motion. *United States v. Lee*, No. 97-CR-00243, 2008 WL 4079315 (E.D. Ark. Aug. 28, 2008). As relevant here, the court rejected Lee's three claims regarding the testimony of Dr. Cunningham and Dr. Ryan. *Id.* at *47-*48.

First, with respect to Lee's claim that "his counsel erred in allowing the Government to exceed the scope of cross-examination and make Dr. Cunningham a witness for the prosecution as to [his] future dangerousness," the court concluded that Lee's "[t]rial counsel performed exactly as [Lee] now argues that they should have—by interposing a continuing objection to said cross-examination of Dr. Cunningham." *Id.* at *46. The court further concluded that "[t]he subject of Dr. Cunningham's testimony has received extensive scrutiny, both post-trial and on appeal," and the "the merits of this issue, which have been ruled on by the Eighth Circuit, may not be revisited on collateral review." *Id.*

Second, the court concluded that it was a reasonable trial strategy to have Dr. Cunningham, rather than a lay witness, present Lee's "family and social history including a history of prior mental diagnoses." *Id.* at *47. The

12

"strategy provided Lee with the benefit of having a certified forensic psychologist detail his family and social history, which allowed the expert to summarize such history with broad sweeping opinions which were difficult to counter." *Id.* In addition, the court concluded, Lee's "trial counsel may not be faulted because their best efforts to limit Dr. Cunningham's testimony on cross-examination failed." *Id.* "Trial counsel attempted to limit the risk of damaging cross-examination of Dr. Cunningham by not having him perform any risk assessment or offer any testimony on direct as to a formal diagnosis or future dangerousness," the court concluded, and "[i]t was certainly not foreseeable that this Court would allow the Government to expand the cross-examination as far as it did." *Id.*

Third, the court found no merit to the claim that Lee's trial counsel were ineffective for failing to object to Dr. Ryan's rebuttal testimony. *Id.* at *47-*48. The court concluded that Lee's "premise that Dr. Ryan was offered as a rebuttal witness to Dr. Cunningham is flawed, since a fair reading of Dr. Ryan's testimony indicates that he was called primarily to counter the opinion testimony of Petitioner's expert, Kevin Joseph Bianchini, Ph.D," who "diagnosed Lee with 'nonpsychotic mental disorder following organic brain damage.'" *Id.* at *48. The court also concluded that Lee could not establish prejudice from any failure to object to Dr. Ryan's testimony. *Id.* "In light of

13

Appellate Case: 14-2853    Page: 20    Date Filed: 01/12/2015 Entry ID: 4233753

this Court's prior decision to set aside the death verdict and the Eighth Circuit's subsequent holding that the evidence presented through Dr. Cunningham and Dr. Ryan as to Lee's psychopathy and lack of remorse did not unfairly prejudice Lee," the court concluded, "it is difficult to see how any additional objection that Petitioner's counsel could have made to Dr. Cunningham's or Dr. Ryan's testimony could have altered the outcome." *Id.*

## B.     The Rule 59(e) Motion for Reconsideration

Lee filed a motion for reconsideration under Fed. R. Civ. P. 59(e), asserting numerous grounds for rehearing. *See* Dkt. 1165. As relevant here, Lee argued for the first time that he received ineffective assistance of counsel because his trial counsel did not object to the psychopathy testimony elicited during cross-examination of Dr. Cunningham as "scientifically invalid and non-probative of the issue of future dangerousness." Dkt. 1165, at 20. Lee attached to his motion affidavits from psychologists (dated May 2000) stating that the current research was insufficient to conclude that the Hare psychopathy checklist could predict future dangerousness in prison. Dkt. 1165-7. Lee also attached an affidavit from Dr. Ryan stating that as of 2000 he

14

determined it was not appropriate to use the Hare psychopathy checklist to assess an individual's future dangerousness in prison. Dkt. 1165-4.[2]

The district court denied the motion. *United States v. Lee*, No. 97-CR-00243, 2010 WL 5347174 (E.D. Ark. Dec. 22, 2010). The court determined that at least some of the claims raised in the motion, including the claim pertaining to the psychopathy evidence and cross-examination of Dr. Cunningham, were subject to the applicable restrictions on filing second or successive motions for postconviction relief under 28 U.S.C. § 2255. *Id.* at *5, *6; *see* 28 U.S.C. § 2255(h). The court also concluded that relief was not warranted under Rule 59(e). *Id.* The court found that Lee did not "present[] anything that would require the Court to revisit a previously asserted claim, such as showing manifest errors of law or fact." *Id.* at *6. Most of the claims raised in the Rule 59(e) motion were "either reiterations of previous arguments or attempts to introduce new evidence or legal theories which could have been raised prior to the entry of judgment." *Id.*

---

[2] Consistent with Dr. Cunningham's testimony at Lee's sentencing hearing, Tr. 7812, 7828-29, these affidavits stated that scientific studies did not show a statistically significant relationship between a diagnosis as a psychopath and acts of physical violence while in prison, *see* Dkt. 1654-7, at 3-4. There does not appear to be a dispute, however, that a person diagnosed as a psychopath using the Hare checklist is more likely to present a risk of future dangerousness in the general population.

15

Appellate Case: 14-2853     Page: 22     Date Filed: 01/12/2015 Entry ID: 4233753

### C. The Appeal from the Denial of the Section 2255 Motion

After the district court granted a certificate of appealability on one issue—whether Lee's death sentence was unconstitutional because his co-defendant Chevie Kehoe received a sentence of life imprisonment, *see* Dkt. 1204—Lee filed a motion in this Court seeking to expand the certificate of appealability to encompass 17 additional issues. COA Motion 9-132. Among the issues for which Lee sought a certificate of appealability was whether "trial counsel rendered constitutionally ineffective assistance by failing to challenge the government's introduction of evidence of Mr. Lee's alleged psychopathy and concomitant predisposition towards violence on the ground that it was scientifically invalid and unsupportable and wholly misleading to the jury." COA Motion 78. According to Lee, "[r]easonably competent counsel would have moved to exclude the evidence under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993)." *Id.*

This Court expanded the certificate of appealability to encompass one additional claim—whether Lee received ineffective assistance of counsel during jury selection—but denied Lee's motion as to all other claims. Order, *United States v. Lee*, No. 11-1380 (8th Cir. Feb. 17, 2012). In the ensuing appeal, Lee argued—as relevant here—that the disparity between his and Kehoe's sentences showed that his death sentence was unconstitutionally arbitrary and

16

this "arbitrariness" was "exacerbated" by the psychopathy evidence elicited at trial because "there is no scientific bases whatsoever for the proposition that individuals diagnosed as psychopaths are likely to be dangerous when incarcerated." Lee Section 2255 Br. 40-41; *see* Lee Section 2255 Br. 16-33, 38-40.

This Court affirmed the district court's denial of Lee's Section 2255 motion. *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013), *cert. denied*, 135 S. Ct. 72 (2014). With respect to Lee's contention that "the government's evidence of future dangerousness was premised on junk science," the Court determined that this issue was "beyond the scope of our certificate of appealability" and "therefore not properly before the court." *Id.* at 224. The Court also noted that it had "previously concluded that there was no 'threat of unfair prejudice' from the elicitation in this case of psychopathy evidence by the government during sentencing." *Id.* at (quoting *Lee*, 274 F.3d at 495).

### D. The Rule 60(b) Motion for Relief from the Judgment

After this Court affirmed the denial of Lee's Section 2255 motion, he filed a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). Lee App. 17-71.[3] In that motion, Lee sought to reopen the judgment in yet

---

[3] Lee filed the Rule 60(b) motion at the same time he filed a petition for rehearing en banc. This Court denied a motion to stay appellate proceedings and denied the petition for rehearing en banc.

17

another attempt to assert the claim that he received ineffective assistance of counsel at trial because his lawyers "unreasonably failed . . . to challenge the reliability and validity" of using the Hare psychopathy checklist as a predictor of future dangerousness in prison. Lee App. 17-18; *see* Lee App. 21-22. Lee argued that Rule 60(b) provides a vehicle to raise this claim—and the motion is not subject to the limitations on "second or successive" Section 2255 motions set forth at 28 U.S.C. § 2255(h)—because the lawyers who represented him in the Section 2255 proceedings were negligent in failing to raise the claim adequately. Lee. App. 28-38.

The district court (Holmes, J.) concluded that it lacked jurisdiction over Lee's motion. Lee Add. 1-11.[4] The court explained that after the denial of a Section 2255 motion a district court must determine whether a "motion that purports to be a Rule 60(b) motion . . . in fact amounts to a second or successive collateral attack under section 2255." Lee Add. 6-7. A district court lacks jurisdiction over a second or successive Section 2255 motion absent authorization from the court of appeals. Lee Add. 7 (citing 28 U.S.C. § 2255(h)). The court agreed with Judge Eisele's reasoning in his prior denial of Lee's Rule 59(e) motion and held that Lee's Rule 60(b) motion—which sought to raise the same claim as the Rule 59(e) motion—amounted to a

---

[4] This case was assigned to Judge Holmes after Judge Eisele's retirement.

18

Appellate Case: 14-2853     Page: 25     Date Filed: 01/12/2015 Entry ID: 4233753

second or successive Section 2255 motion "for which Lee needs but has not obtained authorization from the Eighth Circuit." Lee Add. 11.

The court determined that this conclusion was compelled by the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Lee Add. 7-8. Although *Gonzalez* considered whether a Rule 60(b) motion qualified as a second or successive habeas petition under 28 U.S.C. § 2254, the court explained, "the circuits have held that [*Gonzalez*] applies to section 2255 proceedings." Lee Add. 7 n.4. And under *Gonzalez*, "a Rule 60(b) motion that seeks to add a new ground for relief, or a motion that attacks a federal court's previous resolution of a habeas claim on the merits, is a second or successive habeas petition." Lee Add. 8. Although "a motion that 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings[,]' is not a second or successive habeas petition," the court explained, "'an attack on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.'" Lee Add. 8 (quoting *Gonzalez*, 545 U.S. at 532 & n.5).

The district court rejected Lee's contention that a different result was supported by the Supreme Court's recent decisions in *Martinez v. Ryan*, 132 S.

19

Appellate Case: 14-2853     Page: 26     Date Filed: 01/12/2015 Entry ID: 4233753

Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Lee Add. 8-11. The court concluded that "those two cases arose in a different procedural context" than *Gonzalez* and "addressed a different procedural issue." Lee App. 8. Neither decision "addressed the issue of what constitutes a second or successive habeas petition," Lee Add. 8, and accordingly "neither *Martinez* nor *Trevino* changed the law as to what constitutes a second or successive petition," Lee Add. 11.

## SUMMARY OF ARGUMENT

Lee's Rule 60(b) motion is a "second or successive motion" for collateral relief under 28 U.S.C. § 2255. Lee has neither obtained nor sought certification from this Court in accordance with 28 U.S.C. § 2255(h). The district court therefore correctly concluded that it lacked jurisdiction over Lee's motion.

Lee received a full and fair opportunity to collaterally attack his conviction under Section 2255. He had the chance to raise any and all claims asserting ineffective assistance of trial counsel and in fact filed a Section 2255 motion that raised many such claims. Dkt. 1118. The district court did not decline to address any of those claims for procedural reasons but rather adjudicated each of the claims on the merits. *See United States v. Lee*, No. 97-CR-00243, 2008 WL 4079315, at *8-*53 (E.D. Ark. Aug. 28, 2008). After the court rejected Lee's claims and denied the Section 2255 motion, Lee had to

20

comply with the requirements of the 28 U.S.C. § 2255(h) to file any second or successive motion for relief under Section 2255.

The Supreme Court's decision in *Gonzalez, supra*, establishes that Lee's Rule 60(b) motion is a second or successive Section 2255 motion. In the government's view, the Rule 60(b) motion seeks to assert a new claim of ineffective assistance of trial counsel that was not included in Lee's Section 2255 motion. According to Lee, the Rule 60(b) motion merely seeks to reopen the judgment in order to present additional evidence in support of a claim that was inadequately raised in the initial Section 2255 motion. *Gonzalez* establishes, however, that the motion is second or successive in either event. A Rule 60(b) motion asserting that a prior Section 2255 motion "omitted a claim of constitutional error" due to neglect and "seek[ing] leave to present that claim" is a second or successive Section 2255 motion. *Gonzalez*, 545 U.S. at 530-31. So too is a motion that "present[s] new evidence in support of a claim already litigated." *Id.* at 531. Lee's Rule 60(b) motion does not assert a defect in the integrity of the Section 2255 by attacking a ruling that precluded a merits determination. *Id.* at 532 n.4. Lee's Rule 60(b) motion instead "asks for a second chance to have the merits determined favorably" and consequently is a second or successive Section 2255 motion. 545 U.S. at 532 & n.5.

Appellate Case: 14-2853     Page: 28     Date Filed: 01/12/2015 Entry ID: 4233753

The Supreme Court's decisions in *Martinez* and *Trevino*, *supra*, do not support a different conclusion. Those decisions define the contours of the judge-made doctrine of procedural default—wherein a defendant is precluded from collaterally attacking his conviction on the basis of claims inadequately raised in prior proceedings—and specifically procedural default of ineffective-assistance-of-trial-counsel claims. A federal defendant, however, cannot procedurally default a claim of ineffective assistance of trial counsel. *Martinez* and *Trevin*o therefore have no bearing on Section 2255 proceedings; their application is limited to proceedings under 28 U.S.C. § 2254 in which state prisoners collaterally attack their state convictions in federal courts. Moreover, insofar as *Martinez* and *Trevino* define the boundaries of the judge-made doctrine of procedural default, those decisions cannot change the statutory definition of what constitutes a "second or successive motion" for purposes of 28 U.S.C. § 2255(h).

Lee's emphasis on the district court's prior denial of his Rule 59(e) motion for reconsideration misses the point. The court concluded that the Rule 59(e) motion—in which Lee first attempted to raise the claim that he now seeks to assert in his Rule 60(b) motion—was a second or successive Section 2255 motion and that, in addition, relief was not warranted under Rule 59(e). *Lee*, 2010 WL 5347174, at *5-*6. The court did not decline to address the new

22

claim raised by Lee in the Rule 59(e) motion on the basis of the doctrine of procedural default. The present Rule 60(b) motion, which asserts the same new claim, is likewise a second or successive Section 2255 motion. The intervening decisions in *Martinez* and *Trevino*, which define the scope of procedural default, have no bearing on that separate and different question.

## STANDARD OF REVIEW

This Court reviews *de novo* whether a Rule 60(b) motion constitutes a second or successive motion for relief under 28 U.S.C. § 2255. *See United States v. Sellner*, No. 13-3794, 2014 WL 7012258, at *2 (8th Cir. Dec. 15, 2014).

## ARGUMENT

**THE DISTRICT COURT LACKED JURISDICTION OVER LEE'S RULE 60(b) MOTION BECAUSE IT IS A SECOND OR SUCCESIVE MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 AND LEE DID NOT OBTAIN PRECERTIFICATION FROM THIS COURT**

I. **Lee Was Afforded His One Full Opportunity to Collaterally Attack His Conviction and Sentence Under 28 U.S.C. § 2255**

Once a federal defendant's conviction becomes final he or she "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The motion must "specify all the grounds for relief available to the moving party." Rule 2, Rules Governing Section 2255 Proceedings for the United States District Courts. Claims not raised in the motion must be pursued in a second or successive motion for relief. *United*

23

Appellate Case: 14-2853     Page: 30     Date Filed: 01/12/2015 Entry ID: 4233753

*States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010); *see Abdullah v. United States*, 240 F.3d 683, 685-86 (8th Cir. 2001); *Hines v. United States*, 282 F.3d 1002, 1005 (8th Cir. 2002).

Under provisions enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), any "second or successive motion" for relief under 28 U.S.C. § 2255 must be certified by a panel of the court of appeals. *See, e.g.*, *Sellner*, 2014 WL 7012258, at *2. The court of appeals must certify that the motion raises a claim involving "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). A district court lacks jurisdiction to consider a second or successive motion absent such certification. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam); *Boyd*, 304 F.3d at 814.

A defendant cannot avoid the certification requirement "by purporting to invoke some other procedure," *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam), such as a motion for relief from a judgment under Fed. R. Civ. P. 60(b), *see Boyd*, 304 F.3d at 814. The Federal Rules of Civil

24

Appellate Case: 14-2853     Page: 31     Date Filed: 01/12/2015 Entry ID: 4233753

Procedure, including Rule 60(b), apply in Section 2255 proceedings only to the extent they are not inconsistent with applicable federal statutory provisions. Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. Civ. P. 81(a)(4)(A); *see Gonzalez*, 545 U.S. at 529-30. It is the substance of a motion, and not the label attached to it, that determines whether it is a "second or successive" motion subject to AEDPA's gatekeeping requirements. *See Lambros*, 404 F.3d at 1036. Thus, if a district court determines that a "Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

The "idea behind" these provisions "is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack." *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998); *accord Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011). Under Section 2255, "[t]here is only one bite at the post-conviction apple unless a second or successive petition can show" a new rule of constitutional law made retroactive on collateral review or newly-discovered evidence that sufficiently undermines a guilty verdict. *United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999). A defendant who has "failed to marshal all his claims of error in his first section 2255 petition" cannot

25

"rectify[] his omission by means of a second petition." *Id.* (internal citation and quotation marks omitted).

Lee was afforded his one unrestricted opportunity to collaterally attack his conviction and sentence. He filed a Section 2255 motion on June 26, 2006. Dkt. 1118. The motion was extensively briefed, and in an order dated May 22, 2008, the district court provided Lee with "one final opportunity to put before the Court additional legal authority or argument in support of the grounds for relief currently before the Court." Dkt. 1156. Once the district court denied the motion, Lee was required to satisfy the gatekeeping requirements of 28 U.S.C. § 2255 before pursuing a second or successive motion. *See Williams v. Norris*, 461 F.3d 999, 1003-04 (8th Cir. 2006) (gatekeeping requirements apply after the district court's judgment, even if the judgment has not yet been affirmed on appeal).

## II. Lee's Rule 60(b) Motion is a Second or Successive Motion for Relief Under 28 U.S.C. § 2255

Lee does not—and cannot—contend that the ineffective assistance claim he seeks to assert in his Rule 60(b) motion raises a new rule of constitutional law or establishes his actual innocence. He therefore does not seek certification from this Court to file a second or successive Section 2255 motion. Lee instead attempts to avoid the precertification requirement altogether by contending

26

that his Rule 60(b) motion does not qualify as a second or successive Section 2255 motion. Lee Br. 14-28. His arguments do not withstand scrutiny.

The phrase "second or successive motion" as used in 28 U.S.C. § 2255(h) is not defined in the statute. *See Sellner*, 2014 WL 7012258, at *2. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), however, the Supreme Court addressed when a motion under Fed. R. Civ. P. 60(b) will qualify as a "second or successive" application for relief under 28 U.S.C. § 2254 and therefore be subject to AEDPA's gatekeeping restrictions for state prisoners filing federal habeas petitions. Although *Gonzalez* involved a state prisoner's habeas petition under 28 U.S.C. § 2254, courts have uniformly concluded—and Lee does not dispute, *see* Lee Br. 12-14, 25-28—that *Gonzalez*'s reasoning applies with equal force to a federal prisoner's motion for collateral relief under Section 2255. *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (collecting cases).[5]

Under *Gonzalez*, a Rule 60(b) motion that attacks the "substance of the federal court's resolution of a claim on the merits" and "asks for a second

---

[5] Whereas Section 2255 allows federal prisoners to collaterally attack their federal convictions, Section 2254 provides that a federal court can entertain an application for a writ of habeas corpus from a state prisoner challenging his state conviction under federal law. The statutes have "nearly identical" provisions restricting "second or successive" filings. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011); *see* 28 U.S.C. §§ 2244(b)(2), 2255(h).

Appellate Case: 14-2853   Page: 34   Date Filed: 01/12/2015 Entry ID: 4233753

chance to have the merits determined favorably" is a second or successive

Section 2255 motion. 545 U.S. at 532 & n.5. A Rule 60(b) motion accordingly

is a second or successive Section 2255 motion if it asserts that a prior Section

2255 motion "omitted a claim of constitutional error" due to neglect and

"seek[s] leave to present that claim." *Id.* at 530-31. A Rule 60(b) motion that

"present[s] new evidence in support of a claim already litigated," *id.* at 531,

also is a second or successive Section 2255 motion. Using Rule 60(b) in this

manner to present a new basis to vacate, set aside, or correct a sentence would

impermissibly circumvent AEDPA's requirement that a successive Section

2255 motion be precertified by the court of appeals as falling within an

exception to the successive-motion bar of 28 U.S.C. § 2255(h). *See Gonzalez*,

545 U.S. at 531.

On the other hand, a Rule 60(b) motion that "attacks, not the substance

of the federal court's resolution of a claim on the merits, but some defect in the

integrity of the" Section 2255 proceedings should not be treated as a second or

successive Section 2255 motion. *Id.* at 532. A motion attacks a defect in the

integrity of the Section 2255 if it asserts error in a "ruling which precluded a

merits determination," such as the denial of a Section 2255 motion on the basis

of "procedural default" or a "statute-of-limitations bar." *Id.* at 532 n.4. A Rule

60(b) motion of this sort stands in contrast to a motion that asserts a new

28

ground for relief under 28 U.S.C. § 2255 or "asserts that a previous ruling regarding one of those grounds was in error." *Id.*

*Gonzalez* accordingly establishes that Lee's Rule 60(b) motion is a second or successive Section 2255 motion. The motion attempts to assert the claim that Lee's trial counsel were ineffective because they failed to object to testimony about his diagnosis as a psychopath using the Hare checklist on the grounds that the checklist is "an unreliable and invalid predictor of an individual's future dangerousness in prison." Lee App. 17. Lee did not raise this claim in his initial Section 2255 motion. Dkt. 1118, at 33-34; *see Lee*, 2010 WL 5347174, at *5-*6 (concluding that the Section 2255 motion did not put the court "on notice" of this new claim). The Rule 60(b) motion therefore seeks to raise a new claim of constitutional error that Lee neglected to raise in his first Section 2255 motion. Lee suggests that his Rule 60(b) motion merely seeks to present evidence in support of a claim previously raised in his initial Section 2255 motion, *see* Lee Br. 15-17, but even if that is assumed to be the case, the motion is nonetheless second or successive. A defendant may not use a Rule 60(b) motion to "present[] new evidence in support of a claim already litigated." *Gonzalez*, 545 U.S. at 531.

Lee's Rule 60(b) motion cannot be characterized as an attack on the integrity of the federal collateral proceedings in this case. *Gonzalez* explains that

29

an attack based on the omissions of collateral counsel—*e.g.*, that counsel "omitted a claim of constitutional error," 545 U.S. at 531—"ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably," *id.* at 532 n.5. The impermissibility of Lee's Rule 60(b) motion follows directly from *Gonzalez,* which cites *Harris v. United States*, 367 F.3d 74 (2d Cir. 2004), as an example of a Rule 60(b) motion that "seek[s] to add a new ground for relief" and "will of course qualify" as a second or successive application for collateral relief. 545 U.S. at 532. The defendant in *Harris* filed a Rule 60(b) motion seeking to raise two new claims of ineffective assistance of counsel on the grounds that his collateral counsel was negligent for failing to raise the claims in his initial Section 2255 motion. *Harris*, 367 F.3d at 78-79. According to the Second Circuit, collateral counsel's omissions, while arguably negligent, were not "so egregious and profound that they amount[ed] to the abandonment of the client's case altogether, either through physical disappearance, or constructive disappearance." *Id.* at 81-82 (internal citations omitted).

If *Gonzalez* deemed the motion in *Harris* to be "an example of a 60(b) motion that improperly sought to circumvent AEDPA," *Franqui v. Florida*, 638 F.3d 1368, 1373 (11th Cir. 2011) (discussing *Harris* and *Gonzalez*), then so too is Lee's Rule 60(b) motion. As in *Harris*, Lee seeks to raise a claim that his trial

30

Appellate Case: 14-2853    Page: 37    Date Filed: 01/12/2015 Entry ID: 4233753

counsel were ineffective, and he seeks to do it in a Rule 60(b) motion on the ground that his collateral counsel were negligent for failing to raise the claim in the first instance. Lee does not contend that his counsel's alleged negligence amounted to abandonment. Lee cannot "reopen his habeas proceeding so that he can litigate claims that the alleged ineffectiveness of his [collateral] attorneys prevented him from fully litigating in the first habeas go-round." *Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011) (discussing *Harris* and *Gonzalez*). "If the successive-petition bar does not limit this theory, it limits nothing." *Id.* at 963.

This Court's decision in *Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009), further supports this conclusion. In that case, the defendant filed a Section 2254 petition raising grounds to set aside his state conviction. *Id.* at 927-28. After the petition was denied, the defendant filed a Rule 60(b) motion raising a new claim, *i.e.*, that he was not competent to proceed before the district court on his habeas petition. *Id.* at 928, 931-32. This Court construed the Rule 60(b) motion as contending that prior habeas counsel was negligent for failing to raise the competency claim in the initial Section 2254 petition. *Id.* at 932. The Court then concluded that the Rule 60(b) motion was a second or successive Section 2254 petition. *Id.* at 932-35. The Rule 60(b) motion did not assert "a procedural defect" that went to the integrity of the proceedings, the Court held,

31

Appellate Case: 14-2853     Page: 38     Date Filed: 01/12/2015 Entry ID: 4233753

"but rather attacked previous habeas counsel's omissions and asked for a second opportunity to have the merits determined favorably." *Id.* at 935.

Lee's Rule 60(b) motion similarly seeks a second opportunity for a favorable merits determination by asserting a new claim not raised by counsel in the initial Section 2255 proceedings. He can raise that claim only if this Court certifies that it falls within one of the enumerated exceptions for a second or successive Section 2255 motion. The district court correctly concluded that it lacked jurisdiction absent precertification from this Court, which Lee does not seek and which he implicitly recognizes he cannot obtain.

### III. *Martinez* and *Trevino* Do Not Provide a Basis to Avoid Section 2255's Restrictions on Second or Successive Motions

Lee contends that the Supreme Court's recent decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), allow him to avoid Section 2255(h)'s restrictions on second or successive Section 2255 motions. Lee Br. 18-28. According to Lee, counsel that represented him in the Section 2255 proceedings "defaulted" the ineffective assistance claim that he now advances in his Rule 60(b) motion, *see* Lee Br. 6-7, 18, 20, and *Martinez* and *Trevino* provide a basis to "excuse" and "overcome the previously-imposed default," Lee Br. 7-8, 19-20, 23-24. Lee contends that, as a result, the omissions of his collateral counsel amount to a defect in the

32

integrity of the proceedings rather than an attempt to obtain a second chance at a favorable merits determination. Lee Br. 18-20. A review of background principles governing collateral review of ineffective assistance claims demonstrates that Lee's arguments lack merit and that *Martinez* and *Trevino* are not at all applicable in this case or in Section 2255 proceedings generally.

### A. Collateral Review of Federal and State Convictions in Federal Court Are Different in Important Respects

Different statutory provisions, 28 U.S.C. § 2254 and 28 U.S.C. § 2255, allow for state and federal prisoners to collaterally attack their otherwise final convictions. Section 2255 provides that a federal prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2254 provides that a federal court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" on the ground that he is in custody in violation of federal law. 28 U.S.C. § 2254(a).

There are limitations on the claims a federal prisoner may raise in a motion for collateral relief under 28 U.S.C. § 2255. A defendant cannot use a Section 2255 motion to relitigate claims previously raised on direct appeal. *Lee*, 715 F.3d at 224. And claims the defendant did not raise on direct appeal are generally "procedurally defaulted" and cannot be raised for the first time in a

33

Section 2255 motion absent a showing of "cause" and "prejudice." *Bousley v. United States*, 523 U.S. 614, 620-23 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). One exception is that Sixth Amendment claims of ineffective assistance of trial counsel need not be raised on direct appeal and can (and generally should) be raised for the first time in a motion for relief under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

State prisoners seeking habeas relief under 28 U.S.C. § 2254 likewise face restrictions on the claims they can raise in a habeas petition. As the Supreme Court explained in *Martinez*, "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." 132 S. Ct. at 1316. "These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Id.* Significantly, a state prisoner may procedurally default a claim of ineffective assistance of trial counsel—and thus be unable to raise it in a habeas petition under Section 2254—by failing to properly raise the claim during prior state proceedings. *See, e.g.*, *Schawitsch v. Burt*, 491 F.3d 798, 803-04 (8th Cir. 2007).

34

A habeas petitioner can overcome a procedural default by "showing cause for the default and prejudice from a violation of federal law." *Martinez*, 132 S. Ct. at 1316. But negligence on the part of the prisoner's collateral counsel during state postconviction proceedings generally does not qualify as "cause." *Id.*

The *Martinez* and *Trevino* decisions define the scope of procedural default for claims of ineffective assistance of trial counsel in the Section 2254 context and recognize a "narrow exception" to the rule that negligence on the part of counsel in state collateral proceedings may not qualify as cause to overcome procedural default. *Martinez*, 132 S. Ct. at 1315. *Martinez* held that in states requiring that ineffective assistance of trial counsel claims be raised for the first time on state collateral review, a defendant seeking to overcome procedural default of an ineffective assistance claim can establish cause in two circumstances: (1) when the defendant was not appointed counsel in the state collateral review proceedings where the claim of ineffective assistance of trial counsel had to be raised, or (2) when appointed counsel in the proceedings where the ineffective assistance claim had to be raised was himself ineffective under the standards of *Strickland v. Washington*, 466 U.S. 688 (1984). *Martinez*, 132 S. Ct. at 1318. In *Trevino*, the Court extended the application of *Martinez*'s narrow equitable exception to states that permit a defendant to initially raise a

35

claim of ineffective assistance of trial counsel on direct appeal but in practice make it virtually impossible to do so. *Trevino v. Thaler*, 133 S. Ct. at 1915.

In sum, Section 2255 and Section 2254 proceedings differ. It is true that the doctrine of procedural default—a "judge-made" doctrine grounded in, among other things, "concerns for the orderly administration of criminal justice," *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1937-38 (2013) (Scalia, J., dissenting) (internal citation and quotation marks omitted); *see Dretke v. Haley*, 541 U.S. 386, 392-393 (2004)—applies in both contexts, *see Martinez*, 132 S. Ct. at 1316; *Bousley*, 523 U.S. at 620-23. Of critical importance here, however, although a federal defendant can procedurally default certain claims in Section 2255 proceedings by failing to raise them on direct appeal, *see Massaro* 538 U.S. at 504, a federal defendant cannot procedurally default a claim of ineffective assistance of trial counsel, *id.* at 503-05. Unlike a state prisoner filing a habeas petition under Section 2254, a federal defendant can—and must—raise any and all claims of ineffective assistance of trial counsel for the first time in his Section 2255 motion.

### B.    *Martinez* and *Trevino* Are Only Applicable When State Prisoners Seek Federal Habeas Review of State Convictions

Two conclusions follow from these background legal principles and establish that *Martinez* and *Trevino* have no bearing on collateral proceedings

Appellate Case: 14-2853     Page: 43     Date Filed: 01/12/2015 Entry ID: 4233753

brought by federal defendants under Section 2255. First, because *Martinez* and *Trevino* establish an exception to procedural default of ineffective assistance claims, and because ineffective assistance claims cannot be procedurally defaulted in Section 2255 proceedings, those decisions simply have no application in the context of Section 2255. Second, because procedural default is a judge-made doctrine, it must give way to the statutory commands of 28 U.S.C. § 2255(h). As a result, regardless of how far *Martinez* and *Trevino* extend, those decisions cannot absolve Lee of complying with the statutory requirements for second-or-successive Section 2255 motions.

Lee attempts to shoehorn his case into *Martinez* and *Trevino* by characterizing the failure to raise a claim of ineffective assistance in a Section 2255 motion as a "default." Lee Br. 19-20, 25. In Section 2255 proceedings, however, procedural default occurs when the defendant fails to raise a claim on direct appeal. *Massaro*, 538 U.S. at 503. And as discussed above, a federal defendant cannot procedurally default a claim of ineffective assistance of trial counsel. *Id.* at 503-05. A  defendant who does not raise an ineffective assistance claim in an initial Section 2255 motion—or for that matter any other claim of constitutional error preserved on direct appeal—has not procedurally defaulted that claim. He has merely omitted a claim in his first Section 2255 motion—either for strategic reasons or due to oversight—and in order raise it

37

Appellate Case: 14-2853     Page: 44     Date Filed: 01/12/2015 Entry ID: 4233753

in a second or successive motion must satisfy the requirements of 28 U.S.C. § 2255(h).[6]

Procedural default was therefore not, as Lee suggests, *see* Lee Br. 16-20, the basis for Judge Eisele's denial of his motion for reconsideration under Fed. R. Civ. P. 59(e). Judge Eisele made no finding of default but rather concluded that Lee's initial Section 2255 motion did not "place the Court on notice of the full argument" asserted in the reconsideration motion and therefore relief was not available under Rule 59(e) and the motion was second or successive. *Lee*, 2010 WL 5347174, at \*5-\*6. The statutory bar on second or successive motions is separate and distinct from the equitable doctrine of procedural default. *See Magwood v. Patterson*, 561 U.S. 320, 340 (2010) ("[P]rocedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not."). Judge Holmes correctly deemed Lee's Rule 60(b) motion second or successive when Lee once again attempted to raise the same claim that he previously asserted in the Rule 59(e)

---

[6] The equitable rule of *Trevino* and *Martinez* similarly does not allow a state prisoner to set aside AEDPA's gatekeeping provisions for second or successive petitions by claiming that federal collateral counsel during the first Section 2254 petition negligently omitted an ineffective assistance claim in that petition. If the state prisoner does not raise an ineffective assistance claim in his first Section 2254 petition, and seeks to raise it in a second or successive Section 2254 petition, he must proceed through AEDPA's gatekeeping provisions. *Jones v. Ryan*, 733 F.3d 825, 836-37 (9th Cir. 2013); *In re Threadgill*, 522 Fed. Appx. 236, 237-38 (5th Cir. 2013) (unpublished).

Appellate Case: 14-2853    Page: 45    Date Filed: 01/12/2015 Entry ID: 4233753

motion. *Martinez* and *Trevino* define the scope of procedural default and have no bearing on the definition of the statutory term "second or successive." Those decisions therefore provide no basis to "t[ake] aim at" at Judge Eisele's Rule 59(e) ruling, Lee Br. 18, in order to obtain a different result.[7]

The cases cited by Lee, including this Court's unpublished decision in *Williams v. Delo*, No. 13-2058 (8th Cir. Sept. 23, 2013), are inapposite. Lee Br. 20-24 & nn. 29-33. In the cases cited by Lee, a state prisoner filed a Section 2254 petition, prior to *Martinez* or *Trevino*, seeking to raise a claim of ineffective assistance of trial counsel that had not been adequately asserted in state proceedings. *See, e.g.*, *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1102-03 (E.D. Mo. 2013); *Cook v. Ryan*, 688 F.3d 598, 604-05 (9th Cir. 2012); *Adams v. Thaler*, 679 F.3d 312, 315-16 (5th Cir. 2012). Applying the law of procedural default prior to *Martinez* and *Trevino*, the district courts in those cases found the ineffective assistance claims procedurally defaulted and did not reach the merits. *See, e.g.*, *Williams v. Delo*, 4:13-CV-13- JAR, 2013 WL 425406, at *1 (E.D. Mo. Feb. 4, 2013). After the Supreme Court held in *Martinez* and *Trevino* that ineffective assistance of state collateral counsel may establish cause to overcome procedural default, the state prisoners filed Rule 60(b) motions

---

[7] This Court rejected Lee's application for a certificate of appealability on whether Judge Eisele correctly denied the Rule 59 motion. *See* COA Motion 124-32.

Appellate Case: 14-2853     Page: 46     Date Filed: 01/12/2015 Entry ID: 4233753

arguing that, in light of those Supreme Court cases, the district court's rulings with respect to procedural default were erroneous. *See, e.g.*, *Williams v. Steele*, 4:90-CV-239-JAR, 2014 WL 1303680, at *1 (E.D. Mo. Mar. 31, 2014). The Rule 60(b) motions in the Section 2254 cases cited by Lee therefore asserted, in the words of *Gonzalez*, "that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, *procedural default*, or statute-of-limitations bar." 545 U.S. at 532 n.4 (emphasis added). The Rule 60(b) motions in those cases, including *Williams v. Delo*, accordingly did not qualify as second or successive petitions under *Gonzalez*. *See* Lee Add. 13-14.

In contrast, in this case, the district court did not decline to address, on the basis of procedural default, any claims of ineffective assistance of trial counsel that Lee asserted in his Section 2255 motion. To the contrary, the court addressed and rejected on the merits each of the numerous ineffective assistance claims raised by Lee in that motion. *See United States v. Lee*, No. 97-CR-00243, 2008 WL 4079315, at *8-*53 (E.D. Ark. Aug. 28, 2008). Lee's Rule 60(b) motion now seeks to raise a new claim (or new arguments) that the district court did not address on the merits, not because of a finding of procedural default, but rather because the claim or arguments were not put before the court in Lee's initial Section 2255 motion. Thus, in contrast to the

40

Appellate Case: 14-2853    Page: 47    Date Filed: 01/12/2015 Entry ID: 4233753

Section 2254 cases cited by Lee, his Rule 60(b) motion does not assert that the district court made a ruling on procedural default that precluded a merits determination and that is incorrect under intervening precedent. Lee's reliance on those Section 2254 cases is therefore misplaced.

Applying *Martinez* and *Trevino* in Section 2255 proceedings in the manner urged by Lee would be unprecedented. Federal courts have uniformly concluded that those decisions are "inapplicable" to a "federal prisoner who wishes to collaterally attack the legality of his federal conviction or sentence under 28 U.S.C. § 2255." *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012).[8] Most recently, the Third Circuit granted a certificate of appealability on "whether the reasoning of [*Martinez*] should be extended to motions filed pursuant to 28 U.S.C. § 2255, such that the alleged ineffective assistance of [defendant's] counsel in his § 2255 proceedings allows him to raise a claim of ineffective assistance of trial counsel in a Rule 60(b) motion; *see also Gonzalez v. Crosby*, 545 U.S. 524 (2005)." Order, *United States v. Williams*, No. 13-2318 (3d Cir. Nov. 15, 2013). After briefing and oral argument, the

---

[8] *See also United States v. Mosetti*, No. 3:11-CR-0017-M-1, 2014 WL 4707247, at *2 (N.D. Tex. Sept. 22, 2014); *United States v. Williams*, 3:94-cr-3136-RV-CJK, 2013 WL 5596285, at *2 (N.D. Fla. Oct. 10, 2013); *United States v. Soto-Valdez*, No. CV-99-1591, 2013 WL 5297142, at *14 & n.11 (D. Ariz. Sept. 19, 2013); *United States v. Guillory*, Crim. No. 2:02-20062, 2013 WL 4782211, at *6 (W.D. La. Sept. 5, 2013).

Appellate Case: 14-2853     Page: 48     Date Filed: 01/12/2015 Entry ID: 4233753

court affirmed the district court's judgment—which had denied the Rule 60(b) motion as second or successive—in a once-sentence order that cites *Gonzalez*. Judgment Order, *United States v. Williams*, No. 13-2318 (3d Cir. Sept. 12, 2014). The same result is warranted here.

## CONCLUSION

For the foregoing reasons, this Court should affirm the judgment of the district court.

Respectfully submitted,

CHRISTOPHER R. THYER
United States Attorney
Eastern District of Arkansas

LESLIE R. CALDWELL
Assistant Attorney General

SUNG-HEE SUH
Deputy Assistant Attorney General

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1260
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

January 12, 2015

42

Appellate Case: 14-2853    Page: 49    Date Filed: 01/12/2015 Entry ID: 4233753

## CERTIFICATE OF COMPLIANCE WITH
## TYPEFACE AND LENGTH LIMITATIONS

1.     This brief contains 9,742 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced, 14-point serif typeface using Microsoft Office Word 2007.

3.     Pursuant to Eighth Circuit Rule 28A(h)(2), I hereby certify the government's brief has been scanned for viruses, using McAfee VirusScan Enterprise Version 8.8, and is virus-free.

/s/ John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. 1260
Washington, D.C. 20530
(202) 307-3766

43

Appellate Case: 14-2853     Page: 50     Date Filed: 01/12/2015 Entry ID: 4233753

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on January 12, 2015. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/John M. Pellettieri____
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. 1260
Washington, D.C. 20530
(202) 307-3766

44

Appellate Case: 14-2853    Page: 51    Date Filed: 01/12/2015 Entry ID: 4233753