IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

No. 14-2853

_____

DANIEL LEWIS LEE,
Appellant,

v.

UNITED STATES,
Appellee.

_____

On Appeal from the United States District Court
Eastern District of Arkansas
No. 4:06-cv-01608-GTE; 4:97-cr-00243-JLH-2

_____

REPLY BRIEF OF APPELLANT
_____

MORRIS H. MOON                          KARL SCHWARTZ
Bar # 24032750 (TX)                     Bar # 38994 (PA)
Assistant Federal Public Defender       Assistant Federal Public Defender
Federal Capital Habeas Project          Delaware Federal Defender Office
2109 Decatur Street                     800 King Street, Suite 200
Houston, TX 77007                       Wilmington, DE 19801
(713) 880-3556                          (302) 442-6545
Morris_Moon@fd.org                      Karl_Schwartz@fd.org


                  Counsel for Appellant Daniel Lewis Lee

Dated: February 9, 2015

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................ii

TABLE OF AUTHORITIES .....................................................................ii

ARGUMENT ...........................................................................................1

I. INTRODUCTION ..................................................................................1

  A. It is undisputed that expert evidence introduced at Mr. Lee's punishment phase was false.................................................................1

  B. The Government has avoided the central legal issue in this appeal. ...........................................................................................4

II. MR. LEE'S RULE 59 MOTION DID NOT RAISE A "NEW" CLAIM.................9

III. THE DISTRICT COURT IMPOSED A PROCEDURAL BAR THAT FORECLOSED FULL MERITS REVIEW OF THE IAC CLAIM. ...............................................13

IV. TREVINO APPLIES TO § 2255 PROCEEDINGS. ........................................16

  A. The rationale for Martinez and Trevino applies equally in federal post-conviction cases. .......................................................................18

  B. The Government's case citations are inapposite. ...........................21

V. MR. LEE'S 60(b) MOTION IS A "TRUE" 60(b) MOTION.............................25

  A. Williams v. Delo governs this case...............................................26

  B. The Government's contention that Mr. Lee's motion is "successive" does not survive Martinez and Trevino.............................................28

CONCLUSION .......................................................................................30

i

# TABLE OF AUTHORITIES

## Cases

*Brooks v. Bobby*, 660 F.3d 959 (6th Cir. 2011) .......................... 13, 29, 30

*Gonzalez v. Crosby,* 545 U.S. 524 (2005) ......................................... passim

*Harris v. United States*, 367 F.3d 74 (2d Cir. 2004) ........................ 13, 29

*Lopez v. Ryan,* 678 F.3d 1131 (9th Cir. 2012) ...................................... 28

*Magwood v. Patterson* , 561 U.S. 320 (2010) ......................................... 14

*Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012) ................ passim

*Massaro v. United States,* 538 U.S. 500 (2003) .............................. passim

*McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013) .................. 14

*Trevino v. Thaler,* 569 U.S. ___, 133 S. Ct. 1911 (2013) ................ passim

*United States v Guillory*, No. 2:02-20062, 2013 WL 4782211 (W.D. La. 9/5/13) ......................................................................................... 22

*United States v. Buenrostro*, 697 F.3d 1137 (9th Cir. 2012) ........... 21, 22

*United States v. Lee*, 274 F.3d 485 (8th Cir. 2001) ......................... 2, 4, 8

*United States v. Lee*, 715 F.3d 215 (8th Cir. 2013) .................................. 3

*United States v. Lee*, 89 F. Supp.2d 1017 (E.D. Ark. Mar. 21, 2000) .. 4, 8

*United States v. Mosetti*, No. 3:11-CR-0017-M-1, 2014 WL 4707247 (N.D. Tex. 9/22/14) ......................................................................... 22

*United States v. Soto-Valdez*, No. CV-99-1591, 2013 WL 5297142 (D. Ariz. 9/19/13) .............................................................................. 22, 23

*United States v. Williams*, 3:94-cr-3136-RB-CJK, 2013 WL 5596285 (N.D. Fla. 10/10/13) ...................................................................... 22, 23

*United States v. Williams*, No. 02-CR-172-7 (E.D. Pa. 9/28/13) ............ 25

*United States v. Williams,* No. 13-2318 (3d Cir. 9/12/14) ............... 23, 25

*Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009) ................................. 13, 27

*Williams v. Delo*, No. 13-2508, Entry ID: 4078411 (8th Cir. Sep. 23, 2013) ................................................................................................ passim

## Statutes and Rules

28 U.S. Code § 2255 ................................................................ passim

Federal Rule of Civil Procedure 60(b) ................................... passim

Appellate Case: 14-2853    Page: 3    Date Filed: 02/12/2015 Entry ID: 4243944

ARGUMENT

## I.    INTRODUCTION

The district court held that it lacked jurisdiction to consider Mr. Lee's Rule 60(b) motion because errors by post-conviction counsel cannot, as a matter of law, constitute a defect in the integrity of a habeas proceeding. The Government does not defend the district court's opinion, but rather confuses the issue by misstating facts and arguing issues that were not reached by the district court and are not part of this appeal.

### A.    It is undisputed that expert evidence introduced at Mr. Lee's punishment phase was false.

The expert evidence presented at Mr. Lee's sentencing hearing—that his score on the PCL-R and diagnosis as a "psychopath" established that he would be a future danger *in prison*—was false evidence. Indeed, throughout the § 2255 proceedings, the Government has never— *never*—defended the validity of the PCL-R evidence as it was used in Mr. Lee's case.[1] The science on this is unequivocal: in the structured

---

[1] The Government states "[t]here does not appear to be a dispute, however, that a person diagnosed as a psychopath using the [PCL-R] is more likely to present a risk of future dangerousness *in the general population*." GOVERNMENT'S BRIEF (hereafter "GB") at 15 n.2 (emphasis added). This is a red herring. Federal law mandates that in capital

1

Appellate Case: 14-2853     Page: 4     Date Filed: 02/12/2015 Entry ID: 4243944

environment of a prison setting the PCL-R is *not* a predictor of future

dangerousness.[2] If asked at oral argument, the Government will be

compelled to concede that point. The Government will also be compelled

to concede, if asked, that it no longer introduces such evidence in

federal capital prosecutions.

The Government's own expert, Dr. Thomas Ryan, signed a sworn

affidavit disavowing his reliance on the PCL-R as a predictor of future

dangerousness in prison and acknowledging that this basis for

challenging the PCL-R was available in 1998 – *prior to Mr. Lee's trial.*[3]

---

trials, life without possibility of release is the only permissible
alternative to a death sentence, and those were the only choices for Mr.
Lee's sentencing jury.

[2] This is also the reason why this Court's previous consideration of
whether Mr. Lee was unfairly prejudiced by the admission of the PCL-R
results *as an evidentiary matter*, *United States v. Lee*, 274 F.3d 485,
494 (8th Cir. 2001), is not controlling here. In the absence of a challenge
by trial counsel to the reliability of the instrument, this Court had no
reason in its direct appeal opinion to doubt that Mr. Lee's alleged
"psychopathy was probative of his future dangerousness." *Id.* The
Government now knows that any suggestion that the instrument is
reliable is false, and it should not be allowed to cling to a death
sentence secured on the basis of false evidence that it no longer defends.

[3] Although the merits are not before this Court, the Government plays
fast and loose with key facts, presumably in an effort to avoid a remand.
It states that "Lee also attached an affidavit from Dr. Ryan stating that
*as of 2000* he determined it was not appropriate to use the [PCL-R] to
assess an individual's future dangerousness in prison." GB at 14-15

2

Appellate Case: 14-2853    Page: 5    Date Filed: 02/12/2015 Entry ID: 4243944

If asked at oral argument, the Government will be compelled to concede that Dr. Ryan has withdrawn his expert opinion on this matter in at least two federal capital cases because it was unreliable and invalid.

The Government's central argument to the jury for why it should sentence Mr. Lee to death was that he was a medically diagnosable psychopath who was inherently dangerous, and should therefore not be sentenced to life imprisonment, where he could commit future acts of violence.[4] In a prior opinion, this Court not only referenced the jury's future dangerousness finding, but cited it as *the* reason Mr. Lee was sentenced to death.[5] And in a contemporaneous post-verdict ruling at the time of trial, the district court acknowledged that but for the future

---

(emphasis added). Although the *affidavit* is dated in 2000, its contents clearly indicate that the basis for raising a challenge to the PCL-R existed at the time Dr. Ryan was retained to testify about the PCL-R in *United States v. Stitt* – which, as a factual matter, was tried in 1998, a year before Mr. Lee's trial. *See United States v. Lee*, No. 4:97-cr-00243-JLH (E.D. Ark.), Docket No. 1165-3. Regrettably, Judge Eisele's order denying the Rule 59 motion reflects this same confusion. *See* APPELLANT'S APPENDIX at 12-13. This again demonstrates the need for an evidentiary hearing where these factual matters can be fully explored on a complete and accurate record.

[4] *See* APPELLANT'S APPENDIX at 46-50.

[5] *United States v. Lee*, 715 F.3d 215, 223 (8th Cir. 2013).

3

dangerousness evidence predicated on "psychopathy," it was "very questionable" that the jury would have returned a death sentence.[6]

Mr. Lee has never received full merits consideration of his claim that trial counsel were ineffective for failing to properly challenge the reliability of key sentencing evidence that even the Government must concede was false. All he asks by way of his Rule 60(b) motion is to apply recent case law and excuse the procedural default caused by his § 2255 counsel that foreclosed full merits review of his IAC claim in his initial—and only—collateral review proceeding.

### B. The Government has avoided the central legal issue in this appeal.

None of the Government's arguments addresses the district court's holding below: that it lacked jurisdiction to consider Mr. Lee's Rule 60(b) motion solely because as a matter of law, *any* Rule 60(b) motion that asserts that habeas counsel's error was a defect in the integrity of the proceedings is an improper successive motion under *Gonzalez v.*

---

[6] *United States v. Lee*, 89 F. Supp.2d 1017, 1031 (E.D. Ark. Mar. 21, 2000) (Memorandum Opinion and Order Regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds*, 274 F.3d 485 (8th Cir. 2001).

4

*Crosby*.[7] That is the basis on which Mr. Lee's 60(b) motion was deemed successive; that is the legal ruling on which a COA was granted; and that is the only issue that is before this Court.

Instead of addressing the certified issue, the Government advances three arguments that it raised below, none of which the district court ever reached: (1) Mr. Lee's Rule 60(b) motion was merely an attempt to raise a "new" claim not raised in his original § 2255 motion; (2) there was no procedural default imposed by the district court that foreclosed full merits review of Mr. Lee's underlying IAC claim; and (3) *Martinez v. Ryan*[8] and *Trevino v. Thaler*[9] cannot apply to § 2255 proceedings.

On the certified issue, the relevant case law—including this Court's own rulings—is clear: a Rule 60(b) motion that asserts that post-conviction counsel's error was a defect in the integrity of the proceedings is, in fact, a "true" 60(b) motion and not a successor. Because the district court erred in deciding this threshold jurisdictional

[7] 545 U.S. 524 (2005).

[8] 566 U.S. ___, 132 S. Ct. 1309 (2012).

[9] 569 U.S. ___, 133 S. Ct. 1911 (2013).

Appellate Case: 14-2853    Page: 8    Date Filed: 02/12/2015 Entry ID: 4243944

question, the proper course is to reverse and remand the case for the district court to consider in the first instance the remaining unadjudicated matters regarding the Rule 60(b) motion. This Court and others have consistently recognized this as the appropriate procedure.[10]

Despite the fact that the Government's arguments were not adjudicated by the district court, were not encompassed by the COA, and therefore were not briefed as part of this appeal, Mr. Lee does not wish to leave these three contentions wholly unaddressed: they are inaccurate, and Mr. Lee is confident that he would prevail on all three points on remand.[11]

However, before turning to the Government's new arguments, it is worth briefly revisiting the issue on which a COA was granted. Mr. Lee's 60(b) motion was not successive because it appropriately sought to excuse a procedural default caused by his post-conviction counsel's

---

[10] *See* OPENING BRIEF OF APPELLANT at 21-22.

[11] It is at least an open question whether the Government would prevail on these issues if adjudicated by the district court in the first instance. For example, the district court stated, without deciding the issue, that *Martinez* and *Trevino* potentially apply equally in federal cases as in state cases. APPELLANT'S ADDENDUM at 10. These are complex issues left unresolved due to the district court's erroneous belief it lacked jurisdiction to reach them. The district court should be afforded the opportunity to adjudicate them in the first instance.

Appellate Case: 14-2853    Page: 9    Date Filed: 02/12/2015 Entry ID: 4243944

ineffectiveness. The district court previously stated that had § 2255

counsel timely proffered the readily available evidence proving that the

test had *no predictive value* for future dangerousness in prison, it might

have granted an evidentiary hearing. But the court's hands were tied:

the district court ruled that § 2255 counsel's inexplicable failure to

proffer the information until they filed their Rule 59 motion *foreclosed*

the court from considering it and conducting a full merits review of the

underlying ineffective assistance of counsel ("IAC") claim.[12]

---

[12] The Government peppers its brief with inaccurate statements of the facts, likely in an effort to lead this Court to believe—although the merits are not before it—that Mr. Lee's IAC claim is not meritorious. *See, e.g.,* GB at 5 (omitting mention of the central and most argued facet of its future dangerousness presentation: that Mr. Lee was a "psychopath"); GB at 7, 15 (stating that the jury somehow heard that the PCL-R was not valid, even though the district court contemporaneously noted the damning nature of the PCL-R evidence and its impact on the jury's death verdict); GB at 14-15 (implying that the relevant challenge to the PCL-R was not available until 2000, even though its own expert has conceded in a sworn affidavit that the challenge was available in 1998, nearly a year before Mr. Lee's trial). On the contrary, had Mr. Lee received a hearing, it is quite likely he would have prevailed on his IAC claim. Given that it was trial counsel's stated goal to exclude the PCL-R evidence, there could have been no strategic reason for trial counsel to intentionally forego this basic challenge. Indeed, Dr. Ryan has made clear that had the relevant challenge been made, he would have completely disavowed his opinions based on the PCL-R and the Government would not have been allowed to present that evidence to the jury. The prejudice to Mr. Lee is also evident: As the district court itself noted in a post-verdict ruling, it was

Appellate Case: 14-2853    Page: 10    Date Filed: 02/12/2015 Entry ID: 4243944

The Government argues that Mr. Lee is merely attempting to circumvent the rules governing successive pleadings.[13] Prior to *Martinez* and *Trevino,* the district court's ruling foreclosing full merits review would have been the end of the matter and there would have been no way to overcome that procedural bar. The Government ignores the changes *Martinez* and *Trevino* have made in the habeas landscape, urging instead that Mr. Lee's 60(b) motion raises "a new claim" (see below) rather than a procedural issue. Yet in fact, these cases do now offer a way to "untie" the district court's hands: § 2255 counsel's ineffectiveness can and does serve as cause to excuse the previously-imposed default. That is precisely the relief requested by Mr. Lee's Rule 60(b) motion—that the defect in the integrity of the § 2255 proceedings resulting from his counsel's ineffectiveness be remedied. This is a "true" use of a 60(b) motion, and as is explained more fully in Section V below,

---

"very questionable" that the jury would have returned a death sentence without the psychopathy evidence. *United States v. Lee*, 89 F. Supp.2d 1017, 1031 (E.D. Ark. Mar. 21, 2000) (Memorandum Opinion and Order Regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds*, 274 F.3d 485 (8th Cir. 2001).

[13] GB at 26-27.

Appellate Case: 14-2853    Page: 11    Date Filed: 02/12/2015 Entry ID: 4243944

that conclusion is indisputable under *Williams v. Delo*,[14] which governs this case. Accordingly, the district court's jurisdictional ruling should be reversed and Mr. Lee's Rule 60(b) motion should be remanded to the district court for further consideration.

## II.   MR. LEE'S RULE 59 MOTION DID NOT RAISE A "NEW" CLAIM.

The Government asserts that the PCL-R/psychopathy claim was not raised in Mr. Lee's § 2255 motion and that it was raised for the first time in his Rule 59 motion.[15] This is not only incorrect, but a complete about-face of the Government's earlier position in this litigation. In the 2008 Rule 59 proceedings in which § 2255 counsel belatedly proffered facts in support of the claim, the Government argued that "all of these [Rule 59] claims concern this Court's previous resolution [of the original § 2255 claims] on the merits[.]"[16] In another pleading in January 2009, the Government again used this exact language to reiterate that "Lee's assertions all concern this Court's previous resolution of a claim on the

---

[14] No. 13-2508, Entry ID: 4078411 (8th Cir. Sept. 23, 2013); *see* APPELLANT'S ADDENDUM at 13-14.

[15] GB at 14.

[16] *United States v. Lee*, No. 4:97-cr-00243-JLH (E.D. Ark.), Docket No. 1170 at 4.

9

Appellate Case: 14-2853    Page: 12    Date Filed: 02/12/2015 Entry ID: 4243944

merits. . . ."[17] Similarly, the Government then maintained not that the proffered information concerned a "new claim" unconnected to any claim in the original § 2255 motion, but that Mr. Lee had no excuse for not including it earlier: "[Mr. Lee] proffers an expansive collection of affidavits and other papers *supplementing* the affidavit that accompanied his original Section 2255 motion, yet he does not remotely suggest that he was prevented by 'fraud' or a similar 'defect in the integrity of the proceedings' from proffering this information in his original motion."[18]

Now that Mr. Lee, in light of the Supreme Court's recent decision in *Trevino*, can argue that his § 2255 counsel's ineffectiveness should excuse the failure to receive full and meaningful collateral review of his trial IAC claim, the Government reverses itself and asserts that this claim is new and therefore successive. It is neither. In fact, in urging denial of Mr. Lee's Rule 59 motion the Government—supported by the fact that at the time the law did not permit the ineffectiveness of post-conviction counsel to excuse a procedural bar—faulted Mr. Lee for

---

[17] *Id.,* Docket No. 1181 at 2 (internal quotation marks omitted).

[18] *Id.*, Docket No. 1170 at 5 (emphasis added).

Appellate Case: 14-2853    Page: 13    Date Filed: 02/12/2015   Entry ID: 4243944

failing to show a defect in the proceeding that prevented him from proffering the missing information.[19] Under *Martinez* and *Trevino*, Mr. Lee has now done exactly what the Government previously admitted would be proper;[20] in response, the Government has abandoned its previous argument and adopted a new position, one inconsistent with its previous pleadings in the case.

The Government's belated assertion that this is a "new claim" is also contradicted by the district court's opinion. Nowhere in its ruling on the Rule 59 motion did the district court hold that the PCL-R/psychopathy claim was "new" or unconnected to the original § 2255 motion. Rather, it held that it was foreclosed from reviewing the *facts* supporting the claim because § 2255 counsel failed to timely present them. As the district court stated, "had [those facts] been timely presented, the Court might have determined that an evidentiary

---

[19] *Id.*, Docket No. 1170 at 4.

[20] Indeed, had *Trevino* and *Martinez* been decided at the time that Mr. Lee's Rule 59 motion was pending, the district court—after recognizing the litany of ways in which § 2255 counsel was ineffective, *see, e.g.,* APPELLANT'S APPENDIX at 29-30, 36-38—could have excused the default and conducted a full merits review of the IAC claim in light of all the belatedly proffered information.

Appellate Case: 14-2853     Page: 14     Date Filed: 02/12/2015 Entry ID: 4243944

hearing was required. However, the Court is foreclosed by existing legal principles from considering the information now . . . ."[21] As the district court's ruling makes clear, the district court was well aware that the proffered factual support concerned a claim raised in the original § 2255 motion; the district court did not deny the Rule 59 motion because it raised a new claim, but because it requested substantive review of information that was untimely.[22]

The Government is also incorrect in its assertions that Mr. Lee is using Rule 60(b) in an attempt to present new evidence in support of an already litigated claim.[23] All of the evidence supporting Mr. Lee's 60(b) motion was before the district court in the initial § 2255 proceeding before the judgment became final. The fact that the district court applied a procedural rule foreclosing review of the evidence belies the Government's suggestion that Mr. Lee presented this evidence for the

---

[21] APPELLANT'S APPENDIX at 10-11.

[22] The Government cites the district court's statement that it was not "on notice of the full argument" underlying the IAC claim until the Rule 59 motion was filed, but that hardly helps its cause. In context, the full quote makes clear that the district court was chastising counsel for not providing the belated *supporting information* sooner, not that it deemed the IAC claim to be new. *See* APPELLANT'S APPENDIX at 12.

[23] GB at 21, 28.

12

first time in his 60(b) motion.[24] Mr. Lee's foreclosed evidence was never considered by the district court (or this Court on appeal) because of a procedural ruling excluding it from review. In light of the Supreme Court's *Trevino* decision, Rule 60(b) demands a reconsideration of that procedural bar.

### III. THE DISTRICT COURT IMPOSED A PROCEDURAL BAR THAT FORECLOSED FULL MERITS REVIEW OF THE IAC CLAIM.

At no point in this litigation has the Government defended post-conviction counsel's incompetent failure to provide any support whatsoever for their PCL-R claim; it argues instead that their gross error does not constitute a "default."[25] This reads the relevant part of the record out of existence: the district court explicitly stated that due to § 2255 counsel's untimeliness in presenting its information in support of the IAC claim, the court was "foreclosed" from considering

---

[24] This fact also provides a crucial distinction between Mr. Lee's case and the decisions cited by the Government, such as *Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009), *Harris v. United States*, 367F.3d 74 (2d Cir. 2004), and *Brooks v. Bobby*, 660 F.3d 959 (6th Cir. 2011). Those cases are discussed in detail in Section V.B below.

[25] GB at 22-23 ("The court did not decline to address the new claim raised by Lee in the Rule 59(e) motion on the basis of the doctrine of procedural default.").

Appellate Case: 14-2853    Page: 16    Date Filed: 02/12/2015 Entry ID: 4243944

it.[26] Indeed, the district court was rightly critical of post-conviction counsel throughout its written opinion for failing to follow the rules governing § 2255 practice and procedure.[27] A procedural default occurs when there is noncompliance with a procedural rule resulting in the preclusion of substantive review. That is exactly what happened here: post-conviction counsel failed to comply with the § 2255 pleading rules, thereby foreclosing judicial review.[28]

---

[26] APPELLANT'S APPENDIX at 11.

[27] *See, e.g.*, APPELLANT'S APPENDIX at 9 ("Petitioner's contention that the Court 'never put Mr. Lee on notice that affidavits or other alternative measures would be considered, or imposed any scheduling order requiring that affidavits be submitted' rings hollow. Petitioner's counsel was on notice of the law and pleading requirements for § 2255 motions. The Court specifically advised that it would determine based on the submissions whether an evidentiary hearing was required.").

[28] The Government cites *Magwood v. Patterson*, 561 U.S. 320, 340 (2010), for the proposition that "[t]he statutory bar on second or successive motions is separate and distinct from the equitable doctrine of procedural default." GB at 38. It is unclear what point the Government is trying to make. To the extent the Government is suggesting that Judge Eisele foreclosed review of the evidence by applying a successor bar to the Rule 59(e) motion as a whole, rather than because post-conviction counsel failed to follow the § 2255 rules and timely present that evidence, this ultimately is a distinction without a difference. *See McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1931 (2013) (listing examples of "procedural defaults" to include "'successive' petitions asserting previously rejected claims" and "'abusive' petitions asserting in a second petition claims that could have

14

Appellate Case: 14-2853     Page: 17     Date Filed: 02/12/2015 Entry ID: 4243944

The Government also argues that there can be no such thing as a procedural default of an IAC claim in a federal case because, under *Massaro v. United States*,[29] federal prisoners are under no obligation to raise an IAC claim prior to the § 2255 proceeding. The Government is confusing two separate issues: (1) the *Massaro* ruling regarding the proper *forum* in which to raise an IAC claim, and (2) the *Martinez/Trevino* ruling regarding the proper *remedy* when initial collateral counsel is ineffective in presenting the IAC claim.

*Massaro* held that although federal prisoners *may* raise IAC claims on direct appeal based on the extant record, failure to do so does not preclude a federal prisoner from raising that IAC claim in an ensuing § 2255 proceeding. The Court held that because IAC claims ordinarily involve extra-record facts not contained in the trial record, a collateral proceeding is the best forum in which to decide those claims.

---

been raised in a first petition"). As *Perkins* shows, this Circuit's rule applying *Gonzalez* to Rule 59(e) motions is a procedural rule like any other and by failing to follow it, post-conviction counsel caused a procedural default. In either case, post-conviction counsel ran afoul of a prescribed rule and as a direct result, a default was imposed that precluded full merits review of the underlying IAC claim.

[29] 538 U.S. 500 (2003).

15

Thus, no procedural default will be imposed on an IAC claim raised for the first time in a § 2255 proceeding rather than on direct review.[30] This is a different kind of default from that which *Martinez* and *Trevino* address—namely, an ineffective assistance claim that is barred from review because of *post-conviction counsel*'s failure to properly plead and present the claim in the *initial collateral review proceeding*, as is the case here. There is nothing in the holding of *Massaro* that precludes the application of *Martinez* and *Trevino* to § 2255 cases.

## IV.   *TREVINO* APPLIES TO § 2255 PROCEEDINGS.

As the Supreme Court noted in *Trevino*, in jurisdictions where "the procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies[.]"[31] In the federal system, it is highly unlikely a defendant will have a meaningful opportunity to raise an IAC claim on direct appeal for the very reasons identified in both *Trevino* and *Massaro*: the need for a new lawyer to

---

[30] 538 U.S. at 505-506.

[31] *Trevino*, 133 S. Ct. at 1921.

Appellate Case: 14-2853     Page: 19     Date Filed: 02/12/2015 Entry ID: 4243944

raise IAC claims; the fact that such claims depend on evidence outside the trial record; and the fact that development of extra-record evidence on direct appeal might "run afoul of abbreviated deadlines, depriving the new attorney of adequate time to investigate the ineffective-assistance claim."[32]

The Government does not dispute that these features of the federal system are identical to the features of the Texas system that was at issue in *Trevino*. Indeed, lest there be any doubt that the *Trevino* Court considered the federal system such a jurisdiction, one need look no further than the fact that *Trevino* specifically cited to *Massaro*'s discussion of the federal post-conviction process in deciding whether to extend *Martinez*'s application to jurisdictions that permit prisoners to raise IAC claims on direct appeal:

> The right involved—adequate assistance of counsel at trial—is similarly and critically important. In both instances practical considerations, such as the need for a new lawyer, the need to expand the trial court record, and the need for sufficient time to develop the claim, argue strongly for initial consideration of the claim during collateral, rather than on direct, review. *See Martinez*, 566 U.S., at ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272; *see also Massaro v. United States*,

---

[32] *Id.* at 1918 (citing *Martinez*, 132 S. Ct. at 1318) (internal quotation marks omitted).

17

Appellate Case: 14-2853     Page: 20     Date Filed: 02/12/2015 Entry ID: 4243944

538 U.S. 500, 505, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). In both instances failure to consider a lawyer's "ineffectiveness" during an initial-review collateral proceeding as a potential "cause" for excusing a procedural default will deprive the defendant of any opportunity at all for review of an ineffective-assistance-of-trial-counsel claim. *See Martinez, supra*, at ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272.[33]

### A. The rationale for *Martinez* and *Trevino* applies equally in federal post-conviction cases.

In essence, the Government's argument is that since *Martinez* and *Trevino* dealt with state habeas proceedings, and since Mr. Lee is a federal prisoner, those cases do not apply to him. While this is a distinction, it is not a principled one. Neither *Martinez* nor *Trevino* turned on the fact that the default in those cases occurred in a *state* collateral proceeding; rather what mattered—and what the Court held[34]—was that the default occurred in the *initial* collateral proceeding, i.e., the first collateral proceeding in which the petitioner could raise his IAC claim. The rationale behind both *Martinez* and

---

[33] *Trevino*, 133 S. Ct. 1911, 1921.

[34] *See Martinez*, 132 S. Ct. at 1315 (ineffective assistance of habeas counsel may excuse procedural default of an underlying IATC claim if habeas counsel defaulted the underlying IATC claim in an "*initial-review* collateral proceeding") (emphasis added).

Appellate Case: 14-2853   Page: 21   Date Filed: 02/12/2015 Entry ID: 4243944

*Trevino* was that if post-conviction counsel's default due to ineffective assistance was allowed to stand, then that lawyer's failure to competently litigate an IAC claim during initial-review collateral proceedings could deprive a defendant of *any review of that claim at all.*[35]

The importance of full merits review of an IAC claim in the initial collateral proceeding is no less important to a federal prisoner than a state prisoner. Indeed, *Trevino* should apply with even greater force in § 2255 proceedings because the district court litigation is not only the "initial-review collateral proceeding" described in *Trevino*, it is the *only* review collateral proceeding available to federal prisoners.[36] If § 2255 counsel fails to properly litigate an ineffective assistance claim, then the § 2255 litigant will be deprived of *any* opportunity for full merits review

---

[35] *Trevino*, 133 S.Ct. at 1921 ("[F]ailure to consider a lawyer's 'ineffectiveness' during an initial-review collateral proceeding as a potential 'cause' for excusing a procedural default will deprive the defendant of any opportunity at all for review of an ineffective-assistance-of-trial-counsel claim.") (citing *Martinez*, 132 S.Ct. at 1309).

[36] In addition, concerns of federalism and comity, which are implicated whenever claims of ineffective assistance of *state* post-conviction counsel are raised, play no role in § 2255 review.

19

Appellate Case: 14-2853    Page: 22    Date Filed: 02/12/2015 Entry ID: 4243944

of that claim. This is exactly the situation for which *Trevino* provides a remedy.

Under the Government's reading of *Martinez* and *Trevino*, there is no remedy for a federal prisoner whose court-appointed § 2255 counsel fails to properly litigate an ineffective assistance claim. Indeed, if that same lawyer represented a state prisoner in a state collateral review proceeding and a federal prisoner in a § 2255 proceeding, and defaulted an IAC claim in both cases in the same way—e.g., by failing to properly plead facts in support of the claim—under the Government's approach the default that harmed the state prisoner could be addressed, but the default that harmed the federal prisoner could not. In short, under the Government's theory, the Supreme Court created a remedy concerning the violation of a *federal constitutional right*—the adequate assistance of trial counsel—which state prisoners can use, but which federal prisoners cannot. This would produce an absurd and arbitrary result. Clearly, the Government's interpretation of *Martinez* and *Trevino* is incorrect.[37]

---

[37] Indeed, the Government's argument here appears to constitute another about-face. When the Supreme Court was deciding *Martinez*, the United States submitted an *amicus* brief against the Arizona

Appellate Case: 14-2853   Page: 23   Date Filed: 02/12/2015 Entry ID: 4243944

## B. The Government's case citations are inapposite.

The Government cites to *United States v. Buenrostro*,[38] a Ninth

Circuit opinion, for the proposition that *Trevino* is not applicable to §

2255 proceedings. But *Buenrostro* was decided before the United States

Supreme Court decided in *Trevino* to extend *Martinez* to jurisdictions

with post-conviction schemes identical to the federal system. Thus, the

*Buenrostro* court had no occasion to discuss the features of the federal

system that make it identical to the Texas system at issue in *Trevino*. [39]

Moreover, *Buenrostro* did not address the fact pattern at issue in Mr.

prisoner, noting as its interest the potential effects of a ruling for him *on the administration of § 2255 cases. See* Brief for the United States as Amicus Curiae Supporting Respondent at 1-2, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (No. 10-1001). Having lost that decision, the Government now claims the case has no application to § 2255 cases.

[38] 697 F.3d 1137, 1140 (9th Cir. 2012).

[39] In *Martinez*, the Supreme Court held that the rule it announced applied in jurisdictions such as Arizona's, where prisoners are prohibited from raising IAC claims on direct appeal and must raise them for the first time in a collateral proceeding. The explicit *certiorari* question in *Trevino* was whether *Martinez* extended to jurisdictions where prisoners are permitted, but not required, to initially raise IAC claims on direct appeal. Texas claimed that because its system operated differently from Arizona's in that respect, *Martinez* did not apply. The Supreme Court held otherwise. The federal system is identical to Texas in the very respect in which Texas claimed exemption from *Martinez,* which the Supreme Court itself recognized with its citation to *Massaro.*

Appellate Case: 14-2853     Page: 24     Date Filed: 02/12/2015 Entry ID: 4243944

Lee's case—the failure to timely present facts in support of an ineffective assistance claim—but rather addressed an entirely different issue from the one presented here: whether *Martinez* can "form the basis for an application for a second or successive motion."[40] The Government goes on to cite four district court cases relying on this pre-*Trevino* Ninth Circuit opinion.[41] Those district court opinions also do not account for *Trevino*, and none involves the issue presented in Mr. Lee's case: the preclusion of full merits review of a substantial IAC claim due to initial post-conviction counsel's ineffectiveness.[42]

---

[40] *Buenrostro*, 697 F.3d at 1139.

[41] GB at 41 n.8.

[42] The Government cites the following cases: *United States v. Mosetti*, No. 3:11-CR-0017-M-1, 2014 WL 4707247 (N.D. Tex. 9/22/14); *United States v. Williams*, 3:94-cr-3136-RB-CJK, 2013 WL 5596285 (N.D. Fla. 10/10/13); *United States v. Soto-Valdez*, No. CV-99-1591, 2013 WL 5297142 (D. Ariz. 9/19/13); *United States v Guillory*, No. 2:02-20062, 2013 WL 4782211 (W.D. La. 9/5/13). These cases are inapposite, as none of them actually account for the holding in *Trevino*; they simply rely on the Ninth Circuit's opinion in *Buenrostro*, a pre-*Trevino* case. The cases are also distinguishable on their facts.

    *Mosetti* and *Guillory* involved 60(b) motions that raised entirely new claims, wholly independent of the § 2255 motion. By contrast, Mr. Lee's 60(b) motion does not raise a new claim; it addresses a defect in the integrity of the § 2255 proceedings—his counsel's failure to timely proffer any evidence in support of the IAC claim.

Appellate Case: 14-2853   Page: 25   Date Filed: 02/12/2015 Entry ID: 4243944

The Government also suggests that the Third Circuit has ruled in

*United States v. Williams*[43] that *Martinez* does not apply to § 2255

proceedings.[44] This suggestion is, to put it charitably, an overstatement.

Although the *Williams* COA addressed the applicability of *Martinez* to §

2255 proceedings, the oral argument[45] and resulting Order in the case

strongly indicate that the Court decided after the COA grant not to

reach the issue of *Martinez*'s application. The relevant portion of the

oral argument supports this conclusion,[46] as does the fact of a single

---

As for *Williams* and *Soto-Valdez*, in neither case did the 60(b) motion even address a defaulted trial IAC claim, the bedrock requirement of *Trevino*. In *Williams*, the petitioner sought to relitigate a sentencing issue already addressed on the merits; and in *Soto-Valdez*, the petitioner complained of his counsel's failure to take an appeal from the denial of the § 2255 motion after a COA had been granted. By contrast, Mr. Lee's 60(b) motion is addressed to precisely the harm which *Martinez* and *Trevino* sought to remedy: the preclusion of full merits review of a substantial IAC claim due to post-conviction counsel's ineffectiveness.

[43] No. 13-2318 (3d Cir. 9/12/14)

[44] GB at 41.

[45] Available online at: http://www2.ca3.uscourts.gov/oralargument/audio/13-2318USAv.Williams.mp3.

[46] During the Government's portion of the *Williams* oral argument, the following exchange occurred at about the 16:24 mark of the audio:

23

Appellate Case: 14-2853     Page: 26     Date Filed: 02/12/2015 Entry ID: 4243944

sentence Order affirming the lower court's judgment, with a citation to

*Gonzalez.*[47] Notably, the lower court had denied the 60(b) motion on

---

COURT: Do we even have to decide whether *Martinez* should be extended to federal prisoners?

GOV'T: I think one simple way to do it is, Your Honor suggested, I think, in one of the questions, is simply to say "this is a successive claim under 2255, um, and therefore—

COURT: The equivalent of it—

GOV'T: Exactly.

COURT: Yeah.

GOV'T: Um, and therefore, and that ends it without a substantial discussion of *Martinez.*

Moments later, at about the 17:50 mark on the audio, a member of the panel revisited the issue and stated the following with respect to how the panel should write the order without having to reach the *Martinez* issue:

COURT: So if you, if we agree with you, just a judgment order that cites to *Gonzalez* and in parens, it's a successive petition in violation of 28 USC 2215, uh, 2255, closed quote, and that's it.

The resulting Order appears to follow exactly what the panel signaled during oral argument that it intended to do: dispose of the case without having to decide the *Martinez* issue.

24

three different grounds: (1) the motion failed to demonstrate "extraordinary circumstances"; (2) the motion was successive under *Gonzalez*; and (3) *Martinez* does not apply to § 2255 proceedings.[48] The citation to *Gonzalez* alone indicates that the Third Circuit merely affirmed the district court's finding that the 60(b) motion was successive, without reaching the question of *Martinez*'s application to § 2255 cases. At the very least, the *Williams* Order hardly constitutes persuasive authority on the issue of the applicability of *Martinez* and *Trevino* to § 2255 proceedings.

## V.    MR. LEE'S 60(b) MOTION IS A "TRUE" 60(b) MOTION.

In *Williams v. Delo*,[49] this Court specifically held that a 60(b) motion predicated on post-conviction counsel's error goes to a defect in the integrity of the proceedings, and is therefore a "true" Rule 60(b)

---

[47] Judgment Order, *United States v. Williams*, No. 13-2318 (3d Cir. 9/12/14) ("It is now here ORDERED that the judgment of the United States District Court for the Eastern District of Pennsylvania entered on February 28, 2013, is hereby affirmed. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).").

[48] *United States v. Williams*, No. 02-CR-172-7 (E.D. Pa. 9/28/13), Docket No. 2466 (Order) at 2-3.

[49] No. 13-2508, Entry ID: 4078411 (8th Cir. Sep. 23, 2013); *see* APPELLANT'S ADDENDUM at 13-14.

25

motion and not a successor. *Williams* thus directly refutes the district court's holding below—and the Government's arguments here—that any such 60(b) motion is necessarily precluded by *Gonzalez* as an improper successive motion.

### A. *Williams v. Delo* governs this case.

The Government says very little about *Williams v. Delo* or its effect on the ruling below. Instead, it seeks to distinguish *Williams* by pointing out that the default in that case occurred in the state collateral review proceeding.[50] As noted above, this is a distinction without a difference. Under the Government's reasoning, *Williams* was wrongly decided by this Court; and under the Government's interpretation of *Gonzalez*, *any* 60(b) motion is *necessarily* successive if it asserts that post-conviction counsel's error was a defect in the integrity of the proceeding. The Government simply cannot reconcile its position with the decisions of this Court—and numerous others[51]—that have held that in the wake of *Martinez* and *Trevino*, post-conviction counsel's errors can form the basis of a valid Rule 60(b) motion.

---

[50] GB at 39.

[51] See OPENING BRIEF OF APPELLANT at 20-24.

Appellate Case: 14-2853     Page: 29     Date Filed: 02/12/2015 Entry ID: 4243944

The Government cites *Ward v. Norris*[52] for precisely that expansive point—that any 60(b) motion that attacks previous post-conviction counsel's performance does not assert a procedural defect in the integrity of the proceedings.[53] But the Government's position was already rejected by this Court in *Williams*, which reversed the district court's erroneous ruling that the 60(b) motion attacking post-conviction counsel's effectiveness was successive.[54] Indeed, this Court recognized in *Ward* that "ineffective assistance of habeas counsel" could be characterized as a "defect in the integrity of the proceedings."[55] Before *Martinez* and *Trevino* that defect had little consequence for the habeas petitioner whose initial post-conviction counsel had been ineffective. After *Martinez* and *Trevino,* the legal landscape was altered such that a

---

[52] 577 F.3d 925 (8th Cir. 2009).

[53] GB at 31.

[54] Furthermore, in *Ward* the petitioner attempted to raise a *new* claim attacking the competence of his § 2254 counsel—not his initial post-conviction counsel—for the first time in a 60(b) motion. Mr. Lee is not raising a new claim; his 60(b) motion merely seeks to remedy the defect of a previously-imposed procedural bar caused by the ineffectiveness of his initial post-conviction counsel.

[55] 577 F.3d at 932.

27

Appellate Case: 14-2853     Page: 30     Date Filed: 02/12/2015 Entry ID: 4243944

petitioner could now raise that defect in a 60(b) motion, and this fact is duly reflected in this Court's decision in *Williams*.

### B. The Government's contention that Mr. Lee's motion is "successive" does not survive *Martinez* and *Trevino*.

In *Martinez*, the Supreme Court—while acknowledging the AEDPA's prohibition on claims of ineffective assistance of habeas counsel—held that post-conviction counsel's default of a substantial IAC claim could be excused upon a showing that post-conviction counsel was ineffective. *Martinez* constituted a "remarkable" development in the Supreme Court's jurisprudence,[56] and the Court's language leaves little doubt that such a showing now could constitute a procedural defect affecting the integrity of the federal proceeding.[57] After *Martinez*, numerous federal courts—including this one—have recognized that the

---

[56] *Lopez v. Ryan,* 678 F.3d 1131, 1136 (9th Cir. 2012).

[57] *See Martinez* at 132 S.Ct. at 1316-17 ("When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim."; "The right to the effective assistance of counsel is a bedrock principle in our justice system."; "Indeed, the right to counsel is the foundation for our adversary system.").

Appellate Case: 14-2853     Page: 31     Date Filed: 02/12/2015 Entry ID: 4243944

asserts of ineffective assistance of post-conviction counsel as "cause" constitutes a procedural defect, not a successive claim.[58]

The Government's reliance on two other pre-*Martinez* cases, *Harris v. United States*[59] and *Brooks v. Bobby*,[60] is misplaced. In *Harris*, as the Government notes, the claim of ineffective assistance of trial counsel was raised for the first time in a successive posture and thus the Rule 60(b) motion sought to add a new ground for relief. The movant in *Harris* had never alerted the district court to the claim he sought to litigate until he pled it in a subsequent petition for habeas corpus relief. When the circuit court declined to authorize that successive petition, he then moved to reopen his first habeas proceeding to add the missing IAC claim. Mr. Lee, however, did no such thing. Mr. Lee informed the district court of his claim in his first § 2255 pleading but failed to provide evidentiary support for it in a timely manner as required and as the district court then noted. His post-*Trevino* Rule

---

[58] *See* OPENING BRIEF OF APPELLANT at 20-24 (collecting and discussing cases).

[59] 367 F.3d 74 (2d Cir. 2004).

[60] 660 F.3d 959 (6th Cir. 2011).

Appellate Case: 14-2853    Page: 32    Date Filed: 02/12/2015 Entry ID: 4243944

60(b) motion simply requested that cause be found to excuse the previously-imposed procedural default.

*Brooks v. Bobby* also provides no guidance in this case. First, the petitioner there sought to add new claims through a Rule 60(b) motion. Second, the circuit court in *Brooks* was deciding whether the petitioner was entitled to a stay of his pending execution and thus the analysis— whether Brooks met a four-factor test supporting a stay—was distinct from the question before this Court.

## CONCLUSION

The district court here held that—as a matter of law— post-conviction counsel's errors or omissions in an initial collateral proceeding, under the narrow circumstances described in *Martinez* and *Trevino*, cannot "go to the integrity of the [habeas] proceedings," and so any Rule 60(b) motion seeking to remedy this type of defect in the integrity of the proceedings is necessarily a successive pleading under *Gonzalez*. The district court's legal ruling was incorrect; prior decisions of this Court and other courts so hold; and the Government's brief has failed to show otherwise.

30

Mr. Lee's 60(b) motion did not add a new ground for relief. Nor did it challenge the substance of the district court's previous resolution of a claim on the merits. Rather, Mr. Lee's 60(b) motion addressed the district court's ruling that it was "foreclosed" from conducting a full merits review of a substantial IAC claim due to § 2255 counsel's deficient performance. As such, it was a "true" Rule 60(b) motion, and the district court's contrary jurisdictional ruling should be reversed. On remand, any outstanding issues regarding the motion that were unadjudicated below can be considered in the first instance by the district court.

For the foregoing reasons, Mr. Lee respectfully requests that this Court reverse and remand this matter for the district court to consider Mr. Lee's Rule 60(b) motion in the first instance.

Respectfully submitted,

/s/ Morris H. Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Asst. Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

/s/ Karl Schwarz
KARL SCHWARTZ
Bar # 38994 (PA)
Asst. Federal Public Defender
Delaware Federal Defender
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6545
Karl_Schwartz@fd.org

31

# CERTIFICATE OF COMPLIANCE

1.      Pursuant to Local Rule 28A(h)(2), the undersigned certifies that this reply brief has been scanned for viruses and is virus-free.

2.      This reply brief contains 6,816 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

3.      This reply brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced, 14-point serif typeface using Microsoft Word 2007.

By: /s/ Morris H. Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

Appellate Case: 14-2853    Page: 35    Date Filed: 02/12/2015 Entry ID: 4243944

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the

Clerk of the Court for the Court of Appeals for the Eighth Circuit using

the CM/ECF system on February 9, 2015. This brief was served via this

Court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
John.Pellettieri@usdoj.gov

By: /s/ Morris H. Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

33