# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## No. 14-2853

UNITED STATES OF AMERICA,    )

    )    **(Capital Case)**

    Appellee,    )

    )

    vs.    )

    )

DANIEL LEWIS LEE,    )

    )

    Appellant    )

## APPELLANT'S MOTION FOR LEAVE TO FILE ADDITIONAL BRIEF

COMES NOW Appellant, Daniel Lewis Lee, by and through counsel, and respectfully moves this Court for leave to file an additional brief to address an issue which arose for the first time during oral argument. Mr. Lee's briefing in this matter was limited to the issue decided by the district court below: that his 60(b) motion was successive because a 60(b) motion which alleges that post-conviction counsel's errors or omissions constitute a defect in the integrity of the proceeding is, *per se*, successive under *Gonzalez v. Crosby*.[1]

At oral argument, this Court questioned whether Judge Eisele's Rule 59 order imposed a statutory bar, rather than a procedural bar, when he foreclosed consideration of the untimely proffered information in the Rule 59 motion, and, if

---

[1] 545 U.S. 524 (2005).

1

Appellate Case: 14-2853    Page: 1    Date Filed: 04/22/2015 Entry ID: 4267928

so, whether that would preclude application of the equitable remedy announced by the Supreme Court in *Martinez v. Ryan*[2] and *Trevino v. Thaler*.[3] Because the district court believed it had no jurisdiction to hear Mr. Lee's 60(b) motion at all, this complicated issue was neither addressed by the district court below nor fully briefed by the parties here. Should this Court intend to decide this issue of first impression without findings from the district court, Mr. Lee would respectfully request the opportunity to brief this issue. If granted leave, he would be prepared to explain to this Court why Judge Eisele's Rule 59 order did not impose a statutory bar that creates a "successor problem" for his 60(b) motion. The crux of that argument is as follows:

1.      Mr. Lee's 60(b) motion was addressed to the procedural bar imposed by Judge Eisele at the Rule 59 stage of the proceedings: that is, his ruling foreclosing consideration of the untimely proffered factual support for the timely-alleged Sixth Amendment claim (alleging that trial counsel were ineffective for failing to properly and adequately object to the psychopathy evidence regarding future dangerousness). As in *Williams v. Delo*,[4] Mr. Lee's 60(b) motion is a "true"

---

[2] 566 U.S. ___, 132 S.Ct. 1309 (2012).

[3] 569 U.S. ___, 133 S. Ct. 1911 (2013).

[4] APPELLANT'S ADDENDUM at 13-14.

2

Appellate Case: 14-2853   Page: 2   Date Filed: 04/22/2015 Entry ID: 4267928

60(b) motion because it does not raise a claim, but rather seeks to cure a defect in the integrity of the proceeding caused by post-conviction counsel's ineffectiveness.

2.      Contrary to the Government's contention at oral argument, Judge Eisele did not hold that he was foreclosed from reviewing the relevant information due to a statutory bar. On the contrary, he explicitly stated, at the outset of Section II.A, that he was entertaining the merits of the argument.[5] Then, after five pages of excoriating post-conviction counsel for failing to proffer the relevant information in support of the Sixth Amendment claim in a timely manner prior to the Rule 59 motion,[6] Judge Eisele concluded Section II.A by stating:

> Petitioner offers no explanation for why such affidavits or other supporting information were not provided to the Court before it ruled on his original motion for § 2255 relief. Had they been, the Court might have determined that an evidentiary hearing was required. However, *the Court is foreclosed by existing legal principles from considering the information now*, absent permission and direction from the Eighth Circuit to do so.[7]

3.      Judge Eisele's foreclosure of review – an action with all the hallmarks of a "procedural default" – was not a statutory bar[8] and had no effect on the district

---

[5] APPELLANT'S APPENDIX at 4-5.

[6] APPELLANT'S APPENDIX at 5-10.

[7] APPELLANT'S APPENDIX at 10-11 (emphasis added).

[8] Nor would such a contention make sense: § 2255(h) bars review of new *claims*, not new *information*. Here, Mr. Lee's Sixth Amendment claim was timely raised in the § 2255 motion, but – as Judge Eisele repeatedly pointed out in his Rule 59(e)

3

court's jurisdiction.[9] The "existing legal principle" that precluded consideration of the untimely information was this Circuit's judge-made law that Rule 59 motions cannot be used to introduce new evidence in support of a claim that could have been offered prior to the entry of judgment. This procedural rule—set out in the case relied upon by Judge Eisele, *Bannister v. Armontrout*[10]—was the sole basis for the decision foreclosing review of the untimely information and the option of an evidentiary hearing.

4. Judge Eisele's subsequent comment in Section II.C of the order, that Mr. Lee's claim should be considered successive, is a red herring for this Court. Although the Government encourages the Court to simply jump to that final

---

order – post-conviction counsel inexplicably failed to timely proffer the supporting facts to establish *Strickland* prejudice and to justify an evidentiary hearing. Thus, Mr. Lee's case is distinguishable from cases like *Harris v. United States*, 367 F.3d 74 (2d Cir. 2004), where the relevant claim was omitted from the original § 2255 motion and was raised for the first time in the 60(b) motion, when the district court was divested of jurisdiction to reach it. Cases raising claims in that manner would not be implicated by a ruling for Mr. Lee.

[9] Unlike a 60(b) motion, which seeks to re-open a *final* judgment after a district court lost jurisdiction, the district court here *already* had jurisdiction over Mr. Lee's case at the Rule 59 stage of the proceedings. It was only after the Rule 59 motion was decided and a Notice of Appeal was filed that the district court was divested of jurisdiction. *See, e.g., Stone v. INS*, 514 U.S. 386, 396-7 (1995) ("the filing of a Federal Rule of Civil Procedure 59 motion to alter or amend a district court's judgment strips the appellate court of jurisdiction" and "permit[s] the district court to retain jurisdiction to decide the Rule 59 motion").

[10] 4 F.3d 1434 (8th Cir. 1993); *see also* APPELLANT'S APPENDIX at 3.

4

Appellate Case: 14-2853     Page: 4     Date Filed: 04/22/2015 Entry ID: 4267928

section and seize upon the "successive" language, the findings in the Rule 59 order must be analyzed sequentially: Judge Eisele's reasoning in II.A is a necessary link in the chain for his comments in II.C. If the district court had had a way to overcome the *Bannister* default it imposed in section II.A, there would have been no procedural bar foreclosing consideration of the proffered facts. The case would then have been in a procedural posture permitting the court to review the information, now properly considered as part of the initial § 2255 claim. The court could then have granted an evidentiary hearing, and the "successor" discussion in section II.C would have been rendered moot. Once the link in II.A is broken – which is the effect of *Trevino* excusing the default – the "successor" discussion in II.C becomes mere surplusage.

5.      Mr. Lee's 60(b) is directed solely to excusing the foreclosure of review due to post-conviction counsel's failures. The equitable relief he seeks with his Rule 60(b) motion is to remedy the defect caused by the ineffectiveness of his post-conviction counsel: in short, to place him where he would be absent his counsel's failures. Had *Trevino* been in existence at the time of the Rule 59 motion, the district court would have had a means for excusing the procedural default it imposed (i.e., the failure to follow this Court's procedural rules as per *Bannister*). Mr. Lee would then have had the opportunity for an evidentiary hearing on the Sixth Amendment claim and then full merits review based on a

5

Appellate Case: 14-2853      Page: 5      Date Filed: 04/22/2015 Entry ID: 4267928

complete record. There would have been no discussion of a statutory or successive bar because such a bar only would have come into play once Judge Eisele found that he was foreclosed by a judicially-created rule from reviewing the evidence.

6.      Mr. Lee's initial-review collateral proceeding – the § 2255 proceeding – was his first and only opportunity to present a substantial Sixth Amendment claim. Although the Supreme Court has held that, as an equitable matter, a petitioner must receive "a meaningful opportunity to present a claim of ineffective assistance of trial counsel,"[11] Mr. Lee's post-conviction proceeding was "undertaken with ineffective counsel" and was therefore not "sufficient to ensure that proper consideration was given to a substantial [Sixth Amendment] claim."[12] Neither *Trevino* nor *Martinez* remotely suggests a rationale to deny a federal prisoner the same "meaningful opportunity to present a claim of ineffective assistance of trial counsel" afforded a state prisoner; nor could there be one. *Trevino* now provides Mr. Lee with a vehicle to remedy the injustice caused by his post-conviction counsel's failure and to allow one meaningful opportunity for proper consideration of his substantial Sixth Amendment claim. [13]

---

[11] *Trevino*, 133 S. Ct. at 1921.

[12] *Martinez*, 132 S. Ct. at 1318.

[13] Notably, neither the Government nor its expert disputes the underlying merits of Mr. Lee's Sixth Amendment claim: that the expert psychopathy evidence

6

**Conclusion**

For the foregoing reasons, Mr. Lee respectfully requests that this Court grant

leave to file additional briefing addressing these important issues.

Respectfully submitted,

/s/Karl Schwartz
KARL SCHWARTZ
Bar # 38994 (PA)
Asst. Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6550
Karl_Schwartz@fd.org

/s/Morris Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Asst. Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

/s/George Kouros
GEORGE KOUROS
Bar #420813 (CT)
Asst. Federal Public Defender
Federal Capital Habeas Project
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(301) 821-0855
George_Kouros@fd.org

Counsel for Appellant Daniel Lewis Lee
Dated: April 22, 2015

---

introduced at Mr. Lee's trial was *not* probative of future dangerousness in prison, and that the basis for challenging the evidence on those grounds was available at least as early as 1998, a full year before Mr. Lee's trial. *No court* has ever considered the evidence proving that the psychopathy evidence was false. If the district court were to grant Mr. Lee's 60(b) motion, the result would not be a grant of relief on the Sixth Amendment claim, because the 60(b) motion does not state a substantive claim for relief. Rather, the 60(b) motion asks that the prior judgment be re-opened and the previously-imposed procedural bar be lifted, so that Mr. Lee can finally receive a meaningful opportunity to present his claim to the district court for its consideration.

7

Appellate Case: 14-2853     Page: 7     Date Filed: 04/22/2015 Entry ID: 4267928

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2015, a copy of this Motion

was served via this Court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

/s/ Morris Moon<br>MORRIS MOON

Dated: April 22, 2015

Appellate Case: 14-2853     Page: 8     Date Filed: 04/22/2015 Entry ID: 4267928