UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,      )
                               )
        Appellee,              )
                               )      Case No. 14-2853
    v.                         )
                               )
DANIEL LEWIS LEE,              )
                               )
        Defendant/Appellant.   )

**GOVERNMENT'S RESPONSE TO APPELLANT'S MOTION
FOR LEAVE TO FILE ADDITIONAL BRIEF**

In accordance with the Court's order dated April 28, 2015, the

government submits this response to the defendant Daniel Lee's motion for

leave to file a post-argument supplemental brief. The government is of course

prepared to provide any supplemental briefing that the Court might find

helpful. In the government's view, however, no additional briefing is

warranted.

1.    Lee contends that at oral argument an issue the parties had not

previously briefed came up when the Court "questioned whether Judge

Eisele's Rule 59 order imposed a statutory bar, rather than a procedural bar,

when he foreclosed consideration of the untimely proffered information in the

Rule 59 Motion." Lee Motion 1. To the contrary, the government had

–1–

Appellate Case: 14-2853   Page: 1   Date Filed: 05/08/2015 Entry ID: 4273415

explicitly asserted in its response brief that Judge Eisele "did not decline to address the new claim raised by Lee in the Rule 59(e) motion on the basis of the doctrine of procedural default." Gov't Br. 22-23; *see* Gov't Br. 38 ("Procedural default was therefore not, as Lee suggests, *see* Lee Br. 16-20, the basis for Judge Eisele's denial of his motion for reconsideration under Fed. R. Civ. P. 59(e)."). Instead, the government explained, Judge Eisele concluded that the psychopathy claim in Lee's Rule 59(e) motion was subject to the statutory bar on second or successive Section 2255 motions. Gov't Br. 22-23, 37-38. The Court's questions at oral argument therefore followed naturally from the briefing.

2.    Lee had the opportunity to respond to the government's position in his reply brief and at oral argument. In fact, in his reply brief, Lee did not appear to dispute that Judge Eisele applied the statutory bar on second or successive Section 2255 motions; instead, he argued that applying the bar "to Rule 59(e) motions is a procedural rule like any other and by failing to follow it, post-conviction counsel caused a procedural default." Lee Reply Br. 15 n.28. Lee now contends in his motion for supplemental briefing (Lee Motion 2-5) that Judge Eisele did not deny the psychopathy claim in his Rule 59(e) motion on statutory grounds but instead held that Lee was not entitled to relief

–2–

Appellate Case: 14-2853    Page: 2    Date Filed: 05/08/2015 Entry ID: 4273415

under Federal Rule of Civil Procedure 59(e). Lee already had ample opportunity, however, to advance this argument in his briefs and at oral argument.

3.     Judge Eisele's opinion itself establishes that he rejected the psychopathy claim in Lee's Rule 59(e) motion on the basis of the statutory, jurisdictional bar imposed by 28 U.S.C. § 2255(h). It is true that Judge Eisele concluded the claim was "problematic" "even *if* considered on the merits." *United States v. Lee*, No. 97-CR-00243, 2010 WL 5347174, at *6 (E.D. Ark. Dec. 22, 2010) (emphasis added); *see also id.* at *5 (concluding that Lee's contentions regarding psychopathy were "also lacking in merit"). And he also concluded, at least implicitly, that Lee failed to satisfy the standard for relief under Rule 59(e), because his claims were "reiterations of previous arguments or attempts to introduce new evidence or legal theories which could have been raised prior to the entry of judgment." *Id.* at *5. Judge Eisele held, however, that "a Rule 59(e) motion is subject to the well established restrictions on filing successive motions for postconviction relief," *id.* at *1, and he explicitly concluded that the psychopathy claims in the motion "should, in the Court's view, be deemed successive," *id.* at *5.

Lee recognized this statutory basis for Judge Eisele's ruling in his

–3–

Appellate Case: 14-2853    Page: 3    Date Filed: 05/08/2015 Entry ID: 4273415

petition for a writ of certiorari, which the Supreme Court denied. *Lee v. United States*, 135 S. Ct. 72 (2014). Lee argued that Section 2255(h)'s bar on second or successive Section 2255 motions should not apply to a timely-filed Rule 59(e) motion. Pet. for Cert. 7-8, 14-20, *Lee v. United States*, No. 13-10085 (Sup. Ct.) (filed May 8, 2014). In pressing that claim, Lee specifically mentioned the psychopathy claim raised in the Rule 59(e) motion, stating that Judge Eisele "denied the Rule 59(e) motion" despite a "compelling evidentiary proffer" that purportedly showed "the unreliability of a psychopathy diagnosis as predictive of future dangerousness in prison." Pet. for Cert. 8. And Lee acknowledged that Judge Eisele rejected the claim because it was second or successive, explaining that the court "denied the Rule 59(e) motion as a second or successive application because, contrary to [*Gonzalez v. Crosby*, 545 U.S. 524 (2005)], it attacked the prior resolution of the § 2255 claims on the merit rather than simply addressing defects in the integrity of the habeas proceeding." *Id.* Lee's current recasting of the Rule 59(e) decision as a non-statutory procedural default ruling is unfounded.

4.     In sum, the parties have had ample opportunity to express their views with respect to the meaning and import of Judge Eisele's Rule 59(e) ruling. As a result, unless the Court concludes it would benefit from additional

–4–

clarity, it should deny Lee's motion for supplemental briefing.

Respectfully submitted,

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

Date: May 8, 2015

Appellate Case: 14-2853     Page: 5     Date Filed: 05/08/2015 Entry ID: 4273415

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on May 8, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov