No. 14-2853

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

DANIEL LEWIS LEE,
Appellant,

v.

UNITED STATES,
Appellee.

_____

PETITION FOR REHEARING

_____

MORRIS H. MOON
Bar # 24032750 (TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556

GEORGE G. KOUROS
Bar # 420813 (CT)
Assistant Federal Public Defender
Federal Capital Habeas Project
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(301) 821-0855

KARL SCHWARTZ
Bar # 38994 (PA)
Assistant Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6545

COUNSEL FOR APPELLANT DANIEL LEWIS LEE

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………...…i

TABLE OF AUTHORITIES……………………………………………..……..ii

ARGUMENT…………………………………………………………………….1

I.     BACKGROUND………………………………………………….……1

II.    THE PROCEDURAL DEFAULT IN MR. LEE'S CASE IS COGNIZABLE UNDER *MARTINEZ* AND *TREVINO* …………………………………….4

III.   THE INEFFECTIVENESS OF MR. LEE'S § 2255 COUNSEL IS COGNIZABLE UNDER RULE 60(b)……………………………………………………...8

IV.    MR. LEE'S 60(b) MOTION DID NOT RELITIGATE THE MERITS OF HIS § 2255 MOTION………………………………………………………...15

CONCLUSION……………………………………………………………...16

Appellate Case: 14-2853     Page: 2     Date Filed: 10/13/2015 Entry ID: 4325744

TABLE OF AUTHORITIES

## Cases

*Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012)....................................10

*Clark v. Stephens*, 2015 U.S. App. LEXIS 17396 (5th Cir. 2015).........10

*Coleman v. Thompson,* 501 U.S. 722 (1991)......................................12

*Cook v. Ryan*, 688 F.3d 598 (9th Cir. 2012).......................................10

*Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014).........................................10

*Gonzalez v. Crosby*, 545 U.S. 524 (2005)....................................*passim*

*Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012)..............*passim*

*McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013)..........................10

*Ramirez v. United States*, 2015 U.S. App. LEXIS 15005
     (7th Cir. 2015)......................................................................*passim*

*Trevino v. Thaler*, 569 U.S. ___, 133 S. Ct. 1911 (2013)...............*passim*

*United States v. Lee*, 89 F. Supp.2d 1017 (E.D. Ark. Mar. 21, 2000)......1

*United States v. Lee*, No. 4:06-CV-1608-GTE, 2010 U.S. Dist. LEXIS
     145997 (E.D. Ark. Dec. 22, 2010)...........................................2

*United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015)...................*passim*

*Williams v. Delo*, No. 13-2508 (8th Cir. Sep. 23, 2013)...........9, 14, 15

## Statutes and Rules

28 U.S. Code § 2255...............................................................*passim*

Federal Rule of Civil Procedure 60(b)....................................*passim*

Appellate Case: 14-2853    Page: 3    Date Filed: 10/13/2015 Entry ID: 4325744

# ARGUMENT

## I. BACKGROUND

Mr. Lee was sentenced to death on the basis of alleged expert evidence that he was a "psychopath" who would be a future danger in prison. This evidence was so powerful that even the presiding district court judge contemporaneously noted that, but for this evidence, it was "very questionable whether the jury would have given Defendant Lee the death penalty."[1] During his subsequent initial-review collateral proceeding under 28 U.S.C. § 2255, Mr. Lee's court-appointed post-conviction counsel raised a Sixth Amendment claim – that trial counsel failed to properly challenge the "psychopathy" evidence by not proffering readily available facts in support of that challenge. Those facts would have established that the "psychopathy" evidence was invalid and unreliable, that the basis for this challenge was available to trial counsel at the time of Mr. Lee's trial, and that the government's "psychopathy expert" had repudiated his prior reliance on this

---

[1] *United States v. Lee*, 89 F. Supp.2d 1017, 1031 (E.D. Ark. Mar. 21, 2000) (Memorandum Opinion and Order Regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds*, 274 F.3d 485 (8th Cir. 2001).

1

Appellate Case: 14-2853    Page: 4    Date Filed: 10/13/2015 Entry ID: 4325744

discredited evidence.[2] However, post-conviction counsel belatedly proffered the relevant evidence as an attachment in support of a Rule 59(e) motion, in direct violation of a procedural rule of this Circuit that prohibits the introduction of evidence at the Rule 59 stage. The District Court excoriated post-conviction counsel for unreasonably failing to timely provide the evidence despite numerous opportunities to do so, noting that if post-conviction counsel had timely provided the evidence, it "might have determined that an evidentiary hearing was necessary" on the Sixth Amendment claim, but that under the relevant Circuit rule, the district court was "foreclosed" from considering the evidence.[3]

While Mr. Lee's appeal from the denial of his § 2255 motion was pending, the Supreme Court decided *Trevino v. Thaler*,[4] and extended the remedy it announced in *Martinez v. Ryan*[5] to a jurisdiction whose post-conviction scheme is, in all material respects, the same as that of the federal government. That remedy permits a district court to use

---

[2] The government disputes none of these points.

[3] *United States v. Lee*, No. 4:06-CV-1608-GTE, 2010 U.S. Dist. LEXIS 145997 at *14-15 (E.D. Ark. Dec. 22, 2010) (order denying motion for reconsideration) (emphasis added).

[4] 569 U.S. ___, 133 S. Ct. 1911 (2013).

[5] 566 U.S. ___, 132 S. Ct. 1309 (2012).

2

Appellate Case: 14-2853    Page: 5    Date Filed: 10/13/2015 Entry ID: 4325744

post-conviction counsel's ineffectiveness as "cause" to overcome a procedural bar that would otherwise preclude full merits review of a substantial Sixth Amendment claim. Mr. Lee's post-conviction counsel withdrew their appearance, noting a conflict of interest because *Trevino* now provided Mr. Lee with a remedy for their ineffectiveness. Conflict-free post-conviction counsel then diligently filed a Rule 60(b) motion in the district court based on *Trevino* . The motion requested that the § 2255 proceeding be re-opened so that the district court could excuse the prior default and consider the previously barred information in support of Mr. Lee's Sixth Amendment claim.

The district court denied the Rule 60(b) motion on the ground that post-conviction counsel's ineffectiveness was not cognizable under *Gonzalez v. Crosby*. Specifically, the district court held that *any* 60(b) motion that alleges that post-conviction counsel's ineffectiveness is a defect in the integrity of the proceedings is, *per se*, successive and a district court is without jurisdiction to hear it. After the district court granted a Certificate of Appealability on the issue, Mr. Lee appealed to this Court. Mr. Lee's appeal noted that on this narrow jurisdictional issue, this Court – as well as numerous other federal circuit and district

3

courts – have held that a 60(b) motion that alleges post-conviction counsel's ineffectiveness as a basis to overcome a procedural bar that precluded full merits review of a Sixth Amendment claim is, in fact, a "true" Rule 60(b) motion.

This Court denied Mr. Lee's appeal, but its decision is at odds with another panel of this Circuit, as well as that of at least five other Circuit Courts of Appeals. In one opinion, decided subsequent to this panel's opinion, the Seventh Circuit Court of Appeals considered a § 2255 case with facts very similar to Mr. Lee's case, and granted 60(b) relief pursuant to *Martinez* and *Trevino*. For the reasons discussed below, Mr. Lee respectfully requests rehearing pursuant to Rule 40 of the Federal Rules of Appellate Procedure and Local Rule 35A.

## II. THE PROCEDURAL DEFAULT IN MR. LEE'S CASE IS COGNIZABLE UNDER *MARTINEZ* AND *TREVINO*.

The district court ruled that it was "foreclosed" from considering the information in support of Mr. Lee's Sixth Amendment claim because his § 2255 counsel failed to timely proffer it. Specifically, the district court "relied upon our ***circuit rule*** that Rule 59(e) motions cannot be

Appellate Case: 14-2853     Page: 7     Date Filed: 10/13/2015 Entry ID: 4325744

used to introduce new evidence . . . which could have been offered or raised prior to the entry of the judgment."[6]

That "circuit rule" is a *judicially*-created rule. It establishes the procedure for the timely proffer of evidence in support of a § 2255 claim in district court. Evidence that is proffered prior to the entry of judgment may be considered; evidence proffered through a post-judgment Rule 59(e) motion is deemed untimely and barred.

Mr. Lee's § 2255 counsel unreasonably failed to follow this rule of procedure. This resulted in a default: the district court imposed a procedural bar on the untimely evidence and held that it was "foreclosed" from considering it. Thus, critical evidence that proved the *Strickland* prejudice prong of Mr. Lee's ineffective assistance of counsel claim was not considered by the District Court, and Mr. Lee failed to receive full merits review of a substantial Sixth Amendment claim.

The Supreme Court has held that every petitioner must receive "a meaningful opportunity to present a claim of ineffective assistance of

---

[6] *United States v. Lee*, 792 F.3d 1021, 1025 (8th Cir. 2015) (emphasis added).

5

Appellate Case: 14-2853    Page: 8    Date Filed: 10/13/2015 Entry ID: 4325744

trial counsel."[7] In cases where a petitioner fails to receive that opportunity because of his post-conviction counsel's errors, the Supreme Court has fashioned an equitable remedy: a district court may excuse a default owing to post-conviction counsel's ineffectiveness and conduct full merits review of the Sixth Amendment claim.

This Court held that Mr. Lee cannot use this remedy because his case "does not involve a procedural defect of the type discussed in *Trevino* and *Martinez*."[8] This holding is inconsistent with the underlying premise of those cases.

*Trevino* and *Martinez* are designed to provide a remedy for precisely the harm present here: an initial-review collateral proceeding that is "undertaken with ineffective counsel" and is therefore not "sufficient to ensure that proper consideration was given to a substantial [Sixth Amendment] claim."[9] Here, the record is clear that:

    1)    There is a circuit rule that governs the timely presentation of evidence to a district court in a § 2255 proceeding;

---

[7] *Trevino*, 133 S. Ct. at 1921.

[8] 792 F.3d at 1025.

[9] *Martinez*, 132 S. Ct. at 1318.

Appellate Case: 14-2853    Page: 9    Date Filed: 10/13/2015 Entry ID: 4325744

2) Mr. Lee's post-conviction counsel unreasonably violated that procedural rule;

3) Due to post-conviction counsel's error, the district court enforced a procedural bar on the untimely information and ruled that it was foreclosed from considering it;

4) As the District Court specifically said, but for post-conviction counsel's error, the district court might have granted an evidentiary hearing and conducted a full merits review of the underlying Sixth Amendment claim.

In every material respect, Mr. Lee's case bears all of the hallmarks of the type of procedural default addressed in *Martinez* and *Trevino*: a procedural bar that precludes the district court from conducting full merits review and giving "proper consideration" to a Sixth Amendment claim.

This Court held that *Martinez* and *Trevino* were "inapposite" to Mr. Lee's case, "since they involved federal habeas review of state court decisions under § 2254," and not § 2255.[10] Neither case, however, supports such a narrow reading, as evinced by the Supreme Court's use of the phrase "initial collateral proceeding," as opposed to "state collateral proceeding."[11] Thus, the dispositive feature of the default in

---

[10] 792 F.3d at 1024.

[11] *Martinez*, 132 S. Ct. at 1315 (ineffective assistance of post-conviction counsel may excuse procedural default of an underlying Sixth

7

both *Martinez* and *Trevino* was not that it occurred in a *state* collateral proceeding, but rather in an *initial-review* collateral proceeding; if post-conviction counsel's default were allowed to stand, then that lawyer's failure to competently litigate a Sixth Amendment claim during initial-review collateral proceedings would deprive a defendant of *any review of that claim at all*.[12] This is precisely the situation in which Mr. Lee finds himself. Because a § 2255 proceeding is an initial-review collateral proceeding, this was Mr. Lee's first and only opportunity to present his Sixth Amendment claim. If his post-conviction counsel's incompetent litigation of that claim is allowed to stand, Mr. Lee will be deprived of meaningful review of that claim, through no fault of his own.

## III. THE INEFFECTIVENESS OF MR. LEE'S § 2255 COUNSEL IS COGNIZABLE UNDER RULE 60(b).

Citing to *Gonzalez v. Crosby*,[13] this Court stated that "[n]o

---

Amendment claim if the default occurred in an "*initial-review* collateral proceeding") (emphasis added); *Trevino*, 133 S. Ct. at 1921 (same).

[12] *Trevino*, 133 S.Ct. at 1921 ("[F]ailure to consider a lawyer's 'ineffectiveness' during an initial-review collateral proceeding as a potential 'cause' for excusing a procedural default will deprive the defendant of any opportunity at all for review of an ineffective-assistance-of-trial-counsel claim.") (citing *Martinez*, 132 S.Ct. at 1309).

[13] 545 U.S. 524, 532 (2005).

8

Appellate Case: 14-2853   Page: 11   Date Filed: 10/13/2015 Entry ID: 4325744

evidentiary omission by counsel in Lee's first § 2255 petition amounted to a procedural defect in the integrity of his habeas proceeding."[14] However, this reasoning is at odds with another panel of this Court, as well as with other Circuit Courts of Appeals.

In *Williams v. Delo*,[15] another panel of this Court held that a 60(b) motion based on post-conviction counsel's ineffectiveness in presenting a Sixth Amendment claim in an initial-review collateral proceeding constitutes a "true Rule 60(b) motion" over which a district court has jurisdiction. There is no principled reason why post-conviction counsel's error in *Williams* should be treated as a defect in the integrity of the habeas proceeding, and the error committed by Mr. Lee's post-conviction counsel should not. As noted above, the *sole* reason that the district court imposed a procedural bar in Mr. Lee's case was due to post-conviction counsel's unreasonable failure to comply with the relevant circuit rule. It was that error that precluded Mr. Lee from receiving an evidentiary hearing on his claim and foreclosed the district court from considering the untimely evidence and conducting a full

---

[14] 792 F.3d at 1025.

[15] No. 13-2058 (8th Cir. Sept. 23, 2013).

Appellate Case: 14-2853    Page: 12    Date Filed: 10/13/2015 Entry ID: 4325744

merits review. Mr. Lee's post-conviction proceeding thus suffered from the same defect as Mr. Williams's: a default caused by post-conviction counsel's error that precluded full merits review of a substantial Sixth Amendment claim.

Similarly, numerous other Circuit Courts of Appeals – including the Third,[16] Fifth,[17] Sixth,[18] Seventh[19] and Ninth[20] Circuits – have recognized that, on the threshold question of jurisdiction, the assertion of post-conviction counsel's ineffectiveness as "cause" to overcome a default is cognizable under Rule 60(b) because it addresses a defect in the integrity of the proceedings, and does not constitute a successive claim. What all of these courts have essentially recognized is that,

[16] *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014) (remanding to district court for determination of 60(b) motion on the merits, implicitly finding jurisdiction to hear the motion).

[17] *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012). *See also Clark v. Stephens*, 2015 U.S. App. LEXIS 17396, *8-*9 (5th Cir. Oct. 1, 2015) (reasonable jurists could debate whether federal habeas proceeding was defective under Rule 60(b) even though the defect was, per *Gonzalez*, an "omission" by habeas counsel).

[18] *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013) (deciding 60(b) motion on the merits, implicitly finding jurisdiction to hear the motion).

[19] *Ramirez v. United States*, 2015 U.S. App. LEXIS 15005, *8 (7th Cir. 2015).

[20] *Cook v. Ryan*, 688 F.3d 598, 608 (9th Cir. 2012).

10

although *Gonzalez* stated that post-conviction counsel's omissions "*ordinarily* [do] not go to the integrity of the proceedings,"[21] *Trevino* and *Martinez* identified a narrow category of attorney error that is an exception to the rule: a default committed by counsel in the initial-review collateral proceeding that precludes meaningful review of a substantial Sixth Amendment claim. Given the narrow exception articulated by *Martinez* and *Trevino*, a 60(b) motion such as Mr. Lee's, which squarely falls within that exception, comports with *Gonzalez*.

The Seventh Circuit Court of Appeals recently decided a case in the § 2255 context that bears on this very question. In *Ramirez v. United States*,[22] § 2255 counsel failed to proffer evidence to support a claim in the § 2255 motion, just as Mr. Lee's counsel failed to do here. Section 2255 counsel had raised a Sixth Amendment claim that trial counsel was ineffective for failing to challenge Ramirez's classification as a "career offender" because some of his prior state court convictions were not "crimes of violence" for sentence-enhancing purposes. Section 2255 counsel, however, failed to proffer the relevant documents that

---

[21] 545 U.S. at 532 n. 5.

[22] 2015 U.S. App. LEXIS 15005 (7th Cir. Aug. 25, 2015).

11

proved the prior crimes were not crimes of violence, and thus would have established the claim. The district court denied the § 2255 claim because Ramirez "had not produced any documents to show that he had been convicted of *reckless* assault and thus had not shown that he was prejudiced by counsel's omission."[23] Section 2255 counsel did not inform his client of the decision, did not file any post-judgment motions, and did not file a notice of appeal.

Ramirez first filed an (untimely) notice of appeal, which was dismissed for lack for jurisdiction. Ramirez then filed a *pro se* 60(b) motion in the district court, arguing that the ineffectiveness of his § 2255 counsel warranted reopening the judgment in his § 2255 proceeding, in light of *Martinez* and *Trevino*. The district court denied the motion on the ground that since there is no right to counsel on collateral review under *Coleman v. Thompson*,[24] § 2255 counsel's ineffectiveness was not cognizable under Rule 60(b). The Seventh Circuit Court of Appeals reversed.

---

[23] *Id.* at *5 (emphasis in original).

[24] 501 U.S. 722, 752 (1991).

Appellate Case: 14-2853   Page: 15   Date Filed: 10/13/2015 Entry ID: 4325744

The Seventh Circuit noted that although the district court's decision would have been correct before the Supreme Court's decisions in *Trevino* and *Martinez*, "[i]n those two decisions … the [Supreme] Court significantly changed its approach to claims of ineffective assistance of counsel at initial-review collateral proceedings."[25] Given this change in the legal landscape, the Court held that the Rule 60(b) motion – which sought to "reopen [Ramirez's] existing section 2255 proceeding and overcome a procedural barrier to its adjudication"[26] – was cognizable under Rule 60(b) and *Gonzalez*.[27] Thus, the case was remanded to the district court for consideration of the 60(b) motion in the first instance.[28]

---

[25] 2015 U.S. App. LEXIS at *2.

[26] *Id.* at *8.

[27] *Id.* at *2.

[28] The *Ramirez* opinion cited to this Court's opinion in Mr. Lee's case in an attempt to distinguish it, but its gloss on this Court's ruling was incorrect. First, the opinion stated that "*Lee* turned on an antecedent problem: the petitioner's motion under Rule 60(b) there was properly denied because it required precertification under section 2244(b)(3) and the court of appeals refused to take that step." *Id.* at *18. As this Court knows, however, the lack of precertification under 2244(b)(3) was not an "antecedent problem": the very question presented in Mr. Lee's case was whether his Rule 60(b) motion was a "true" 60(b) motion over which the district court has jurisdiction, thus eliminating the need for

Appellate Case: 14-2853   Page: 16   Date Filed: 10/13/2015 Entry ID: 4325744

This Court's opinion made no mention of the previously-decided decisions of its sister Circuits, nor did it materially distinguish the opinion of the *Williams* panel. Instead, this Court quoted one sentence from the *Gonzalez* decision without engaging the arguments Mr. Lee raised in his pleadings and at oral argument for how *Gonzalez* must be qualified in light of the more recent *Martinez* and *Trevino* decisions. In light of the substantial body of authority that supports Mr. Lee's position, including the

---

precertification by the Court of Appeals. For the very reasons that Ramirez's 60(b) motion is a "true" 60(b) motion, so too is Mr. Lee's: under *Martinez* and *Trevino*, post-conviction counsel's ineffectiveness is a cognizable basis on which to seek to reopen the judgment under Rule 60(b) and *Gonzalez*.

The *Ramirez* opinion also tries to distinguish Mr. Lee's case by stating that "Lee had not been diligent; instead of presenting his supporting evidence in his motion under section 2255, he just included a footnote saying that such evidence could be provided later." *Id.* This, however, is no distinction at all. Just as Ramirez's post-conviction counsel raised a Sixth Amendment claim but failed to proffer evidence in support of it, so too did Mr. Lee's counsel. What the *Ramirez* court characterizes as Mr. Lee's lack of diligence is actually the ineffectiveness of his post-conviction counsel. That same lack of diligence led the *Ramirez* Court to find that initial post-conviction counsel had been ineffective. Similarly, Mr. Lee's §2255 counsel's ineffectiveness is properly cognizable in a Rule 60(b) motion as a basis to overcome the procedural bar that was imposed upon him.

14

Appellate Case: 14-2853    Page: 17    Date Filed: 10/13/2015 Entry ID: 4325744

post-argument decision by the Seventh Circuit in *Ramirez*, Mr. Lee respectfully submits that rehearing is warranted in his case.

### IV.  MR. LEE'S 60(b) MOTION DID NOT RELITIGATE THE MERITS OF HIS § 2255 MOTION.

The Court's opinion suggests that Mr. Lee's 60(b) motion was an attempt to relitigate the merits of his underlying Sixth Amendment claim.[29] However, Mr. Lee's 60(b) motion did not present a § 2255 claim for relief -- that is, a reason to vacate his conviction or sentence, as provided in 28 U.S.C. § 2255. Granting Mr. Lee's 60(b) motion would only reopen his § 2255 judgment and excuse the previously-imposed procedural bar.  This would not automatically entitle Mr. Lee to § 2255 relief on his underlying Sixth Amendment claim; it would merely put him back in the position he was in prior to his post-conviction counsel's default. Mr. Lee's 60(b) request is materially indistinguishable from that at issue in the *Williams* case, and there is no principled reason to treat these two 60(b) motions differently.[30]

---

[29] 792 F.3d at 1025.

[30] *See also Ramirez*, *supra*,  at \*8 (Rule 60(b) motion that sought to "reopen his existing section 2255 proceeding and overcome a procedural barrier to its adjudication" did not raise a § 2255 claim for relief and was therefore not successive).

Appellate Case: 14-2853     Page: 18     Date Filed: 10/13/2015 Entry ID: 4325744

## CONCLUSION

WHEREFORE, Mr. Lee respectfully requests that the Court grant his Petition for Rehearing.

Respectfully submitted,

/s/Karl Schwartz
KARL SCHWARTZ
Bar # 38994 (PA)
Asst. Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6550
Karl_Schwartz@fd.org

/s/Morris H. Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Asst. Federal Public Defender
Federal Capital Habeas Project
Maryland Federal Defender
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

/s/George Kouros
GEORGE KOUROS
Bar #420813 (CT)
Asst. Federal Public Defender
Federal Capital Habeas Project
Maryland Federal Defender
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(301) 821-0855
George_Kouros@fd.org

Counsel for Mr. Lee
Dated: October 13, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2015, a copy of this Motion was served via this Court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov


/s/ George Kouros
GEORGE KOUROS


Dated: October 13, 2015

17