No. 14-2853

In the

# United States Court of Appeals
## For the Eighth Circuit

UNITED STATES OF AMERICA,
Appellee,

v.

DANIEL LEWIS LEE,
Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**RESPONSE OF THE UNITED STATES TO APPELLANT'S
PETITION FOR PANEL REHEARING**

LESLIE R. CALDWELL
Assistant Attorney General

SUNG-HEE SUH
Deputy Assistant Attorney General

JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1260
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

STATEMENT .................................................................................................................. 1

ARGUMENT .................................................................................................................. 5

    I.       The Panel Correctly Concluded That Lee's Rule 60(b) Motion Was  A
              Second Or Successive Motion For Relief Under 28 U.S.C. § 2255 ................ 5

    II.     The District Court Did Not Decline To Consider The Merits Of Lee's
              Ineffective Assistance Claim Based On A Procedural Default ....................... 9

    III.    The Panel's Decision Does Not Conflict With Authority From This Court
              Or Any Other Court Of Appeals .................................................................. 11

CONCLUSION ............................................................................................................. 15

CERTIFICATE OF SERVICE ..................................................................................... 16

i

Appellate Case: 14-2853    Page: 2    Date Filed: 11/06/2015 Entry ID: 4334379

# TABLE OF AUTHORITIES

## CASES

*Bousley v. United States*, 523 U.S. 614 (1998)............................................................ 6

*Brooks v. Bobby*, 660 F.3d 959 (6th Cir. 2011) ........................................................ 14

*Franqui v. Florida*, 638 F.3d 1368 (11th Cir. 2011) .............................................. 14

*Gonzalez v. Crosby*, 545 U.S. 524 (2005) .........................................................passim

*Harris v. United States*, 367 F.3d 74 (2d Cir. 2004) ........................................13, 14

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012).......................................................passim

*Massaro v. United States*, 538 U.S. 500 (2003)..................................................... 6, 8

*Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015)................................. 12, 13, 14, 15

*Towery v. Ryan*, 673 F.3d 933 (9th Cir. 2012)...................................................... 14

*Trevino v. Thaler*, 133 S. Ct. 1911 (2013).......................................................passim

*United States v. Lee*, 374 F.3d 637 (8th Cir. 2004) ................................................. 1

*United States v. Lee*, 715 F.3d 215 (8th Cir. 2013) ................................................. 3

*United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015) ........................................... 4, 5, 8

*United States v. Lee*, No. 97-CR-00243, 2008 WL 4079315
   (E.D. Ark. Aug. 28, 2008) ........................................................................ 1, 9, 12

*United States v. Lee*, No. 97-CR-00243, 2010 WL 5347174
   (E.D. Ark. Dec. 22, 2010) .............................................................................. 2, 10

*United States v. Lee*, No. 97-CR-243, 2014 WL 1093197
   (E.D. Ark. Mar. 18, 2014) .................................................................................. 3, 4

*United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930 (8th Cir. 2006) ....................... 10

ii

Appellate Case: 14-2853     Page: 3     Date Filed: 11/06/2015 Entry ID: 4334379

*Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009) ........................................................ 14

## STATUTES AND RULES

18 U.S.C. § 1959(a)(1) ............................................................................................. 1

28 U.S.C. § 2254 .........................................................................................11, 12, 14

28 U.S.C. § 2255 .............................................................................................passim

28 U.S.C. § 2255(h).........................................................................................passim

Federal Rule of Appellate Procedure 40............................................................... 5

Federal Rule of Civil Procedure 59(e)..........................................................passim

Federal Rule of Civil Procedure 60(b) ..........................................................passim

Appellate Case: 14-2853    Page: 4    Date Filed: 11/06/2015 Entry ID: 4334379

# STATEMENT

1. In January 1996, in connection with a scheme to create an independent nation of white supremacists in the Pacific Northwest, Lee and co-defendant Chevie Kehoe broke into the home of gun dealer William Mueller, took weapons and cash, and murdered Mueller, his wife, and their eight-year-old daughter. Gov't Br. 3. A jury convicted Lee on, *inter alia*, three counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), and sentenced him to death. Gov't Br. 4-10.

2. This Court affirmed Lee's conviction and sentence on direct appeal, *United States v. Lee*, 374 F.3d 637 (8th Cir. 2004), *cert. denied*, 545 U.S. 1141 (2005), and Lee filed a motion for postconviction relief under 28 U.S.C. § 2255, Dkt. 1118. As relevant here, Lee claimed that he received ineffective assistance of counsel during the sentencing phase of his trial because his lawyers failed to object adequately during cross-examination of his expert, Mark Cunningham, Ph.D., to questioning about Lee's diagnosis as a psychopath and whether or not that diagnosis tended to support the conclusion that Lee would be a danger to others in the future, one of the aggravating factors asserted by the government in support of the death penalty. Dkt. 1118, at 33-34.[1] The district court denied this and other claims on the merits. *United States v. Lee*, No. 97-CR-00243, 2008 WL 4079315, at *47-*48 (E.D. Ark. Aug. 28, 2008).

---

[1] The panel opinion states that "Lee's § 2255 petition alleged that his trial counsel had provided ineffective assistance during the penalty phase by not adequately objecting to testimony by government expert witness Dr. Thomas Ryan regarding the Hare Psychopathy Check List–Revised." 792 F.3d at 1022. Dr. Ryan did not testify

1

Lee filed a motion under Federal Rule of Civil Procedure 59(e), asserting numerous ground for reconsideration. Dkt. 1165. As relevant here, Lee argued for the first time that he received ineffective assistance of counsel because his trial counsel did not object to the testimony about psychopathy elicited during cross-examination of Dr. Cunningham as "scientifically invalid and non-probative of the issue of future dangerousness." Dkt. 1165, at 20. Lee provided a number of affidavits to support this claim. *See* Dkt. 1165-4, 1165-7.

The district court (Eisele, J.) denied the reconsideration motion. *United States v. Lee*, No. 97-CR-00243, 2010 WL 5347174 (E.D. Ark. Dec. 22, 2010). The court determined that Lee's claims with respect to the psychopathy evidence and cross-examination of Dr. Cunningham were subject to the applicable restrictions on filing second or successive motions for postconviction relief under 28 U.S.C. § 2255, 2010 WL 5347174, at *5-*6, and therefore were barred absent certification by this Court, *see* 28 U.S.C. §2255(h). The court also concluded, at least implicitly, that relief was not warranted under Rule 59(e). 2010 WL 5347174, at *5-*6.

The district court and this Court granted a certificate of appealability on two issues but denied a certificate on all other issues, including on whether the district

_____

about psychopathy, however, because the district court granted a motion in limine precluding testimony from Dr. Ryan on that subject. Gov't Br. 8. Only Lee's expert, Dr. Cunningham, testified about psychopathy, during cross-examination. Gov't Br. 6-8. Lee claimed in his Section 2255 motion that Dr. Ryan's rebuttal testimony was improper, but not because of testimony about psychopathy. *See* Dkt. 1118, at 34.

2

court erroneously denied Lee's Rule 59(e) motion. Order, *United States v. Lee*, No. 11-1380 (8th Cir. Feb. 17, 2012); *see* Mot. to Expand Cert. of Appealability, *United States v. Lee*, No. 11-1380 (8th Cir.) (June 20, 2011). This Court affirmed the district court's denial of Lee's motion for postconviction relief under 28 U.S.C. § 2255. *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013), *cert. denied*, 135 S. Ct. 72 (2014).

3. Lee subsequently filed a motion in the district court under Federal Rule of Civil Procedure 60(b), seeking to vacate the judgment denying his Section 2255 motion. Dkt. 1230. The motion renewed the claim, first asserted by Lee in his Rule 59(e) motion, that he received ineffective assistance of counsel at trial because his lawyers failed to challenge cross-examination of Dr. Cunningham about psychopathy as invalid and irrelevant to future dangerousness. Dkt. 1230, at 3-4, 7-8.

The district court (Holmes, J.) concluded that it lacked jurisdiction over Lee's motion because it qualified as a second or successive motion for relief under 28 U.S.C. § 2255, and Lee had not obtained authorization from this Court as required by 28 U.S.C. § 2255(h). *United States v. Lee*, No. 97-CR-243, 2014 WL 1093197 (E.D. Ark. Mar. 18, 2014). Applying *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the court agreed with the reasoning of Judge Eisele in denying Lee's Rule 59(e) motion, and concluded that Lee's Rule 60(b) motion—which sought to raise the same claim that Lee had asserted in his Rule 59(e) motion—likewise amounted to a second or successive Section 2255 motion "for which Lee needs but has not obtained authorization from the Eighth Circuit." 2014 WL 1093197, at *4-*5. The court rejected Lee's contention that a

3

different result was supported by the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). The court concluded that "those two cases arose in a different procedural context" than *Gonzalez* and "addressed a different procedural issue." 2014 WL 1093197, at *5. Neither decision "addressed the issue of what constitutes a second or successive habeas petition," *id.* at *5, let alone "changed the law as to what constitutes a second or successive petition," *id.* at *6.

4. The panel affirmed. *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015). The panel concluded that "Lee's Rule 60(b) motion was correctly denied for lack of precertification since it was seeking to reopen a claim which had been raised in his initial habeas petition and decided by the district court." *Id.* at 1023. Lee's Rule 60(b) motion asserted that he was entitled to challenge the district court's denial of his claim that he received ineffective assistance of counsel because his lawyers failed to make an adequate challenge to testimony at sentencing regarding psychopathy. *Id.* at 1022. And Lee acknowledged "that his counsel made the claim in his initial § 2255 petition" but "had omitted the required evidentiary support" for that claim. *Id.* Under *Gonzalez v. Crosby*, however, "omissions by federal habeas counsel are not procedural defects," and therefore a Rule 60(b) motion seeking to reopen a claim to cure such omissions is a second or successive Section 2255 motion. *Id.* at 1023-24. Accordingly, the panel concluded, "[n]o evidentiary omission by counsel in Lee's first § 2255 petition amounted to a procedural defect in the integrity of his habeas proceeding, and any

4

attempt to relitigate the merits denial of the petition would count as a second or successive petition subject to AEDPA's precertification demands." *Id.* at 1025 (internal citations omitted).

The panel rejected Lee's reliance on *Martinez* and *Trevino*, concluding that "[t]hose cases are inapposite." *Id.* at 1024. "In both *Trevino* and *Martinez*, the habeas petitioners adequately raised their claims of ineffective assistance of trial counsel in their initial federal habeas petitions." *Id.* at 1024. In contrast, the panel explained, Lee's initial Section 2255 motion raised an ineffective assistance claim but omitted evidentiary support, and the "[t]he district court went on to reach and deny Lee's claim on the merits." *Id.* at 1024-25. The district court denied Lee's reconsideration motion on the basis of the standards that apply under Rule 59(e), the panel determined, and that denial "did not involve a procedural default of the type discussed in *Trevino* and *Martinez*." *Id.* at 1025.

## ARGUMENT

Lee does not seek rehearing en banc (Rehearing Pet. 4) and pursues only panel rehearing under Federal Rule of Appellate Procedure 40. The panel's decision is correct. Rehearing is not warranted.

### I. The Panel Correctly Concluded That Lee's Rule 60(b) Motion Was A Second Or Successive Motion For Relief Under 28 U.S.C. § 2255

A federal defendant has one full and fair opportunity to wage a collateral attack on his conviction by filing a motion under 28 U.S.C. § 2255. *See* Gov't Br. 25-26. A

5

Section 2255 motion must "specify all the grounds for relief available to the moving party." Rule 2, Rules Governing Section 2255 Proceedings.

A district court adjudicating a Section 2255 motion may deny a claim for relief raised in the motion—and avoid reaching the merits—on the basis of "procedural default," if the defendant failed to adequately raise the claim in prior proceedings, such as when a defendant fails to raise the claim on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Procedural default is a judge-made doctrine intended "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). A defendant can overcome a procedural default by showing cause and prejudice or actual innocence. *Bousley*, 523 U.S. at 622. In postconviction review proceedings under 28 U.S.C. § 2255, however, a defendant does not procedurally default a claim of ineffective assistance of trial counsel by failing to raise the claim on direct appeal. *Massaro*, 538 U.S. at 509.

A defendant may pursue a "second or successive motion" for relief under Section 2255 only if the court of appeals certifies that the motion raises a claim involving a new rule of constitutional law made retroactive on collateral review or newly-discovered evidence of innocence. 28 U.S.C. § 2255(h). A motion that is labelled a motion for relief under Federal Rule of Civil Procedure 60(b) is subject to these precertification requirements if in substance the motion qualifies as a second or successive motion for relief under Section 2255. Gov't Br. 24-25.

Appellate Case: 14-2853     Page: 10     Date Filed: 11/06/2015 Entry ID: 4334379

The Supreme Court's decision in *Gonzalez v. Crosby* defines the statutory dividing line between Rule 60(b) motions that qualify as second or successive Section 2255 motions and those that do not. Gov't Br. 27. A Rule 60(b) motion that attacks the "substance of the federal court's resolution of a claim on the merits" and "asks for a second chance to have the merits determined favorably" is a second or successive Section 2255 motion. *Gonzalez*, 545 U.S. at 532 & n.5. In other words, a Rule 60(b) motion is a second or successive motion if it asserts a new ground for relief under 28 U.S.C. § 2255 or "asserts that a previous ruling regarding one of those grounds was in error." *Id.* at 532 n.4. A Rule 60(b) motion is a second or successive Section 2255 motion, for example, if it asserts that a prior Section 2255 motion "omitted a claim of constitutional error" due to neglect and "seek[s] leave to present that claim," or of it "present[s] new evidence in support of a claim already litigated," *id.* at 531. On the other hand, a Rule 60(b) motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the" Section 2255 proceedings, should not be treated as a second or successive Section 2255 motion. *Id.* at 532. A Rule 60(b) motion attacks a defect in the integrity of the Section 2255 proceedings if it asserts error in a "ruling which precluded a merits determination," such as the denial of a Section 2255 motion on the basis of "procedural default" or a "statute-of-limitations bar." *Id.* at 532 n.4.

The panel correctly applied *Gonzalez* and concluded that Lee's Rule 60(b) motion qualified as a second or successive motion for relief under Section 2255. Lee

Appellate Case: 14-2853     Page: 11     Date Filed: 11/06/2015 Entry ID: 4334379

filed a Section 2255 motion for postconviction relief in 2006. *Lee*, 792 F.3d at 1022. In that motion, Lee claimed, among other things, that he received ineffective assistance of counsel because his trial lawyers did not adequately object to testimony about psychopathy. *Id.* at 1022; *see* Dkt. 1118, at 33-34. In 2008, the district court rejected this claim "on the merits." 792 F.3d at 1025. Lee's Rule 60(b) motion asserts the same claim but provides new argument and evidence in support of the claim. *Id.* at 1023.[2] Lee therefore attempts to "reopen a claim which had been raised in his initial habeas petition and decided by the district court." *Id.* Even assuming the lawyers who represented Lee in his initial Section 2255 motion were negligent in omitting the argument and evidence that he now presents in his Rule 60(b) motion, such an omission "does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 1024 (internal citations omitted). As the panel concluded, "[a]ny attempt [by Lee] to relitigate the merits denial" of his Section 2255 motion "would count as a second or successive petition subject to" the precertification requirements of 28 U.S.C. § 2255(h). 792 F.3d at 1025.

---

[2] In prior briefing, the government expressed its view that Lee's Rule 60(b) motion is best viewed as raising a new claim, but we argued that the motion is second or successive even if construed—as urged by Lee—as providing new argument or evidence in support of a claim previously raised. Gov't Br. 21, 29, 40. The panel accepted Lee's position that he had previously raised the claim and correctly concluded that the Rule 60(b) motion nonetheless is a second or successive Section 2255 motion. The government similarly accepts that position for purposes of this response.

8

Appellate Case: 14-2853    Page: 12    Date Filed: 11/06/2015 Entry ID: 4334379

## II. The District Court Did Not Decline To Consider The Merits Of Lee's Ineffective Assistance Claim Based On A Procedural Default

To avoid the gatekeeping requirements for second or successive Section 2255 motions, Lee contends that the district court previously denied the ineffective assistance claim asserted in his Rule 60(b) motion on the basis of procedural default. According to Lee, his Rule 60(b) motion attacks that procedural default determination. These arguments lack merit.

Lee had his one full opportunity to seek relief under 28 U.S.C. § 2255 and to raise any and all claims of ineffective assistance that he wished to pursue. Dkt. 1118, at 12-37. The district court did not decline to consider any of the ineffective assistance claims raised by Lee on the basis of procedural default, and had it done so, it would have run afoul of the Supreme Court's decision in *Massaro*. To the contrary, the court considered and rejected on the merits each of the claims asserted by Lee, including the claim that his trial lawyers were ineffective for failing to object to testimony about psychopathy during Dr. Cunningham's cross-examination. 2008 WL 4079315, at *47-*48. Lee's Rule 60(b) motion seeks to relitigate that merits determination and is therefore a second or successive motion for relief under Section 2255.

Lee characterizes (Rehearing Pet. 4-7) the district court's denial of his motion for reconsideration under Rule 59(e) as a denial of his ineffective assistance claim on the basis of procedural default, but that characterization is inapt. In Lee's Rule 59(e) motion, he attempted to provide additional support for an ineffective assistance claim

9

that the district court had previously rejected on the merits. The district court did not decline to consider the new support offered by Lee on the basis of a finding that Lee had procedurally defaulted that ineffective assistance claim. Rather, the district court denied the motion on two grounds. First, the court concluded that Lee's motion, to the extent it sought to provide new support for a claim of ineffective assistance already raised and denied, was a second or successive motion for relief under Section 2255. *Lee*, 2010 WL 5347174, at *5. Second, in the alternative, the court concluded that Lee was not entitled to reconsideration under Rule 59(e), which "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). The district court found that Lee did not "present[] anything that would require the Court to revisit a previously asserted claim, such as showing manifest errors of law or fact." 2010 WL 5347174, at *6. Most of the claims raised in the Rule 59(e) motion were "either reiterations of previous arguments or attempts to introduce new evidence or legal theories which could have been raised prior to the entry of judgment." *Id.*

Lee's reliance on *Martinez* and *Trevino* is therefore misplaced. Those decisions define the judge-made doctrine of procedural default, and in particular procedural default of claims of ineffective assistance of trial counsel. The district court did not decline to consider any ineffective assistance claim asserted by Lee on the basis of procedural default; rather, the court considered each of the ineffective assistance

10

Appellate Case: 14-2853     Page: 14     Date Filed: 11/06/2015 Entry ID: 4334379

claims asserted by Lee on the merits, and when Lee attempted to relitigate one of those claims, the court concluded that Lee was required to obtain precertification under 28 U.S.C. § 2255(h), and also that Lee was not entitled to reconsideration under Rule 59(e). Neither *Martinez* nor *Trevino* affect the statutory standards for determining whether a Rule 60(b) motion is a second or successive motion for relief subject to the precertification requirements of under 28 U.S.C. § 2255(h). Nor do those decisions define the permissible scope for reconsideration under Rule 59(e) or excuse non-compliance with Rule 59(e).

## III. The Panel's Decision Does Not Conflict With Authority From This Court Or Any Other Court Of Appeals

Lee contends (Rehearing Pet. 8-15) that the panel's "reasoning is at odds" with precedent from this Court and other courts of appeals. He is incorrect.

The cases cited by Lee that involve federal habeas review of state convictions under 28 U.S.C. § 2254, including this Court's unpublished decision in *Williams v. Delo*, No. 13-2058 (8th Cir. Sept. 23, 2013), are all inapposite. In those cases, state prisoners filed Section 2254 petitions and in their initial petitions adequately raised claims of ineffective assistance of trial counsel. The federal habeas court concluded that one or more of those ineffective assistance claims were procedurally defaulted, because the claims had not been adequately asserted in state proceedings, and therefore did not reach the merits of those claims. After the Supreme Court held in *Martinez* and *Trevino* that ineffective assistance of state collateral counsel may establish cause to overcome

11

Appellate Case: 14-2853    Page: 15    Date Filed: 11/06/2015 Entry ID: 4334379

procedural default of a claim of ineffective assistance of trial counsel, the state prisoners filed Rule 60(b) motions attacking the procedural default rulings of the federal habeas courts. The Rule 60(b) motions in those Section 2254 cases therefore asserted "that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as . . . procedural default." *Gonzalez*, 545 U.S. at 532 n.4. The Rule 60(b) motions in those cases therefore did not qualify as second or successive petitions under *Gonzalez*.

In contrast, in this case, the district court did not decline to address any claims of ineffective assistance of trial counsel that Lee asserted in his Section 2255 motion. To the contrary, the court addressed and rejected on the merits each of the numerous ineffective assistance claims raised by Lee in that motion. *Lee*, 2008 WL 4079315, at *8-*53. Lee's Rule 60(b) motion seeks to relitigate one of those claims and therefore is a second or successive motion for relief under Section 2255.

The only Section 2255 case cited by Lee, *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), also is inapposite. In that case, the defendant, through counsel, filed a Section 2255 motion claiming that he received ineffective assistance of counsel at sentencing. *Id.* at 847-49. After the district court denied the motion, Ramirez's postconviction counsel "did not inform Ramirez of the court's decision; he failed to file any postjudgment motions; and he failed to file a notice of appeal." *Id.* at 849. After the time to appeal had expired, Ramirez filed a Rule 60(b) motion seeking to vacate the district court's judgment. *Id.* The Seventh Circuit concluded that

12

Appellate Case: 14-2853     Page: 16     Date Filed: 11/06/2015 Entry ID: 4334379

"Ramirez's motion was not a disguised second or successive motion under section 2255" because "Ramirez [was] not trying to present a new reason why he should be relieved of either his conviction or sentence" but was "instead trying to reopen his existing section 2255 proceeding and overcome a procedural barrier to its adjudication." *Id.* at 850. The court in particular emphasized that "postconviction counsel abandoned Ramirez on appeal, thus depriving him of the opportunity to pursue his Sixth Amendment claims." *Id.*

*Ramirez* is consistent with cases drawing a distinction between abandonment by counsel and negligent omissions of counsel during postconviction proceedings. *Gonzalez* explained that an attack based on the omissions of collateral counsel "ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." 545 U.S. at 532 n.5. *Gonzalez* cited *Harris v. United States*, 367 F.3d 74 (2d Cir. 2004), as an example of a Rule 60(b) motion that "will of course qualify" as a second or successive application for collateral relief. 545 U.S. at 532. The defendant in *Harris* filed a Rule 60(b) motion seeking to raise two new claims of ineffective assistance of counsel on the grounds that his collateral counsel was negligent for failing to raise the claims in his initial Section 2255 motion. *Harris*, 367 F.3d at 78-79. According to the Second Circuit, collateral counsel's omissions, while arguably negligent, were not "so egregious and profound that they amount[ed] to the abandonment of the client's case altogether, either through physical disappearance, or constructive disappearance." *Id.* at 81-82 (internal

13

Appellate Case: 14-2853     Page: 17     Date Filed: 11/06/2015 Entry ID: 4334379

citations omitted). In light of *Gonzalez* and *Harris*, courts have concluded that omissions by postconviction counsel that fall short of abandonment, such as mere negligence in failing to raise a claim or arguments, do not go to the integrity of the proceedings, and therefore a Rule 60(b) motion seeking to cure those omissions is a second or successive motion for postconviction relief. *See Ward v. Norris*, 577 F.3d 925, 931-34 (8th Cir. 2009); *Franqui v. Florida*, 638 F.3d 1368, 1373 (11th Cir. 2011); *Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

In contrast to *Ramirez*, Lee does not—and cannot—contend that he was abandoned by the lawyers who represented him during the Section 2255 proceedings. Lee's experienced lawyers provided vigorous representation throughout those postconviction proceedings. A lawyer does not abandon his client merely by "omitting a colorable constitutional claim" in a habeas petition. *Towery v. Ryan*, 673 F.3d 933, 942 (9th Cir. 2012). Lee's reliance on *Ramirez* is therefore unavailing.

It is true that *Ramirez* contains language regarding the application of *Martinez* and *Trevino* in Section 2255 proceedings that, in the government's view, is incorrect. *See* 799 F.3d at 852-55. [3] The Seventh Circuit did not use *Martinez* and *Trevino* to

---

[3] *Martinez* and *Trevino* define procedural default of ineffective assistance of trial counsel claims raised by state prisoners in federal habeas proceedings under 28 U.S.C. § 2254. Because a federal defendant pursing postconviction relief under 28 U.S.C. § 2255 will not procedurally default a claim of ineffective assistance of trial counsel by failing to raise the claim on direct appeal, *Martinez* and *Trevino* will as a practical matter have no application in Section 2255 proceedings.

14

Appellate Case: 14-2853   Page: 18   Date Filed: 11/06/2015 Entry ID: 4334379

determine, however, whether Ramirez's Rule 60(b) motion was a second or successive Section 2255 motion. Instead, after first concluding that Ramirez's Rule 60(b) motion was not barred as a second or successive, only then the court looked to *Martinez* and *Trevino* for guidance to determine whether Ramirez was entitled to relief under Rule 60(b), *i.e.*, whether "extraordinary circumstances" justified reopening the judgment. In fact, the Seventh Circuit distinguished the panel's decision in this case on that basis, noting that this case "turned on an antecedent problem: [Lee's] motion under Rule 60(b) . . . was properly denied because it required precertification." *Id.* at 854. As a result, there is no conflict between the panel's decision and *Ramirez*, and the Seventh Circuit's decision does not support panel rehearing.

## CONCLUSION

For the foregoing reasons, Lee's petition for panel rehearing should be denied.

Respectfully submitted,

LESLIE R. CALDWELL
Assistant Attorney General

SUNG-HEE SUH
Deputy Assistant Attorney General

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1260
Washington, D.C. 20530
(202) 307-3766

November 6, 2015

15

Appellate Case: 14-2853   Page: 19   Date Filed: 11/06/2015 Entry ID: 4334379

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. 1260
Washington, D.C. 20530
(202)307-3766

16

Appellate Case: 14-2853      Page: 20      Date Filed: 11/06/2015 Entry ID: 4334379