# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

## No. 14-2853

UNITED STATES OF AMERICA,   )
                            )    (Capital Case)
     Appellee,           )
                            )
       vs.              )
                            )
DANIEL LEWIS LEE,        )
                            )
     Appellant         )

## APPELLANT'S MOTION FOR LEAVE TO FILE REPLY TO RESPONSE TO PETITION FOR REHEARING

Pursuant to Fed. R. App. P. 27, and Eighth Cir. R. 40A, appellant, Daniel Lewis Lee, respectfully requests leave to file a reply to the response to his petition for rehearing. Neither the Federal Rules of Appellate Procedure nor this Court's rules permit or prohibit a reply to a response to a petition for rehearing. However, under the Federal Rules, the party seeking relief typically has an opportunity to reply to any opposition to the relief being sought. *See, e.g.,* Fed. R. App. P. 28(c) (permitting reply brief). Indeed, Fed. R. App. P. 27 was amended in 1998 with section 27(a)(4) to allow a party who submits a motion to file

1

Appellate Case: 14-2853    Page: 1    Date Filed: 11/12/2015 Entry ID: 4336191

a reply to any response. *See* Fed. R. App. P. 27 Advisory Committee Notes, 1998 Amendments.

In the instant case, Mr. Lee seeks leave to file a reply to allow him to explain to the Court that the Government's response fails to properly characterize the Seventh Circuit's decision in *Ramirez v. United States*,[1] which clearly held that: (1) *Martinez v. Ryan*[2] and *Trevino v. Thaler*[3] apply to § 2255 proceedings;[4] (2) omissions by § 2255 counsel – and not merely "attorney abandonment" – can constitute a defect in the integrity of § 2255 proceedings;[5] and (3) under *Martinez* and *Trevino*, a 60(b) motion that addresses § 2255 counsel's omissions is *not* successive.[6] By not even acknowledging the holding of *Ramirez* and cases like it, the Government fails to address the fact that this panel's decision has created a split in the circuits. Moreover, the Government makes several assertions in its response that have no basis in law or are

---

[1] 799 F.3d 845 (7th Cir. 2015).

[2] 132 S. Ct. 1309 (2012).

[3] 133 S. Ct. 1911 (2013).

[4] 799 F.3d at 854.

[5] *Id.* at 851, 854.

[6] *Id.* at 850.

Appellate Case: 14-2853    Page: 2    Date Filed: 11/12/2015 Entry ID: 4336191

not supported by the record evidence in this case. Mr. Lee seeks an opportunity to respond to these inaccuracies.[7]

Granting this motion will not prejudice the Government. The Court received the Government's response on Friday, November 6, 2015. If leave is granted, Mr. Lee's reply, which is attached to this motion, will be filed immediately, less than a week after the Government's response was filed.

---

[7] The Government inaccurately asserted that the evidence of psychopathy was precluded by a motion in limine and only came in through cross-examination of a defense witness; in fact, the Government also introduced evidence of psychopathy on direct examination of its own expert, and the district court contemporaneously noted that all such evidence went far beyond what was contemplated by the motion in limine. See attached APPELLANT'S REPLY TO GOVERNMENT'S RESPONSE TO PETITION FOR REHEARING at n. 16.

Appellate Case: 14-2853    Page: 3    Date Filed: 11/12/2015 Entry ID: 4336191

WHEREFORE, Mr. Lee respectfully requests that the Court grant his request for leave to file the attached response to the reply to his petition for rehearing.

Respectfully submitted,

/s/Karl Schwartz
KARL SCHWARTZ
Bar # 38994 (PA)
Asst. Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6550
Karl_Schwartz@fd.org

/s/Morris Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Asst. Federal Public Defender
Federal Capital Habeas Project
Maryland Federal Defender
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

/s/George Kouros
GEORGE KOUROS
Bar #420813 (CT)
Asst. Federal Public Defender
Federal Capital Habeas Project
Maryland Federal Defender
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(301) 821-0855

Counsel for Mr. Lee
Dated: November 12, 2015

4

Appellate Case: 14-2853     Page: 4     Date Filed: 11/12/2015 Entry ID: 4336191

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2015, a copy of this Motion was served via this Court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

/s/ George Kouros
George Kouros

5

Appellate Case: 14-2853     Page: 5     Date Filed: 11/12/2015 Entry ID: 4336191

# Attachment:

## APELLANT'S REPLY TO GOVERNMENT'S RESPONSE TO PETITION FOR REHEARING

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## No. 14-2853

UNITED STATES OF AMERICA,    )
                                    )      (Capital Case)

    Appellee,               )

                                      )

       vs.                  )

                                      )

DANIEL LEWIS LEE,         )

                                      )

    Appellant              )

## APPELLANT'S REPLY TO GOVERNMENT'S RESPONSE TO PETITION FOR REHEARING

The Government can only avoid the conflict between the panel's opinion and the Seventh Circuit's holding in *Ramirez v. United States*,[1] by mischaracterizing *Ramirez*,[2] as well as the opinions of four other Circuit Courts of Appeals, on the issue of whether a 60(b) motion such as Mr. Lee's constitutes a "true" 60(b) motion. Not only does the Government misrepresent the holding in *Ramirez*, it simply ignores the contrary opinions of the Third, Fifth, Sixth and Ninth Circuits on this

---

[1] 799 F.3d 845 (2015).

[2] Hereafter cited as "GOV'T RESP."

Appellate Case: 14-2853    Page: 7    Date Filed: 11/12/2015 Entry ID: 4336191

issue. It is respectfully submitted that rehearing is warranted to avoid the circuit split occasioned by the panel's opinion in Mr. Lee's case.

The Government claims *Ramirez* is "inapposite" because it draws "a distinction between abandonment by counsel and negligent omissions of counsel during postconviction proceedings."[3] *Ramirez* drew no such distinction. While the Seventh Circuit certainly considered postconviction counsel's abandonment *on appeal,* the case turned on the fact that postconviction counsel committed the *same* negligent omission during the postconviction proceedings that Mr. Lee's postconviction counsel committed, i.e., failing to proffer evidence in support of a meritorious claim asserted in the § 2255 Motion.

In *Ramirez*, the relevant underlying Sixth Amendment claim was that trial counsel should have obtained Ramirez's prior state court convictions to show that those convictions did not qualify as "crimes of violence" for purposes of the "career offender" sentencing designation. Inexplicably, postconviction counsel did not proffer the evidence (i.e., the records of convictions) to support this claim, which led the district

---

[3] GOV'T RESP. at 13.

Appellate Case: 14-2853    Page: 8    Date Filed: 11/12/2015 Entry ID: 4336191

court to deny the § 2255 motion on the merits.[4] The Seventh Circuit highlighted the fact that postconviction counsel committed the very same *omission* that trial counsel committed, without the slightest suggestion that either omission constituted abandonment: "When Ramirez sought to remedy these failures in a motion under section 2255, *postconviction counsel failed to remedy that critical omission*[.]"[5] It was this omission – the failure to proffer the relevant proof during the § 2255 proceedings – that precluded meaningful review of Ramirez's

---

[4] *Ramirez*, 799 F.3d at 849 (noting that district court denied § 2255 motion because "Ramirez (still) had not produced any documents to show that he had been convicted of *reckless* assault and thus had not shown that he was prejudiced by [trial] counsel's omission.") (emphasis in original).

[5] *Id.* at 850 (emphasis added). As the Seventh Circuit noted in its opinion, after trial counsel failed to obtain the relevant state court documents, he sought to withdraw from the appeal under *Anders v. California*, 386 U.S. 738 (1967), but the Court rejected that motion on the ground that a colorable challenge to Ramirez's career-offender classification existed. 799. F.3d at 848. Now acting as appellate counsel, trial counsel "never obtained the relevant records from the Texas courts, however, and so the appeal failed for lack of proof. When Ramirez sought to remedy these failures in a motion under section 2255, postconviction counsel failed to remedy that critical omission, despite the central role that it had played in our disposition of the direct appeal." *Id.* at 850.

3

Appellate Case: 14-2853    Page: 9    Date Filed: 11/12/2015 Entry ID: 4336191

underlying Sixth Amendment claim, and for which the Seventh Circuit held that *Trevino v. Thaler*[6] and *Martinez v. Ryan*[7] provided a remedy.

The Government's claim that the Seventh Circuit's opinion was driven by postconviction counsel's abandonment of his client on appeal – and not the actual omission of relevant evidence in the § 2255 proceeding – is contradicted by the remedy afforded Mr. Ramirez. Rather than reinstate the appeal – which would have been the remedy for abandonment on appeal – the Seventh Circuit remanded the case to the district court with instructions to *re-open the § 2255 proceedings*,[8] thus allowing Ramirez to proffer the evidence in support of the formerly denied claim in order to remedy the *omission* by postconviction counsel that precluded meaningful review of his Sixth Amendment claim in the first place.[9]

---

[6] 569 U.S. ___, 133 S. Ct. 1911 (2013).

[7] 566 U.S. ___, 132 S. Ct. 1309 (2012).

[8] 799 F.3d at 856.

[9] The Seventh Circuit's choice of remedy clearly reflects its understanding that the defect in the integrity of the proceedings originated in the district court with postconviction counsel's evidentiary omission, and not simply when postconviction counsel failed to pursue an appeal.

4

Appellate Case: 14-2853    Page: 10    Date Filed: 11/12/2015 Entry ID: 4336191

The *Ramirez* opinion thus also rebuts the Government's contention that *Martinez* and *Trevino* provide no remedy where a district court decides a Sixth Amendment claim "on the merits."[10] In *Ramirez,* the district court reached the merits of the Sixth Amendment claim and denied it because it lacked evidentiary support.[11] But as the Seventh Circuit noted, that failure of proof on the Sixth Amendment claim was directly attributable to postconviction counsel's negligent omission.[12] Thus, Ramirez did not receive a "meaningful opportunity to present" his Sixth Amendment claim.[13] Even the Government concedes in its Response that *Martinez* and *Trevino* apply where "claims had not been *adequately* asserted in state proceedings," even if the claims had been facially asserted.[14] That is *precisely* the harm that *Martinez* and *Trevino* were designed to address: an initial-review collateral proceeding that is "undertaken with ineffective counsel" and is

---

[10] GOV'T RESP. at 10-11.

[11] *Id*. at 849.

[12] *Id*. at 850.

[13] *Trevino*, 133 S. Ct. at 1921.

[14] GOV'T RESP. at 11 (emphasis added).

Appellate Case: 14-2853    Page: 11    Date Filed: 11/12/2015 Entry ID: 4336191

therefore not "sufficient to ensure that proper consideration was given to a substantial [Sixth Amendment] claim."[15]

The same is true of Mr. Lee's case: the District Court's "merits determination" of his Sixth Amendment claim was rooted in its "difficult[y] [in] see[ing] how any additional objection that Petitioner's counsel could have made to [the experts'] testimony could have altered the outcome."[16] Of course the District Court could not see what was not presented. Its "merits determination" was attributable to postconviction counsel's evidentiary omission as evinced by the District Court's

---

[15] *Martinez*, 132 S. Ct. at 1318.

[16] *United States v. Lee*, No. 4:06-CV-1608-GTE, 2008 U.S. Dist. LEXIS 109771 at *145-147 (E.D. Ark. Aug. 28, 2008) (memorandum opinion denying § 2255 motion). The record contradicts the Government's assertion that the Government's expert, Dr. Ryan, did not testify about psychopathy. GOV'T RESP. at 1-2 n.1. Dr. Ryan testified that he administered a diagnostic instrument to Mr. Lee that allegedly measures psychopathy, as well as the manner in which he scored the results of that instrument. Trial Tr. at 7949-50. And as the district court contemporaneously noted in a post-trial ruling, despite the motion in limine that it had granted, the Government was able to elicit through the defense expert, Dr. Cunningham, the fact that Dr. Ryan had diagnosed Mr. Lee as a "psychopath," as well as the basis for Dr. Ryan's diagnosis. *United States v. Lee*, 89 F. Supp. 2d 1017, 1026 (E.D. Ark. Mar. 21, 2000) (memorandum opinion and order on motion for new trial). As the district court acknowledged to counsel at the conclusion of Dr. Cunningham's testimony: "I am convinced that I probably permitted the government to go much farther than is proper." Trial Tr. at 7836.

Appellate Case: 14-2853    Page: 12    Date Filed: 11/12/2015 Entry ID: 4336191

subsequent order on the Rule 59 motion: after being belatedly presented with the evidence of the meritorious objections trial counsel could have made that established the "expert" psychopathy testimony was false, the District Court stated that it might have granted an evidentiary hearing had that evidence been timely presented, but it was barred from considering it at the Rule 59 stage in light of the prevailing procedural rule of the Circuit Court.[17] Thus, it is clear that: 1) Mr. Lee was deprived of a "meaningful opportunity to present" his Sixth Amendment claim in exactly the same way as in *Ramirez*, and 2) but for postconviction counsel's ineffectiveness, Mr. Lee would have received "proper consideration" of that claim. As in *Ramirez*, Mr. Lee's 60(b) motion is an appropriate vehicle to address that defect in the integrity of the § 2255 proceedings.[18]

---

[17] *United States v. Lee*, No. 4:06-CV-1608-GTE, 2010 U.S. Dist. LEXIS 145997 at *14-15 (E.D. Ark. Dec. 22, 2010) (order denying motion for reconsideration).

[18] The Government incorrectly claims that Mr. Lee's 60(b) motion is successive because it asserts the same Sixth Amendment claim for sentencing relief that was alleged in his § 2255 motion. GOV'T RESP. at 8. Mr. Lee's 60(b) motion does not raise a claim for *sentencing* relief; granting it would not vacate his death sentence. Rather, as in *Ramirez*, the 60(b) motion asks that the § 2255 proceeding be re-opened so that Mr. Lee can overcome the previously-imposed default that barred the

Appellate Case: 14-2853     Page: 13     Date Filed: 11/12/2015 Entry ID: 4336191

The Government also incorrectly claims that the "Seventh Circuit did not use *Martinez* and *Trevino* to determine … whether Ramirez's Rule 60(b) motion was a second or successive Section 2255 motion."[19] But the Seventh Circuit did just that, finding that after *Martinez* and *Trevino,* the defect of ineffective assistance of postconviction counsel is a proper basis for a Rule 60(b) motion, consistent with *Gonzalez v. Crosby*.[20] The movant in *Ramirez* argued that "the district court incorrectly relied on *Coleman*'s absolute rule that counsel's performance on a postconviction motion can never justify relief from a judgment [under Rule 60(b)], rather than on *Trevino* and *Martinez*."[21] In resolving that issue, the Seventh Circuit cited to the opinions of two other circuits which concluded that under *Martinez* and *Trevino*, a Rule 60(b) motion that asserts that postconviction counsel's ineffectiveness resulted in a defect in the integrity of the proceedings is, in fact, a "true" 60(b)

---

consideration of his untimely evidence and precluded meaningful review of his substantial Sixth Amendment claim.

[19] GOV'T RESP. at 14-15.

[20] 545 U.S. 524 (2005).

[21] 799 F.3d at 849.

Appellate Case: 14-2853    Page: 14    Date Filed: 11/12/2015 Entry ID: 4336191

motion.[22] The Court's analysis also dispenses with the Government's oft-repeated argument that *Martinez* and *Trevino* have no relevance to § 2255 proceedings.[23]

Indeed, the Government simply glosses over the opinions of the Third,[24] Fifth,[25] Sixth,[26] and Ninth Circuits[27] as "inapposite" because they concern federal review of state convictions.[28] But as the *Ramirez* court explained, this is a distinction without a difference – there is no

---

[22] 799 F.3d at 850 (citing *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014), and *Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012)).

[23] *See id.* at 854 ("Neither *Martinez* nor *Trevino* suggested that, for these purposes, the difference between sections 2254 and 2255 was material. [] Moreover, if review were to be more restricted on either the state or the federal side, federalism concerns suggest that it would be the state side.")

[24] *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014) (remanding to district court for determination of 60(b) motion on the merits, implicitly finding jurisdiction to hear the motion).

[25] *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012). *See also Clark v. Stephens*, 2015 U.S. App. LEXIS 17396, *8-*9 (5th Cir. Oct. 1, 2015) (reasonable jurists could debate whether federal habeas proceeding was defective under Rule 60(b) even though the defect was, per *Gonzalez*, an "omission" by habeas counsel).

[26] *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013) (deciding 60(b) motion on the merits, implicitly finding jurisdiction to hear the motion).

[27] *Cook v. Ryan*, 688 F.3d 598, 608 (9th Cir. 2012).

[28] GOV'T RESP. at 11.

Appellate Case: 14-2853     Page: 15     Date Filed: 11/12/2015 Entry ID: 4336191

principled reason for why *Trevino* and *Martinez* should be applied any differently in the context of federal convictions rather than state convictions.[29]

---

[29] 799 F.3d at 854 ("Most of the rules that govern petitions under section 2254 are mirrored in section 2255, including importantly the procedure for handling second or successive petitions. We can think of no reason why *Martinez* and *Trevino* should be read in the way the government advocates.")

10

Appellate Case: 14-2853     Page: 16     Date Filed: 11/12/2015 Entry ID: 4336191

CONCLUSION

WHEREFORE, Mr. Lee respectfully requests that the Court grant

his Petition for Rehearing.

Respectfully submitted,

/s/Karl Schwartz
KARL SCHWARTZ
Bar # 38994 (PA)
Asst. Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6550
Karl_Schwartz@fd.org

/s/Morris H. Moon
MORRIS H. MOON
Bar # 24032750 (TX)
Asst. Federal Public Defender
Federal Capital Habeas Project
Maryland Federal Defender
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org

/s/George Kouros
GEORGE KOUROS
Bar #420813 (CT)
Asst. Federal Public Defender
Federal Capital Habeas Project
Maryland Federal Defender
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(301) 821-0855
George_Kouros@fd.org

Counsel for Mr. Lee
Dated: November 12, 2015

11

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2015, a copy of this Motion was served via this Court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov


/s/ George Kouros
GEORGE KOUROS

Appellate Case: 14-2853    Page: 18    Date Filed: 11/12/2015 Entry ID: 4336191